1  Amanda C. Sommerfeld (SBN 185052)
   asommerfeld@jonesday.com
2  JONES DAY
   555 South Flower Street, Fiftieth Floor
3  Los Angeles, CA 90071.2300
   Telephone:  +1.213.489.3939
4  Facsimile:  +1.213.243.2539

5  Marnie Phillips (SBN 319379)
   marniephillips@jonesday.com
6  JONES DAY
   555 California St., 26th Floor
7  San Francisco, CA 94104
   Telephone:  +1.415.875.5861
8  Facsimile:  +1.415.875.5700

9  Scott Morrison (SBN 320167)
   scottmorrison@jonesday.com
10 JONES DAY
   4655 Executive Drive, Suite 1500
11 San Diego, CA 92121
   Telephone:  +1.858.314.1200
12 Facsimile:  +1.844.345.3178

13 Patricia T. Stambelos (SBN 166998)
   patricia@patriciastambelos.com
14 STAMBELOS LAW OFFICE
   543 Country Club Drive, Suite B209
15 Simi Valley, CA 93065
   Telephone:  +1.805.578.3474
16 Facsimile:  +1.805.994.0199

17
   Attorneys for Defendant
18 SKYWEST AIRLINES, INC.

19
20                    UNITED STATES DISTRICT COURT
21                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 22  **GREGORY HOROWITZ, on behalf of himself and all others similarly situated** | Case No. |
| 23              **Plaintiff,** | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332(a), 1332(d)(2), 1441, AND 1446** |
| 24       v. | |
| 25  **SKYWEST AIRLINES, INC., a Utah corporation; and DOES 1 through 10, inclusive,** | [Diversity & CAFA Jurisdiction] |
| 26 | |
| 27              **Defendants.** | |
| 28 | |

PLEASE TAKE NOTICE THAT Defendant SkyWest Airlines, Inc. ("SkyWest") hereby removes this matter from the Alameda Superior Court to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446. The grounds for removal are as follows:

## Claims Asserted in Complaint

1. On March 22, 2021, plaintiff Gregory Horowitz ("Plaintiff) filed a complaint for damages against SkyWest in Alameda County Superior Court, Case No. RG21092756, entitled *Gregory Horowitz, et al. v. SkyWest Airlines, Inc., et al.* (the "Complaint"). In the Complaint, Plaintiffs assert claims for: (1) failure to pay minimum wages; (2) unpaid overtime; (3) unpaid meal period premiums; (4) unpaid rest period premiums; (5) failure to reimburse business expenses; (6) failure to provide accurate itemized wage statements; (7) waiting time penalties; and (8) unfair business practices. *See generally* Compl.

2. On May 10, 2021, Plaintiff filed a First Amended Complaint adding claims for civil penalties under the California Private Attorneys General Act ("PAGA") for: (9) failure to provide minimum and overtime wages; (10) failure to provide meal periods; (11) failure to authorize and permit paid rest periods; (12) failure to reimburse business expenses; (13) failure to provide accurate itemized wage statements; and (14) failure to timely pay wages due upon separation of employment. *See generally* First Am. Compl. ("FAC").

3. Plaintiff purports to represent the following Class:

> All Defendants' California-based Pilots, at any time during the four years before the filing of this Complaint through the date of trial. FAC at ¶ 13.

4. Plaintiffs seek damages, unpaid wages, statutory penalties, civil penalties, injunctive relief, and attorneys' fees. *See* FAC at Prayer for Relief.

## Compliance with Statutory Requirements

5. On May 18, 2021, Plaintiff served SkyWest with the Summons and FAC. Plaintiff did not serve SkyWest with the initial Complaint. SkyWest's removal of this action is therefore timely because it filed the instant Notice of Removal within 30 days of the date Plaintiff served it with the pleading setting forth a claim for relief. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1). In

1  accordance with 28 U.S.C. § 1446(a), copies of the entire state court record and docket sheet are
2  attached to this Notice of Removal as **Exhibit A**.

3        6.      Under 28 U.S.C. § 1446(d), SkyWest will provide written notice of removal of this
4  action to Plaintiffs' counsel and will promptly file a copy of this Notice of Removal and the
5  necessary, attendant documents with the Clerk of the Alameda Superior Court.  A copy of
6  Defendants' Notice to State Court and Adverse Party of Removal from State Court to the United
7  States District Court of the Northern District of California (without exhibits) is attached to this
8  Notice of Removal as **Exhibit B**.

9                                   **Intradistrict Assignment**

10        7.      Plaintiffs filed this case in the Superior Court of California, County of Alameda;
11  therefore, this case may properly be removed to the San Francisco or Oakland Divisions of the
12  Northern District of California.  28 U.S.C. § 1441(a); L.R. 3-2(d).

13                                     **Jurisdiction—Diversity**

14        8.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §
15  1332(a) because this is an action between "citizens of different States" and the "matter in
16  controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

17        9.      **Plaintiff And Defendant Are Citizens Of Different States**

18        10.      In this matter, diversity of citizenship exists because Plaintiffs and SkyWest are
19  citizens of different states.  *See* 28 U.S.C. § 1332(d)(2).  Plaintiff is a citizen of California,
20  specifically, a resident of Los Angeles. Compl. ¶ 5. SkyWest, on the other hand, is a Utah
21  corporation with its principal place of business in St. George, Utah.  *See* 28 U.S.C. § 1332(c)(1);
22  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (holding that a corporation's principal place of
23  business is its "nerve center," which will normally be where it maintains its headquarters).
24  SkyWest's headquarters and executive officers are located in St. George, Utah.  Thus, SkyWest is
25  a citizen of Utah for diversity-jurisdiction purposes.

26        11.      All other defendants listed in the caption are fictitious defendants who are ignored
27  for the purposes of a diversity analysis. 28 U.S.C. § 1441(b)(1).

28        12.      Because Plaintiff is a citizen of California and SkyWest is a citizen of Utah,

complete diversity exists between Plaintiff and SkyWest. 28 U.S.C. § 1332(a)(1).

13.     **The Amount In Controversy Exceeds $75,000**

14.     Although SkyWest does not concede liability in any way, Plaintiff's claim in this action place in controversy an amount in excess of the $75,000 jurisdictional minimum. *See* 28 U.S.C. § 1332; *see also Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

15.     In his FAC, Plaintiff does not allege a specific dollar amount in damages. However, he does assert that he is entitled to unpaid minimum and overtime wages, meal- and rest-period premiums, statutory penalties for non-compliant wage statements and failure to pay wages upon separation, civil penalties under the Private Attorneys General Act ("PAGA"), pre-judgment interest, reasonable attorneys' fees and costs, and injunctive relief. *See* FAC Prayer for Relief.

16.     <u>Seventh Cause of Action: Failure to Timely Pay Wages Due at Separation</u>: Plaintiff's seventh cause of action seeks waiting time penalties under California Labor Code § 203 for SkyWest's alleged willful failure to pay him his earned wages, meal premiums, and rest premiums upon his separation. FAC at ¶¶ 49–54, 63–67. Plaintiff's block-time rate at the time of his separation was $109.26.[1] This places approximately **$26,222.40** in controversy.[2]

17.     <u>Sixth Cause of Action: Failure to Provide Accurate Wage Statements</u>: Plaintiff's sixth cause of action seeks statutory penalties under California Labor Code § 226(e) for SkyWest's alleged failure to comply with Labor Code § 226(a) by, among other things, failing to provide wage statements showing "the name of the legal entity that is the employer." FAC ¶ 60. Because this theory of liability is non-derivative, Plaintiff alleges that *every* <u>w</u>age statement he received did not comply with the law. For these alleged violations, Plaintiff seeks to recover "the great of actual damages *or* penalties not to exceed $4,000 . . . ." FAC ¶ 62. Based on the length of Plaintiff's employment and the frequency of his wage statements, Plaintiff received enough wage statements during the limitations period to meet the cap. Thus, the amount in controversy for this

---

[1] Plaintiff alleges that his block-time rate was his hourly rate. FAC ¶ 32.
[2] $109.26 per hour x 8 hours per day x 30 days = $26,222.40

claim is **$4,000**.

18.  Fourth Cause of Action: <u>Failure to Provide Required Rest Periods</u>: Plaintiff alleges that SkyWest failed to authorize and permit him to take a paid, 10-minute rest period for every four hours or major fraction worked per day, and by failing to provide premium wages at the regular rate of pay when not permitted or authorized. FAC ¶ 52–54. California law requires rest periods to be completely off-duty such that employees cannot even be on-call. *Augustus v. ABM Sec. Servs., Inc.*, 385 P.3d 823, 834 (Cal. 2016). Under federal law, Plaintiff was required to be on-call at all times in flight. Thus, assuming a 100% violation rate for every day that Plaintiff flew during the limitations period, the amount in controversy for this claim is approximately **$34,485.31**.[3]

19.  Third Cause of Action: <u>Failure to Provide Required Meal Periods</u>: Plaintiff alleges, at least, that SkyWest failed to "provide duty-free meal periods of at least thirty (30) minutes for shifts of five hours or more." FAC ¶ 50. California law requires that employees be free to leave the premises for a meal period to comply with the law. *See Brinker Rest. Corp. v. Superior Court*, 273 P.3d 513, 534 (Cal. 2012). Pilots are not free to leave the premises while in flight. Based on a review of a sample of Plaintiff's flight history, it is reasonable to estimate that half of his flight days were longer than 5 hours. And assuming a 100% violation rate for those days because pilots are not free to leave the premises, the amount in controversy for this claim is approximately **$17,242.66**.

20.  Second Cause of Action: <u>Failure to Pay Overtime Wages</u>: Plaintiff alleges that SkyWest failed to pay him overtime except "during certain categories of flights, including flights scheduled on a pilot's scheduled day off, flights piloted before or after scheduled duty times, and flights for which [he] volunteered when the flight was still unpicked 120 hours before the report for duty time." FAC ¶ 34. Thus, he alleges, he was not compensated at overtime rates on all other days in which his work time exceeded 8 hours, or weeks in which his work time exceeded 40

---

[3] Plaintiff flew approximately 45 days at a rate of $36.50; 13 days at a rate of $37.23; 26 days at a rate of $41.53; 203 days at a rate of $51.17; 203 days at a rate of $60.50; 21 days at a rate of $61.41; and 67 days at a rate of $109.26. Plaintiff alleges entitlement to a one-hour rest period premium for each day that he did not receive a compliant rest period.

- 5 -                      Case No.
                    DEFENDANT'S NOTICE OF REMOVAL

hours. *Id.* Assuming that Plaintiff worked one hour of overtime per week, the amount placed in controversy is approximately **$13,920.66**.[4] Cases routinely find that 1 hour of overtime per week is a reasonable assumption. *See Patel v. Nike Retail Servs., Inc.* 58 F. Supp. 3d 1032, 1042 (N.D. Cal. 2014) (finding appropriate the assumption that each class member is owed one hour of overtime compensation per week where the complaint alleged overtime violations occurred "regularly"); *Oda v. Gucci Am., Inc.*, No. 2:14-cv-07469-SVW, 2015 WL 93335, at *4 (C.D. Cal. Jan. 7, 2015) (finding reasonable an assumed violation rate of one hour of overtime per week where the plaintiffs asserted the defendant "sometimes" failed to pay overtime); *Ray v. Wells Fargo Bank, N.A.*, No. CV 11-01477 AHM JCX, 2011 WL 1790123, at *7 (C.D. Cal. May 9, 2011) (finding reasonable the defendant's estimate of one hour of unpaid overtime per week for each class member where the complaint alleged 'consistent' unpaid overtime work).

21. The amount placed in controversy by Plaintiff's second, third, fourth, sixth, and seventh causes of action is approximately **$95,871.03**.

22. This approximation does not take into account Plaintiff's first claim for failure to pay minimum wages, fifth claim for unreimbursed expenses, or attorney's fees. Accordingly, the true amount set in controversy by Plaintiff's claims far exceeds the jurisdictional threshold of $75,000.

---

[4] Pilots are paid twice a month. For purposes of calculating the amount in controversy for this claim, SkyWest assumes that each pay period = two weeks

1. ($36.50/hour) x 1.5 overtime rate x (7 pay periods at that rate) x (2 weeks per pay period) = **$766.50**
2. ($37.23/hour) x 1.5 overtime rate x (2 pay periods at that rate) x (2 weeks per pay period) = **$223.38**
3. ($41.53/hour) x 1.5 overtime rate x (4 pay periods at that rate) x (2 weeks per pay period) = **$498.36**
4. ($51.17/hour) x 1.5 overtime rate x (26 pay periods at that rate) x (2 weeks per pay period) = **$3,991.26**
5. ($60.50/hour) x 1.5 overtime rate x (28 pay periods at that rate) x (2 weeks per pay period) = **$5,082**
6. ($61.41/hour) x 1.5 overtime rate x (4 pay periods at that rate) x (2 weeks per pay period) = **$736.92**
7. ($109.26/hour) x 1.5 overtime rate x (8 pay periods at that rate) x (2 weeks per pay period) = **$2,622.24**
8. $766.50 + $223.38 + $498.36 + $3,991.26 + $5,082.00 + $736.92 + $2,622.24 = **$13,920.66**.

**Jurisdiction—CAFA Jurisdiction**

23. This Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub L. No. 109-2, 119 Stat. 14 ("CAFA")). Under Section 1332(d), federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); and (3) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100, 28 U.S.C. § 1332(d)(2), (5)(B). All requirements are satisfied in this case.

**Plaintiffs and Defendant are Citizens of Different States**

24. As previously alleged, Plaintiff and SkyWest are citizens of different states. *See supra* ¶ 12.

**The Amount in Controversy Exceeds $5,000,000**

25. Though SkyWest concedes neither liability on Plaintiff's claims nor the propriety or breadth of the purported Class as alleged by Plaintiff, the Complaint places in controversy a sum greater than $5,000,000. *See generally* FAC.; 28 U.S.C. § 1332(d). Plaintiff seeks to recover unpaid overtime, meal and rest period premium pay, statutory waiting time penalties, statutory wage statement penalties, civil penalties under PAGA, and attorneys' fees on behalf of themselves and each of the purported class members. *See generally* FAC.

26. Plaintiff seeks to represent a class consisting of:

> All Defendants' California-based Pilots, at any time during the four years before the filing of this Complaint through the date of trial.

27. There are 2,059 Pilots within this group.

28. The aggregate amount in controversy based on Plaintiff's claims on behalf of the putative class exceeds the amount-in-controversy threshold of $5,000,000 necessary to establish CAFA jurisdiction as follows:

29. <u>Seventh Cause of Action: Failure to Timely Pay Wages Due at Separation</u>: Plaintiff's seventh cause of action seeks waiting time penalties under California Labor Code §

203 for SkyWest's alleged willful failure to pay earned wages, meal premiums, and rest premiums to class members who are no longer employed by SkyWest. FAC at ¶¶ 49–54, 63–67. Based on data available to SkyWest, 447 pilots have ended their employment with SkyWest during the relevant three-year limitations period. *See* CAL. LAB. CODE § 203(b); *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010) ("[W]e conclude there is but one reasonable construction: section 203(b) contains a single, three-year limitations period governing all actions for section 203 penalties . . . ."). Because Plaintiff alleges that SkyWest's policies and practices result in unpaid minimum and overtime and meal and rest period premiums, SkyWest assumes for purposes of calculating the amount set in controversy by this claim that all 447 of these California-based Pilots are entitled to at least one of the above categories of unpaid wages. And because Plaintiff alleges that he and the Class have not yet been paid these due and owing amounts, SkyWest assumes a maximum-duration penalty of 30 days. Consequently, assuming *some* amount of unpaid wages is owed to each former putative class member, this claim puts into controversy approximately **$4,827,600**.[5] This amount is calculated based on an hourly rate of $45.00, which is the lowest credit hourly rate provided to pilots under the operative collective bargaining agreement. *See* Decl. of Aric Arnold ¶ 6, Exh. A at p. 3027.4. This calculation underestimates the amount in controversy for this claim because it assumes the lowest credit hourly rate for the entire class.

30. <u>Sixth Cause of Action: Non-Compliant Wage Statements</u>: Plaintiffs' sixth cause of action seeks wage-statement penalties for allegedly non-compliant wage statements under California Labor Code § 226. FAC at ¶¶ 58–62. Plaintiffs allege that "Defendants knowingly failed to comply with these provisions by, among other things, failing to provide accurate itemized wage statements showing total number of hours worked and the name of the legal entity that is the employer. Because Defendants failed to compensate Plaintiff and members of the Plaintiff Class for all hours worked and for any non-compliant meal or rest periods, the itemized wage statements provided by Defendants to Plaintiff and other members of the Plaintiff Class were inaccurate." FAC at ¶ 60. Because Plaintiff alleges that the wage statements failed to

---

[5] ($45.00/hour) x (8 hours/day) x (30 days) x (447 former pilots) = **$4,827,600**.

identify the name of the legal entity that employed Plaintiffs and class members—something independent of a specific employee's purported wage and premium inaccuracies—SkyWest assumes for purposes of calculating the amount put into controversy by this claim that all wage statements during the relevant limitations period (from March 22, 2020, forward), *see Falk v. Children's Hospital Los Angeles*, 237 Cal. App. 4th 1454, 1469 (2015) (applying one-year limitations period to a wage-statement claim), were allegedly non-compliant.

31. SkyWest has, on average, 846 pilots based in California during any given month during the limitations period. Pilots get paid twice a month, and 30 wage statements have been issued during the one-year limitations period, which began on March 22, 2020. As of November 30, 2021, 41 wage statements will have issued, capping out the wage statement claim for those 846 pilots. This claim therefore places in controversy an amount of **at least $3,384,000.**[6]

32. Between Plaintiff's claims for waiting time penalties and inaccurate wage statements alone, the amount put in controversy by Plaintiff's allegations is approximately **$8,211,600**. This amount would, of course, increase significantly after calculating the amount in controversy by Plaintiff's claims for unpaid minimum wages and overtime, unpaid meal premiums, unpaid rest premiums, and unreimbursed business expenses.

33. This dispute plainly exceeds the minimum amount-in-controversy requirement for jurisdiction pursuant to CAFA.

### Number of Proposed Class Members

The number of putative class members in the aggregate well exceeds 100. 28 U.S.C. § 1332(d)(5)(B). Here, the putative class includes at least 2,059 members.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[6] $4,000 x 846 pilots = $3,384,000.

WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior Court of the State of California, County of San Francisco.

Dated: June 17, 2021

Respectfully submitted,

Jones Day

By: */s/ Amanda Sommerfeld*
    Amanda C. Sommerfeld

Counsel for Defendant
SKYWEST AIRLINES, INC.