# EXHIBIT A

24003900

**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
ikhoury@cklaw.com
Michael D. Singer (SBN 115301)
msinger@cklaw.com
Jeff Geraci (SBN 151519)
jgeraci@cklaw.com
Rosemary C. Khoury (SBN 331307)
rkhoury@cklaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone:    (619) 595-3001
Facsimile:    (619) 595-3000

**DAVTYAN LAW FIRM, INC.**
Emil Davtyan (SBN 238608)
support@davtyanlaw.com
880 E. Broadway
Glendale, CA 91205
Telephone:    (818) 875-2008
Facsimile:    (818) 722-3974

Attorneys for Plaintiff Gregory Horowitz, on behalf of himself
and all others similarly situated

**FILED**
ALAMEDA COUNTY

MAR 22 2021

CLERK OF THE SUPERIOR COURT
By _____
Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| GREGORY HOROWITZ, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC., a Utah Corporation; and DOES 1 Through 10, inclusive,<br><br>Defendants. | Case No. **RG21092756**<br><br>**CLASS ACTION COMPLAINT and JURY DEMAND**<br><br>**1. FAILURE TO PAY MINIMUM WAGES (Labor Code §§ 1194 and 1194.2, and IWC Wage Order 9-2001, § 4)**<br><br>**2. FAILURE TO PAY OVERTIME WAGES (Lab. Code §§ 510 and 1194, and IWC Wage Order 9-2001, § 3)**<br><br>**3. FAILURE TO PROVIDE MEAL PERIODS (Lab. Code §§ 226.7 and 512, and IWC Wage Order 9-2001, § 11)**<br><br>**4. FAILURE TO AUTHORIZE OR PERMIT PAID REST PERIODS (Lab. Code § 226.7 and IWC Wage Order 9-2001, § 12)** |

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

5. **FAILURE TO REIMBURSE BUSINESS EXPENSES (Lab. Code § 2802)**

6. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (Lab. Code §§ 226 and 1174)**

7. **FAILURE TO TIMELY PAY WAGES DUE AT SEPARATION (Lab. Code §§ 201-203)**

8. **VIOLATIONS OF THE UNFAIR COMPETITION LAW (Bus. & Prof. Code §§ 17200, *et seq.*)**

**DEMAND FOR JURY TRIAL**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## NATURE OF CLAIM

1.      Plaintiff GREGORY HOROWITZ ("Plaintiff") brings this action on behalf of himself and a proposed Class of all California-based Pilots against Defendant SKYWEST AIRLINES, INC. ("SkyWest") and Does 1 through 10 (collectively, "Defendants") for unlawful employment policies that denied, and continue to deny, proposed Class Members the wages and benefits to which they are lawfully entitled.

2.      Plaintiff, on behalf of himself and all Class Members, brings this action pursuant to Labor Code sections 201. 202. 203, 226, 226.7, 510, 512, 1174, 1194, 1194.2. and 2802; Industrial Welfare Commission ("IWC") Wage Order 9-2001 sections 3, 4, 11, and 12; and Business and Professions Code sections 17200 *et seq.*, seeking unpaid wages, liquidated damages, equitable relief, prejudgment interest, reasonable attorneys' fees and costs, and any other relief this Court deems proper.

## PARTIES

3.      Plaintiff GREGORY HOROWITZ is a resident of Los Angeles, California. Plaintiff worked as a Pilot for Defendant while based at Los Angeles International Airport ("LAX") for over four years until his employment ended in August of 2020.

4.      Defendant SKYWEST AIRLINES, INC. ("SkyWest") is a corporation registered in Utah and doing business throughout the State of California. SkyWest operates through partnerships with United Airlines, Delta Air Lines, American Airlines, and Alaska Airlines and carried more than 21 million passengers in 2020. SkyWest has a fleet of over 450 aircrafts which carry passengers to 236 destinations throughout North America.

5.      Does 1 through 10, inclusive, are persons or entities whose true names and identities are now unknown to Plaintiff, and who are sued by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when known. Plaintiff is informed and believes each of Doe defendant is the agent, representative, or parent or subsidiary corporation of SkyWest, is responsible in some manner for the occurrences, events. transactions, and injuries alleged, and that harm suffered by Plaintiff and the proposed Class was proximately caused by them in addition to SkyWest.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

6.     Plaintiff is informed and believes and alleges each of the Defendants, including the Doe defendants, acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices, and courses of conduct alleged, and was a proximate cause of damage and injury to Plaintiff.

7.     At all relevant times each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## JURISDICTION AND VENUE

8.     Venue as to each Defendant is proper in this judicial district, as Skywest is a foreign corporation that has not designated a principal place of business in California. Code of Civil Procedure § 395.5.

9.     No federal jurisdiction exists to remove this action to federal court. No federal question is at issue, as the issues are based solely on California law, including the Labor Code, IWC Wage Orders, Code of Civil Procedure, and Business and Professions Code. No diversity jurisdiction exists sufficient for removal to federal court under 28. U.S.C. sections 1332(a) or 1332(d) because Class Members' individual amounts in controversy do not exceed $75,000 and the class amount in controversy does not exceed $5,000,000.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff seeks to represent Classes defined as:

**Plaintiff Class**

All Defendants' California-based Pilots, at any time during the four years before the filing of this Complaint through the date of trial.

11.     Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "Minimum Wages Subclass"**

All Class Members who performed work or remained under Defendants' control before clocking in for a duty period or after clocking out from a duty period.

12.     Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "Overtime Wages Subclass"**

All Plaintiff Class Members who worked in excess of eight (8) hours in one day or forty (40) hours in one week and were not paid all overtime wages.

- 2 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

13. Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "First Meal Period Subclass"**

All Plaintiff Class Members who worked one or more period(s) in excess of five (5) hours.

14. Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "Second Meal Period Subclass"**

All Plaintiff Class Members who worked one or more period(s) in excess of ten (10) hours.

15. Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "Rest Period Subclass"**

All Plaintiff Class Members who worked one or more period(s) in excess of three and one-half (3.5) hours.

16. Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "Expense Reimbursement Subclass"**

All Plaintiff Class Members who incurred business-related expenses, including but not limited to cell phone expenses.

17. Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "Wage Statement Subclass"**

All Plaintiff Class Members who received one or more itemized wage statements during the one year preceding the filing of this Complaint.

18. Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "Waiting Time Subclass"**

All Plaintiff Class Members whose employment ended at any time during the three years preceding the filing of this Complaint.

19. Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "UCL Subclass"**

All Plaintiff Class and Subclass Members who were subject to Defendants' unlawful or unfair business acts or practices.

20. Plaintiff reserves the right to amend or modify the Class description, including by division into subclasses or limitation to particular issues. California Rule of Court 3.765(b).

21. **Commonality**: This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

22. **Ascertainable Class**: The proposed Class and Subclasses are ascertainable because they can be identified and located using Defendants' payroll and personnel records.

- 3 -

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

23.  **Numerosity**: The potential members of the Class and Subclasses as defined are so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit the parties and this Court. The number of members of the Class and Subclasses is unknown to Plaintiff, but is estimated to be in excess of 100 individuals. The number and identity of members can be readily ascertained using Defendants' records.

24.  **Typicality**: The claims of Plaintiff are typical of the claims of all members of the Class and Subclasses because all members of the Class and Subclasses sustained similar injuries and damages caused by Defendants' common course of conduct in violation of law.

25.  **Adequacy**: Plaintiff is an adequate representative of the Class and Subclasses, will fairly protect the interests of the Class and Subclass members and has no interests antagonistic to them, and will vigorously pursue this suit. Plaintiff's attorneys are competent, skilled, and experienced in litigating large employment law class actions.

26.  **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class Members. A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiff is unaware of any difficulties likely to be encountered in the management of this action that precludes its maintenance as a class action.

27.  The predominating common questions of law and fact include:

   a.  Whether Defendants have a policy and practice of failing to pay minimum wages or other compensation for work performed outside of duty hours;

   b.  Whether Defendants have a policy or practice of failing to fully pay overtime compensation for hours worked in excess of eight per day or forty per week;

   c.  Whether Defendants have a policy or practice of failing to pay overtime compensation at the correct overtime rate;

- 4 -

d. Whether Defendants have a policy or practice of failing to provide compliant meal periods;

e. Whether Defendants have a policy or practice of failing to authorize or permit compliant rest periods;

f. Whether Defendants have a policy or practice of failing to reimburse for necessary business-related expenses, including cell phone expenses;

g. Whether Defendants have a policy or practice of failing to provide accurate itemized wage statements;

h. Whether the Plaintiff Class and Waiting Time Subclass Members are entitled to waiting time penalties under Section 203;

i. Whether Defendants violated Sections 17200, *et seq.* of the Business and Professions Code; and

j. Whether Plaintiff Class and Subclasses are entitled to equitable relief pursuant to Business and Professions Code, sections 17200, *et seq.*

## FACTUAL ALLEGATIONS

28. At all relevant times, Plaintiff and each member of the Plaintiff Class were employed by Defendants in California, and Defendants conducted business in California.

29. Plaintiff's and other Class Members' compensated work time was denominated "duty time," defined by Defendants as "[t]he time beginning at the report for duty time and terminating at the release from duty time." Duty time began when Plaintiff and Class Members arrived at the airport and clocked in using their personal cell phones and ended when Plaintiff and Class Members left the airport and clocked out using their personal cell phones. Within Plaintiff's duty time there were "block times" which started when the airplane's brakes released and pushback began and ended when the airplane's parking break was set and the doors opened for deplaning. Defendants compensated Plaintiff and Class Members for block time at their hourly rate.

30. Defendants had a consistent policy and practice of failing to pay minimum wages for all hours worked before and after duty time periods. Defendants paid no

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

compensation to Plaintiff and other Class Members for time worked before they clocked in for duty time nor after they clocked out from duty time. Work tasks which Plaintiff and other Class Members performed before and after duty times without being compensated include but are not limited to: bidding on flights and reserve times; making and receiving phone calls to and from maintenance, dispatch, and other crew members regarding plane issues, delays, transportation, and other work-related matters; writing incident reports about disruptive passengers and medical emergencies; and submitting to random drug testing.

31.     Defendants had a consistent policy and practice of refusing to pay properly-calculated overtime wages when Plaintiff or other Class Members worked in excess of eight (8) hours in a day or forty (40) hours in a week. Defendants paid "overtime" wages only for time worked during certain categories of flights, including flights scheduled on a pilot's scheduled day off, flights piloted before or after scheduled duty times, and flights for which pilots volunteered when the flight was still unpicked 120 hours before the report for duty time. Other than for these flight categories, Plaintiff and other Class Members were paid only their straight hourly wage for hours worked in excess of eight in one day or forty in one week. When Defendants did pay overtime wages, they were incorrectly calculated because they did not incorporate non-discretionary bonuses and other applicable forms of compensation. Plaintiff and Class Members earned non-discretionary bonuses through a "Total Rewards" program. These bonuses included: Operational Performance Rewards, paid quarterly to Plaintiff and Class Members who worked 12 consecutive months by the last day of the quarter and met monthly goals regarding on-time departures and arrivals, "adjusted completion," and customer experience; Financial Performance Rewards, paid quarterly to Plaintiff and Class Members who worked two consecutive years by the last day of the quarter and met monthly goals regarding on-time departures and arrivals, "adjusted completion," and customer experience; and Pilot Bonuses. These non-discretionary bonuses were not factored into Plaintiff and Class Members' regular rate of pay for the purpose of calculating overtime. Defendants' policy and practice of not paying overtime wages correctly was and is willful and deliberate.

///

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street. Suite 200
San Diego, CA 92101

32.     Defendants had a consistent policy which did not provide Plaintiff and Class Members with duty-free meal periods of at least thirty (30) minutes for shifts of five hours or more, which began before the end of the fifth hour of work, and failed to pay such employees one (1) hour of pay at their regular rate of compensation for each workday a meal period was not authorized or permitted, as required by California wage and hour laws. Plaintiff and other members of the Plaintiff Class regularly worked shifts of more than 10 hours per day and were not provided with a second off-duty meal period of 30 minutes for each shift of more than 10 hours. which began before the end of the tenth hour of work. On information and belief, Plaintiff and other Class Members did not waive their right to receive meal periods, including their right to a second meal period on eligible workdays. Defendants did not provide Plaintiff and other Class Members with any written meal period policy.

33.     Defendants had a consistent policy which did not authorize or permit Plaintiff and Class Members to receive duty-free rest periods of at least ten (10) minutes per four (4) hours, or major fraction, worked, and failed to pay such employees one (1) hour of pay at their regular rate of compensation for each workday a rest period was not authorized or permitted, as required by California wage and hour laws. Furthermore, Plaintiff and Class Members regularly worked shifts of more than 10 hours per day and were not provided with a third duty-free rest period of 10-minutes for each shifts of more than 10 hours. Defendants did not provide Plaintiff and other Class Members with any written rest period policy.

34.     Defendants had a consistent policy of failing to reimburse Plaintiff and members of the Plaintiff Class for all necessary and reasonable business expenses, including those incurred by the requirement to use personal cell phones for work-related purposes, in violation of California state wage and hour laws. Plaintiff and Class Members were required by Defendants to use their personal cell phones regularly to clock in when arriving at the airport; clock out when leaving the airport; and make calls to, and receive calls from, traffic controllers, maintenance crews, and dispatch. Defendants did not provide Plaintiff and Class Members with any reimbursement for this necessary and reasonable business-related use of their personal cell phones.

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

35.     Defendants knowingly and willfully failed to provide accurate itemized wage statements to Plaintiff and other members of the Plaintiff Class, which did not include, among other things, the total number of hours worked nor the name of the legal entity that is the employer. Additionally, because Defendants failed to compensate Plaintiff and other members of the Plaintiff Class for all hours worked and for any non-compliant meal or rest periods, the itemized wage statements provided by Defendants to Plaintiff and other members of the Plaintiff Class were inaccurate. As a result, the wage statements that Defendants furnished to Plaintiff and other members of the Plaintiff Class were incomplete and inaccurate and fail to comply with the requirements of Labor Code section 226(a).

36.     Defendants had a consistent policy of failing to pay Plaintiff and members of the Plaintiff Class all wages due upon separation, in violation of California state wage and hour laws. Because Defendants failed to pay all minimum and overtime wages and meal and rest period premiums owed during Plaintiff's and Class Members' employment, final wages paid to Plaintiff and Class Members were underpaid, as they did not include these amounts.

37.     Defendants' failure to: pay minimum wages for times worked before and after duty times; pay overtime wages at the correct rate for hours worked in excess of eight in one day or forty in one week; provide compliant meal and rest breaks or compensation in lieu thereof; reimburse necessary business expenses; provide accurate, itemized wage statements; and timely provide payment of wages to Plaintiffs and Class Members upon separation all stem from SkyWest's centrally devised and uniformly implemented unlawful and unfair policies and practices.

38.     Plaintiff, on behalf of himself and Class Members, seeks injunctive relief, restitution, and disgorgement of all benefits obtained by Defendants as a result of violations alleged. Business and Professions Code §§ 17200, *et seq.*

///

///

///

///

Class Action Complaint

## FIRST CAUSE OF ACTION
**Failure to Pay Minimum Wages**
**Labor Code §§ 1194 and 1194.2, and IWC Wage Order 9-2001, § 4**
**(By Plaintiff and each Member of the Minimum Wages Subclass)**

39.     Plaintiff incorporates the preceding paragraphs of this Complaint.

40.     By failing to pay at least minimum wages for all hours worked outside of "duty time," Defendants violated Labor Code section 1194 and IWC Wage Order 9-2001.

41.     Labor Code section 1194.2 provides for liquidated damages equal to unlawfully unpaid minimum wages, with interest.

42.     Defendants' unlawful acts deprived Plaintiff, the Plaintiff Class, and the Minimum Wages Subclass of minimum wages in amounts to be determined at trial, and they are entitled to recover these wages, and liquidated damages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**Labor Code §§ 510 and 1194 and IWC Wage Order 9-2001, § 3**
**(By Plaintiff and each Member of the Overtime Wages Subclass)**

43.     Plaintiff incorporates the preceding paragraphs of this Complaint.

44.     Defendants failed to pay overtime wages for hours worked in excess of eight (8) in one day or forty (40) in one week. Overtime wages that were paid by Defendants were underpaid because non-discretionary bonuses were not incorporated into the regular rate of pay for the purpose of calculating overtime. By failing to pay overtime wages at the correct rate, Defendants violated Labor Code sections 510 and 1194, and IWC Wage Order 9-2001.

45.     Defendants' unlawful acts deprived Plaintiff, the Plaintiff Class, and the Overtime Wages Subclass of overtime wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
**Failure to Provide Required Meal Periods**
**Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 11**
**(By Plaintiff and each Member of the First and Second Meal Period Subclasses)**

46.     Plaintiff incorporates the preceding paragraphs of this Complaint.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

47.     By failing to: provide duty-free meal periods of at least thirty (30) minutes for shifts of five hours or more, which began before the end of the fifth hour of work; provide second duty-free meal periods of at least thirty (30) minutes for shifts of ten hours or more, which began before the tenth hour of work; and pay premium wages of one (1) hour of pay at employees' regular rate of compensation for each workday a meal period was not provided, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512, and IWC Wage Order No. 9-2001.

48.     Defendants' unlawful acts deprived Plaintiff, the Plaintiff Class, and the First and Second Meal Period Subclasses of premium wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION
**Failure to Provide Required Rest Periods**
**Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12**
**(By Plaintiff and each Member of the Rest Period Subclass)**

49.     Plaintiff incorporates the preceding paragraphs of this Complaint.

50.     By failing to authorize and permit Plaintiff and Class Members a paid rest period of at least 10 minutes for every four hours or major fraction worked per day, and by failing to provide premium wages at the regular rate of pay when not permitted or authorized, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC Wage Order No. 9-2001.

51.     Defendants' unlawful acts deprived Plaintiff, the Plaintiff Class, and the Rest Period Subclass of premium wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION
**Failure to Reimburse Expenses**
**Labor Code § 2802**
**(By Plaintiff and each Member of the Expense Reimbursement Subclass)**

52.     Plaintiff incorporates the preceding paragraphs of this Complaint.

53.     By failing to reimburse Plaintiff and Class Members for necessary business-related expenses they incurred, including cell phone expenses, Defendants willfully violated the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

provisions of Labor Code section 2802.

54.    Defendants' unlawful acts deprived Plaintiff. the Plaintiff Class, and the Expense Reimbursement Subclass Plaintiff seeks to represent of expense reimbursements in amounts to be determined at trial, and they are entitled to recover these amounts, with interest, attorneys' fees, and costs.

<div align="center">

**SIXTH CAUSE OF ACTION**
**Failure to Provide Accurate Wage Statements**
**Labor Code §§ 226 and 1174**
**(By Plaintiff and each Member of the Wage Statement Subclass)**

</div>

55.    Plaintiff incorporates the preceding paragraphs of this Complaint.

56.    All employers must maintain accurate records of each employee's hours of work and meal breaks each workday for a period of at least three (3) years, and provide employees accurate, itemized wage statements showing. among other things. total hours worked and the name of the legal entity employing them. Labor Code §§ 226 and 1174.

57.    Defendants knowingly failed to comply with these provisions by, among other things, failing to provide accurate itemized wage statements showing total number of hours worked and the name of the legal entity that is the employer. Because Defendants failed to compensate Plaintiff and members of the Plaintiff Class for all hours worked and for any non-compliant meal or rest periods, the itemized wage statements provided by Defendants to Plaintiff and other members of the Plaintiff Class were inaccurate.

58.    Any employee suffering injury due to a willful violation of Labor Code section 226(e) may collect the greater of actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter. Defendants consistently failed to provide Plaintiff and Class Members with required adequate wage statements. Labor Code § 226.

59.    As a consequence of Defendants' knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff and the members of the Wage Statement Subclass are entitled to recover the greater of actual damages or penalties not to exceed $4,000 for each employee with interest and attorneys' fees and costs.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## SEVENTH CAUSE OF ACTION
### Failure to Timely Pay Wages Due at Separation
### Labor Code §§ 201-203
### (By Plaintiff and each Member of the Waiting Time Subclass)

60. Plaintiff incorporates the preceding paragraphs of this Complaint.

61. An employer who discharges an employee must pay all compensation due and to that employee immediately upon discharge. Labor Code § 201. An employer must pay all compensation due to an employee who quits within 72 hours. Labor Code § 201.

62. Defendants had a consistent and uniform policy of willfully failing to timely pay earned wages to former employees. If an employer willfully fails to timely pay such wages the employer must, as a penalty. continue to pay the subject employee's wages until paid or until an action is commenced. Labor Code § 203. The penalty cannot exceed 30 days of wages.

63. Members of the Waiting Time Subclass are no longer employed by Defendants.

64. Defendants willfully failed to pay Waiting Time Subclass Members the sum due at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

## EIGHTH CAUSE OF ACTION
### Violation of the Unfair Competition Law
### Bus. & Prof. Code §§ 17200 *et seq.*
### (By Plaintiff and each Member of the UCL Subclass)

65. Plaintiff incorporates the preceding paragraphs of this Complaint.

66. The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code sections 17200, *et seq.*, defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200.

67. Defendants' conduct as described above constitutes unlawful business practices because Defendants violated: the California Labor Code, including but not limited to sections 226.7 (meal and rest), 510 and 1194 (minimum and overtime wages), and 2802 (reimbursement of business expenses); and sections of Wage Order 9-2001.

68. Defendants' conduct as described above constitutes unfair business practices because their denial of lawfully earned wages outweighs any utility of such practices.

- 12 -

69.     As a result of Defendants' unlawful and unfair conduct, Plaintiff and members of the Plaintiff Class suffered injury in fact.

70.     Plaintiff and members of the Plaintiff Class seek declaratory and injunctive relief. restitution, and other appropriate equitable relief. Cal. Bus. & Prof. Code §§ 17203, 17204.

71.     Pursuant to California Code of Civil Procedure section 1021.5, Plaintiff and members of the Plaintiff Class are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

72.     This cause of action is brought as a cumulative remedy and is intended as an alternative remedy for restitution for Plaintiff, and each Subclass Member, for the four (4) year period before the filing of this Complaint, and as the primary remedy during the fourth year before the filing of this Complaint. Business and Professions Code § 17205.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the Plaintiff Class against Defendants:

1.      Certification of this action as a class action and appointment of Plaintiff and Plaintiff's counsel to represent the Plaintiff Class;

2.      Provision of class notice to members of the Plaintiff Class as defined above;

3.      A declaratory judgment that Defendants knowingly and intentionally violated:

    a.      California Labor Code sections 510 and 1194 by failing to pay minimum and overtime wages;

    b.      California Labor Code sections 226.7 and 512 by failing to provide meal and rest periods;

    c.      California Labor Code section 2802 by failing to reimburse necessary business-related expenses;

    d.      California Labor Code section 226 by failing to provide accurate, itemized wage statements;

    e.      California Labor Code section 203 by failing to pay waiting time

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 13 -

penalties; and

    f.     California Business and Professions Code sections 17200, *et seq.* by engaging in unlawful or unfair business practices.

4.    That Defendants be permanently enjoined from engaging in the unlawful or unfair acts and practices alleged;

5.    An order requiring Defendants to pay restitution of all amounts owed to Plaintiff and members of the Plaintiff Class, in an amount according to proof, pursuant to California Business and Professions Code section 17203;

6.    Compensatory damages according to proof;

7.    Statutory damages as provided under the Labor Code;

8.    Liquidated damages as provided under the Labor Code;

9.    Pre-judgment interest on all sums collected;

10.    Reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5, and the California Labor Code, or other applicable law;

11.    Costs of suit; and,

12.    Such other relief as the Court may deem appropriate.

Dated: March 22, 2021           COHELAN KHOURY & SINGER

By:_____
Michael D. Singer, Esq.
Jeff Geraci, Esq.
Attorneys for Plaintiff Gregory Horowitz, on behalf of himself and all others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all claims triable as of right by jury.

Dated: March 22, 2021           COHELAN KHOURY & SINGER

By:_____
Michael D. Singer, Esq.
Jeff Geraci, Esq.
Attorneys for Plaintiff Gregory Horowitz, on behalf of himself and all others similarly situated

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 14 -

⌐ Cohelan Khoury & Singer     ¬     ⌐ Skywest Airlines, INC.     ¬
    Attn: Geraci, Jeff
    605 C Street
    Suite 200
└ San Diego, CA 92101     ┘     └     ┘

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Horowitz        Plaintiff/Petitioner(s)<br><br>VS.<br><br>Skywest Airlines, INC.        Defendant/Respondent(s)<br>(Abbreviated Title) | No. <u>RG21092756</u><br><br><br>NOTICE OF HEARING |



To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

            Complex Determination Hearing
            Complex Determination Hearing

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 04/28/2021     TIME: 09:00 AM     DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
                 1221 Oak Street, Oakland

Complex Determination Hearing:
DATE: 06/02/2021     TIME: 09:00 AM     DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
                 1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6937. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 03/25/2021        Chad Finke  Executive Officer / Clerk of the Superior Court

By                                   

                                                 Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/26/2021.

By                                    

                                                 Deputy Clerk

# Superior Court of California, County of Alameda
# Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Horowitz<br><br>         Plaintiff/Petitioner(s)<br><br>vs.<br><br><br>Skywest Airlines, INC.<br>         Defendant/Respondent(s)<br>     (Abbreviated Title) | No. RG21092756<br><br>Order<br><br>Complaint - Other Employment |

The Complex Determination Hearing was set for hearing on 04/28/2021 at 09:00 AM in Department 21 before the Honorable Winifred Y. Smith. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA  94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.   All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated: 04/28/2021

_Winifred Y. Smith_ <small>Facsimile</small>

Judge Winifred Y. Smith

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SKYWEST AIRLINES, INC., a Utah Corporation; and DOES 1
Through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GREGORY HOROWITZ, on behalf of himself and all others similarly
situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED
FILED
ALAMEDA COUNTY**

MAR 22 2021

CLERK OF THE SUPERIOR COURT
By ANDREL GOSPEL

**Deputy**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda Superior Court

CASE NUMBER:
*(Número del Caso):* RG21092756

René C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeff Geraci, Cohelan Khoury & Singer, 605 C Street, Suite 200, San Diego, CA 92101; (619) 595-3001

DATE: **MAR 22 2021** Chad Finke Clerk, by **ANDREL GOSPEL** , Deputy
*(Fecha)* Executive Officer/Clerk *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Skywest Airlines, Inc.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



22686162

1
COHELAN KHOURY & SINGER
Isam C. Khoury (SBN 58759)
2
ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
3
msinger@ckslaw.com
Jeff Geraci (SBN 151519)
4
jgeraci@ckslaw.com
Rosemary C. Khoury (SBN 331307)
5
rkhoury@ckslaw.com
605 C Street, Suite 200
6
San Diego, CA 92101
7
Telephone:     (619) 595-3001
Facsimile:     (619) 595-3000
8

9
DAVTYAN LAW FIRM, INC.
Emil Davtyan (SBN 238608)
10
support@davtyanlaw.com
11
880 E. Broadway
Glendale, CA 91205
12
Telephone:     (818) 875-2008
Facsimile:     (818) 722-3974
13

14
Attorneys for Plaintiff Gregory Horowitz, on behalf of himself
and all others similarly situated

15
SUPERIOR COURT OF CALIFORNIA

16
COUNTY OF ALAMEDA

17
GREGORY HOROWITZ, on behalf of
18
himself and all others similarly situated

19
    Plaintiff,

20
v.

21
SKYWEST AIRLINES, INC., a Utah
Corporation; and DOES 1 Through 10,
22
inclusive,

23
    Defendants.

Case No. RG21092756

**FIRST AMENDED CLASS ACTION and
PRIVATE ATTORNEYS GENERAL ACT
("PAGA") COMPLAINT**

1. **FAILURE TO PAY MINIMUM WAGES**
   (Labor Code §§ 1194 and 1194.2, and
   IWC Wage Order 9-2001, § 4)

2. **FAILURE TO PAY OVERTIME WAGES**
   (Lab. Code §§ 510 and 1194, and IWC
   Wage Order 9-2001, § 3)

3. **FAILURE TO PROVIDE MEAL
   PERIODS** (Lab. Code §§ 226.7 and 512,
   and IWC Wage Order 9-2001, § 11)

4. **FAILURE TO AUTHORIZE OR
   PERMIT PAID REST PERIODS** (Lab.
   Code § 226.7 and IWC Wage Order 9-
   2001, § 12)

FAXED

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

FILED
ALAMEDA COUNTY
MAY 10 2021
CLERK OF THE SUPERIOR COURT
By _____
Deputy

5. **FAILURE TO REIMBURSE BUSINESS EXPENSES (Lab. Code § 2802)**

6. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (Lab. Code §§ 226 and 1174)**

7. **FAILURE TO TIMELY PAY WAGES DUE AT SEPARATION (Lab. Code §§ 201-203)**

8. **VIOLATIONS OF THE UNFAIR COMPETITION LAW (Bus. & Prof. Code §§ 17200, *et seq.*)**

9. **PAGA CIVIL PENALTIES FOR FAILURE TO PAY MINIMUM AND OVERTIME WAGES**

10. **PAGA CIVIL PENALTIES FOR FAILURE TO PROVIDE MEAL PERIODS**

11. **PAGA CIVIL PENALTIES FOR FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS**

12. **PAGA CIVIL PENALTIES FOR FAILURE TO REIMBURSE BUSINESS EXPENSES**

13. **PAGA CIVIL PENALTIES FOR FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS**

14. **PAGA CIVIL PENALTIES FOR FAILURE TO TIMELY PAY WAGES DUE UPON SEPARATION OF EMPLOYMENT**

**DEMAND FOR JURY TRIAL**

## NATURE OF CLAIM

1.     Plaintiff GREGORY HOROWITZ ("Plaintiff") brings this action on behalf of himself and a proposed Class of all California-based Pilots against Defendant SKYWEST AIRLINES, INC. ("SkyWest") and Does 1 through 10 (collectively, "Defendants") for unlawful employment policies that denied, and continue to deny, proposed Class Members the wages and benefits to which they are lawfully entitled.

2.     Plaintiff also brings this action as a representative action under the Private Attorneys General Act of 2004 ("PAGA"), Labor Code sections 2698, *et seq.*, against Defendants to recover civil penalties arising out of Defendants' failure to: pay minimum and overtime wages; provide meal periods; authorize and permit paid rest periods; reimburse business-related expenses; provide accurate itemized wage statements; and timely pay wages due upon separation of employment.

3.     Plaintiff gave written notice of these claims to the California Labor and Workforce Development Agency ("LWDA") on March 4, 2021 per Labor Code section 2699.3, and there has been no LWDA intervention within 65 days of his notice. A true and correct copy of Plaintiff's Notice is attached as **Exhibit 1.** Plaintiff seeks civil penalties under the PAGA as a representative of the State of California and has standing as an aggrieved non-exempt employee. Plaintiff seeks to represent all current and former non-exempt employees of Defendants who suffered one or more of the violations alleged ("aggrieved employees") during the "PAGA Period" (one year and 65 days before this complaint filing date until the start of trial). Labor Code §§ 2698, *et seq.,* 2699.3(a)(2)(C).

4.     Plaintiff, on behalf of himself and all Class Members, brings this action pursuant to Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1174, 1194, 1194.2, and 2802; Industrial Welfare Commission ("IWC") Wage Order 9-2001 sections 3, 4, 11, and 12; and Business and Professions Code sections 17200 *et seq.*, seeking unpaid wages, liquidated damages, equitable relief, prejudgment interest, reasonable attorneys' fees and costs, and any other relief this Court deems proper.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 1 -

5.    Plaintiff GREGORY HOROWITZ is a resident of Los Angeles, California. Plaintiff worked as a Pilot for Defendant while based at Los Angeles International Airport ("LAX") for over four years until his employment ended in August of 2020.

6.    Defendant SKYWEST AIRLINES, INC. ("SkyWest") is a corporation registered in Utah and doing business throughout the State of California. SkyWest operates through partnerships with United Airlines, Delta Air Lines, American Airlines, and Alaska Airlines and carried more than 21 million passengers in 2020. SkyWest has a fleet of over 450 aircrafts which carry passengers to 236 destinations throughout North America.

7.    Does 1 through 10, inclusive, are persons or entities whose true names and identities are now unknown to Plaintiff, and who are sued by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when known. Plaintiff is informed and believes each of Doe defendant is the agent, representative, or parent or subsidiary corporation of SkyWest, is responsible in some manner for the occurrences, events, transactions, and injuries alleged, and that harm suffered by Plaintiff and the proposed Class was proximately caused by them in addition to SkyWest.

8.    Plaintiff is informed and believes and alleges each of the Defendants, including the Doe defendants, acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices, and courses of conduct alleged, and was a proximate cause of damage and injury to Plaintiff.

9.    At all relevant times each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

### JURISDICTION AND VENUE

10.    Venue as to each Defendant is proper in this judicial district, as Skywest is a foreign corporation that has not designated a principal place of business in California. Code of Civil Procedure § 395.5.

11.    No federal jurisdiction exists to remove this action to federal court. No federal question is at issue, as the issues are based solely on California law, including the Labor Code,

First Amended Complaint                                    Case No. RG21092756

IWC Wage Orders, Code of Civil Procedure, and Business and Professions Code. No diversity jurisdiction exists sufficient for removal to federal court under 28. U.S.C. sections 1332(a) or 1332(d) because Class Members' individual amounts in controversy do not exceed $75,000 and the class amount in controversy does not exceed $5,000,000.

12. Further, as a representative action under the PAGA, the matter is not subject to removal under 28 U.S.C. sections 1332(a)-(d). PAGA civil penalty actions are not subject to federal jurisdiction.

## CLASS ACTION ALLEGATIONS

13. Plaintiff seeks to represent Classes defined as:

### Plaintiff Class
All Defendants' California-based Pilots, at any time during the four years before the filing of this Complaint through the date of trial.

14. Plaintiff seeks to certify a subclass of employees defined as:

### Plaintiff "Minimum Wages Subclass"
All Class Members who performed work or remained under Defendants' control before clocking in for a duty period or after clocking out from a duty period.

15. Plaintiff seeks to certify a subclass of employees defined as:

### Plaintiff "Overtime Wages Subclass"
All Plaintiff Class Members who worked in excess of eight (8) hours in one day or forty (40) hours in one week and were not paid all overtime wages.

16. Plaintiff seeks to certify a subclass of employees defined as:

### Plaintiff "First Meal Period Subclass"
All Plaintiff Class Members who worked one or more period(s) in excess of five (5) hours.

17. Plaintiff seeks to certify a subclass of employees defined as:

### Plaintiff "Second Meal Period Subclass"
All Plaintiff Class Members who worked one or more period(s) in excess of ten (10) hours.

18. Plaintiff seeks to certify a subclass of employees defined as:

### Plaintiff "Rest Period Subclass"
All Plaintiff Class Members who worked one or more period(s) in excess of three and one-half (3.5) hours.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 3 -

19. Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "Expense Reimbursement Subclass"**

All Plaintiff Class Members who incurred business-related expenses, including but not limited to cell phone expenses.

20. Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "Wage Statement Subclass"**

All Plaintiff Class Members who received one or more itemized wage statements during the one year preceding the filing of this Complaint.

21. Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "Waiting Time Subclass"**

All Plaintiff Class Members whose employment ended at any time during the three years preceding the filing of this Complaint.

22. Plaintiff seeks to certify a subclass of employees defined as:

**Plaintiff "UCL Subclass"**

All Plaintiff Class and Subclass Members who were subject to Defendants' unlawful or unfair business acts or practices.

23. Plaintiff reserves the right to amend or modify the Class description, including by division into subclasses or limitation to particular issues. California Rule of Court 3.765(b).

24. **Commonality:** This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

25. **Ascertainable Class:** The proposed Class and Subclasses are ascertainable because they can be identified and located using Defendants' payroll and personnel records.

26. **Numerosity:** The potential members of the Class and Subclasses as defined are so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit the parties and this Court. The number of members of the Class and Subclasses is unknown to Plaintiff, but is estimated to be in excess of 100 individuals. The number and identity of members can be readily ascertained using Defendants' records.

27. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class and Subclasses because all members of the Class and Subclasses sustained similar injuries and damages caused by Defendants' common course of conduct in violation of law.

- 4 -

28. **Adequacy:** Plaintiff is an adequate representative of the Class and Subclasses, will fairly protect the interests of the Class and Subclass members and has no interests antagonistic to them, and will vigorously pursue this suit. Plaintiff's attorneys are competent, skilled, and experienced in litigating large employment law class actions.

29. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class Members. A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiff is unaware of any difficulties likely to be encountered in the management of this action that precludes its maintenance as a class action.

30. The predominating common questions of law and fact include:

    a. Whether Defendants have a policy and practice of failing to pay minimum wages or other compensation for work performed outside of duty hours;

    b. Whether Defendants have a policy or practice of failing to fully pay overtime compensation for hours worked in excess of eight per day or forty per week;

    c. Whether Defendants have a policy or practice of failing to pay overtime compensation at the correct overtime rate;

    d. Whether Defendants have a policy or practice of failing to provide compliant meal periods;

    e. Whether Defendants have a policy or practice of failing to authorize or permit compliant rest periods;

    f. Whether Defendants have a policy or practice of failing to reimburse for necessary business-related expenses, including cell phone expenses;

    g. Whether Defendants have a policy or practice of failing to provide accurate itemized wage statements;

    h. Whether the Plaintiff Class and Waiting Time Subclass Members are

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 5 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

entitled to waiting time penalties under Section 203;

i. Whether Defendants violated Sections 17200, *et seq.* of the Business and Professions Code; and

j. Whether Plaintiff Class and Subclasses are entitled to equitable relief pursuant to Business and Professions Code, sections 17200, *et seq.*

## FACTUAL ALLEGATIONS

31. At all relevant times, Plaintiff and each member of the Plaintiff Class were employed by Defendants in California, and Defendants conducted business in California.

32. Plaintiff's and other Class Members and aggrieved employees' compensated work time was denominated "duty time," defined by Defendants as "[t]he time beginning at the report for duty time and terminating at the release from duty time." Duty time began when Plaintiff and Class Members and aggrieved employees arrived at the airport and clocked in using their personal cell phones and ended when Plaintiff and Class Members and aggrieved employees left the airport and clocked out using their personal cell phones. Within Plaintiff's duty time there were "block times" which started when the airplane's brakes released and pushback began and ended when the airplane's parking break was set and the doors opened for deplaning. Defendants compensated Plaintiff and Class Members and aggrieved employees for block time at their hourly rate.

33. Defendants had a consistent policy and practice of failing to pay minimum wages for all hours worked before and after duty time periods. Defendants paid no compensation to Plaintiff and other Class Members and aggrieved employees for time worked before they clocked in for duty time nor after they clocked out from duty time. Work tasks which Plaintiff and other Class Members and aggrieved employees performed before and after duty times without being compensated include but are not limited to: bidding on flights and reserve times; making and receiving phone calls to and from maintenance, dispatch, and other crew members regarding plane issues, delays, transportation, and other work-related matters; writing incident reports about disruptive passengers and medical emergencies; and submitting to random drug testing.

- 6 -

34. Defendants had a consistent policy and practice of refusing to pay properly-calculated overtime wages when Plaintiff or other Class Members and aggrieved employees worked in excess of eight (8) hours in a day or forty (40) hours in a week. Defendants paid "overtime" wages only for time worked during certain categories of flights, including flights scheduled on a pilot's scheduled day off, flights piloted before or after scheduled duty times, and flights for which pilots volunteered when the flight was still unpicked 120 hours before the report for duty time. Other than for these flight categories, Plaintiff and other Class Members and aggrieved employees were paid only their straight hourly wage for hours worked in excess of eight in one day or forty in one week. When Defendants did pay overtime wages, they were incorrectly calculated because they did not incorporate non-discretionary bonuses and other applicable forms of compensation. Plaintiff and Class Members and aggrieved employees earned non-discretionary bonuses through a "Total Rewards" program. These bonuses included: Operational Performance Rewards, paid quarterly to Plaintiff and Class Members and aggrieved employees who worked 12 consecutive months by the last day of the quarter and met monthly goals regarding on-time departures and arrivals, "adjusted completion," and customer experience; Financial Performance Rewards, paid quarterly to Plaintiff and Class Members and aggrieved employees who worked two consecutive years by the last day of the quarter and met monthly goals regarding on-time departures and arrivals, "adjusted completion," and customer experience; and Pilot Bonuses. These non-discretionary bonuses were not factored into Plaintiff and Class Members and aggrieved employees' regular rate of pay for the purpose of calculating overtime. Defendants' policy and practice of not paying overtime wages correctly was and is willful and deliberate.

35. Defendants had a consistent policy which did not provide Plaintiff and Class Members and aggrieved employees with duty-free meal periods of at least thirty (30) minutes for shifts of five hours or more, which began before the end of the fifth hour of work, and failed to pay such employees one (1) hour of pay at their regular rate of compensation for each workday a meal period was not authorized or permitted, as required by California wage and hour laws. Plaintiff and other members of the Plaintiff Class regularly worked shifts of more

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 7 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   than 10 hours per day and were not provided with a second off-duty meal period of 30 minutes

2   for each shift of more than 10 hours, which began before the end of the tenth hour of work. On

3   information and belief, Plaintiff and other Class Members and aggrieved employees did not

4   waive their right to receive meal periods, including their right to a second meal period on

5   eligible workdays. Defendants did not provide Plaintiff and other Class Members and

6   aggrieved employees with any written meal period policy.

7        36.    Defendants had a consistent policy which did not authorize or permit Plaintiff

8   and Class Members and aggrieved employees to receive duty-free rest periods of at least ten

9   (10) minutes per four (4) hours, or major fraction, worked, and failed to pay such employees

10  one (1) hour of pay at their regular rate of compensation for each workday a rest period was not

11  authorized or permitted, as required by California wage and hour laws. Furthermore, Plaintiff

12  and Class Members and aggrieved employees regularly worked shifts of more than 10 hours

13  per day and were not provided with a third duty-free rest period of 10-minutes for each shifts of

14  more than 10 hours. Defendants did not provide Plaintiff and other Class Members and

15  aggrieved employees with any written rest period policy.

16       37.    Defendants had a consistent policy of failing to reimburse Plaintiff and members

17  of the Plaintiff Class for all necessary and reasonable business expenses, including those

18  incurred by the requirement to use personal cell phones for work-related purposes, in violation

19  of California state wage and hour laws. Plaintiff and Class Members and aggrieved employees

20  were required by Defendants to use their personal cell phones regularly to clock in when

21  arriving at the airport; clock out when leaving the airport; and make calls to, and receive calls

22  from, traffic controllers, maintenance crews, and dispatch. Defendants did not provide Plaintiff

23  and Class Members and aggrieved employees with any reimbursement for this necessary and

24  reasonable business-related use of their personal cell phones.

25       38.    Defendants knowingly and willfully failed to provide accurate itemized wage

26  statements to Plaintiff and other members of the Plaintiff Class, which did not include, among

27  other things, the total number of hours worked nor the name of the legal entity that is the

28  employer. Additionally, because Defendants failed to compensate Plaintiff and other members

- 8 -

of the Plaintiff Class for all hours worked and for any non-compliant meal or rest periods, the itemized wage statements provided by Defendants to Plaintiff and other members of the Plaintiff Class were inaccurate. As a result, the wage statements that Defendants furnished to Plaintiff and other members of the Plaintiff Class were incomplete and inaccurate and fail to comply with the requirements of Labor Code section 226(a).

39. Defendants had a consistent policy of failing to pay Plaintiff and members of the Plaintiff Class all wages due upon separation, in violation of California state wage and hour laws. Because Defendants failed to pay all minimum and overtime wages and meal and rest period premiums owed during Plaintiff's and Class Members and aggrieved employees' employment, final wages paid to Plaintiff and Class Members and aggrieved employees were underpaid, as they did not include these amounts.

40. Defendants' failure to: pay minimum wages for times worked before and after duty times; pay overtime wages at the correct rate for hours worked in excess of eight in one day or forty in one week; provide compliant meal and rest breaks or compensation in lieu thereof; reimburse necessary business expenses; provide accurate, itemized wage statements; and timely provide payment of wages to Plaintiffs and Class Members and aggrieved employees upon separation all stem from SkyWest's centrally devised and uniformly implemented unlawful and unfair policies and practices.

41. Plaintiff, on behalf of himself and Class Members, seeks injunctive relief, restitution, and disgorgement of all benefits obtained by Defendants as a result of violations alleged. Business and Professions Code §§ 17200, *et seq.*

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
Failure to Pay Minimum Wages
Labor Code §§ 1194 and 1194.2, and IWC Wage Order 9-2001, § 4
(By Plaintiff and each Member of the Minimum Wages Subclass)

42. Plaintiff incorporates the preceding paragraphs of this Complaint.

43. By failing to pay at least minimum wages for all hours worked outside of "duty time," Defendants violated Labor Code section 1194 and IWC Wage Order 9-2001.

- 9 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

44. Labor Code section 1194.2 provides for liquidated damages equal to unlawfully unpaid minimum wages, with interest.

45. Defendants' unlawful acts deprived Plaintiff, the Plaintiff Class, and the Minimum Wages Subclass of minimum wages in amounts to be determined at trial, and they are entitled to recover these wages, and liquidated damages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages
### Labor Code §§ 510 and 1194 and IWC Wage Order 9-2001, § 3
### (By Plaintiff and each Member of the Overtime Wages Subclass)

46. Plaintiff incorporates the preceding paragraphs of this Complaint.

47. Defendants failed to pay overtime wages for hours worked in excess of eight (8) in one day or forty (40) in one week. Overtime wages that were paid by Defendants were underpaid because non-discretionary bonuses were not incorporated into the regular rate of pay for the purpose of calculating overtime. By failing to pay overtime wages at the correct rate, Defendants violated Labor Code sections 510 and 1194, and IWC Wage Order 9-2001.

48. Defendants' unlawful acts deprived Plaintiff, the Plaintiff Class, and the Overtime Wages Subclass of overtime wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
### Failure to Provide Required Meal Periods
### Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 11
### (By Plaintiff and each Member of the First and Second Meal Period Subclasses)

49. Plaintiff incorporates the preceding paragraphs of this Complaint.

50. By failing to: provide duty-free meal periods of at least thirty (30) minutes for shifts of five hours or more, which began before the end of the fifth hour of work; provide second duty-free meal periods of at least thirty (30) minutes for shifts of ten hours or more, which began before the tenth hour of work; and pay premium wages of one (1) hour of pay at employees' regular rate of compensation for each workday a meal period was not provided, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512, and IWC Wage Order No. 9-2001.

- 10 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

51.    Defendants' unlawful acts deprived Plaintiff, the Plaintiff Class, and the First and Second Meal Period Subclasses of premium wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
### Failure to Provide Required Rest Periods
### Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12
### (By Plaintiff and each Member of the Rest Period Subclass)

52.    Plaintiff incorporates the preceding paragraphs of this Complaint.

53.    By failing to authorize and permit Plaintiff and Class Members a paid rest period of at least 10 minutes for every four hours or major fraction worked per day, and by failing to provide premium wages at the regular rate of pay when not permitted or authorized, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC Wage Order No. 9-2001.

54.    Defendants' unlawful acts deprived Plaintiff, the Plaintiff Class, and the Rest Period Subclass of premium wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION
### Failure to Reimburse Expenses
### Labor Code § 2802
### (By Plaintiff and each Member of the Expense Reimbursement Subclass)

55.    Plaintiff incorporates the preceding paragraphs of this Complaint.

56.    By failing to reimburse Plaintiff and Class Members for necessary business-related expenses they incurred, including cell phone expenses, Defendants willfully violated the provisions of Labor Code section 2802.

57.    Defendants' unlawful acts deprived Plaintiff, the Plaintiff Class, and the Expense Reimbursement Subclass Plaintiff seeks to represent of expense reimbursements in amounts to be determined at trial, and they are entitled to recover these amounts, with interest, attorneys' fees, and costs.

///

///

- 11 -

## SIXTH CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements
### Labor Code §§ 226 and 1174
### (By Plaintiff and each Member of the Wage Statement Subclass)

58.     Plaintiff incorporates the preceding paragraphs of this Complaint.

59.     All employers must maintain accurate records of each employee's hours of work and meal breaks each workday for a period of at least three (3) years, and provide employees accurate, itemized wage statements showing, among other things, total hours worked and the name of the legal entity employing them. Labor Code §§ 226 and 1174.

60.     Defendants knowingly failed to comply with these provisions by, among other things, failing to provide accurate itemized wage statements showing total number of hours worked and the name of the legal entity that is the employer. Because Defendants failed to compensate Plaintiff and members of the Plaintiff Class for all hours worked and for any non-compliant meal or rest periods, the itemized wage statements provided by Defendants to Plaintiff and other members of the Plaintiff Class were inaccurate.

61.     Any employee suffering injury due to a willful violation of Labor Code section 226(e) may collect the greater of actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter. Defendants consistently failed to provide Plaintiff and Class Members with required adequate wage statements. Labor Code § 226.

62.     As a consequence of Defendants' knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff and the members of the Wage Statement Subclass are entitled to recover the greater of actual damages or penalties not to exceed $4,000 for each employee with interest and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
### Failure to Timely Pay Wages Due at Separation
### Labor Code §§ 201-203
### (By Plaintiff and each Member of the Waiting Time Subclass)

63.     Plaintiff incorporates the preceding paragraphs of this Complaint.

64.     An employer who discharges an employee must pay all compensation due and to that employee immediately upon discharge. Labor Code § 201. An employer must pay all

- 12 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

compensation due to an employee who quits within 72 hours. Labor Code § 201.

65.    Defendants had a consistent and uniform policy of willfully failing to timely pay earned wages to former employees. If an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until paid or until an action is commenced. Labor Code § 203. The penalty cannot exceed 30 days of wages.

66.    Members of the Waiting Time Subclass are no longer employed by Defendants.

67.    Defendants willfully failed to pay Waiting Time Subclass Members the sum due at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

**EIGHTH CAUSE OF ACTION**
**Violation of the Unfair Competition Law**
**Bus. & Prof. Code §§ 17200 *et seq.***
**(By Plaintiff and each Member of the UCL Subclass)**

68.    Plaintiff incorporates the preceding paragraphs of this Complaint.

69.    The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code sections 17200, *et seq.*, defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200.

70.    Defendants' conduct as described above constitutes unlawful business practices because Defendants violated: the California Labor Code, including but not limited to sections 226.7 (meal and rest), 510 and 1194 (minimum and overtime wages), and 2802 (reimbursement of business expenses); and sections of Wage Order 9-2001.

71.    Defendants' conduct as described above constitutes unfair business practices because their denial of lawfully earned wages outweighs any utility of such practices.

72.    As a result of Defendants' unlawful and unfair conduct, Plaintiff and members of the Plaintiff Class suffered injury in fact.

73.    Plaintiff and members of the Plaintiff Class seek declaratory and injunctive relief, restitution, and other appropriate equitable relief. Cal. Bus. & Prof. Code §§ 17203, 17204.

74.    Pursuant to California Code of Civil Procedure section 1021.5, Plaintiff and

- 13 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1    members of the Plaintiff Class are entitled to recover reasonable attorneys' fees, costs, and

2    expenses incurred in bringing this action.

3        75.    This cause of action is brought as a cumulative remedy and is intended as an

4    alternative remedy for restitution for Plaintiff, and each Subclass Member, for the four (4) year

5    period before the filing of this Complaint, and as the primary remedy during the fourth year

6    before the filing of this Complaint. Business and Professions Code § 17205.

**NINTH CAUSE OF ACTION**
**PAGA Civil Penalties for Failure to Pay Minimum and Overtime Wages**
**(By Plaintiff and Aggrieved Employees against Each Defendant)**

9        76.    Plaintiff incorporates the preceding paragraphs of this Complaint.

10       77.    "Notwithstanding any agreement to work for a lesser wage, any employee

11   receiving less than the legal minimum wage or the legal overtime compensation applicable to

12   the employee is entitled to recover in a civil action the unpaid balance of the full amount of this

13   minimum wage or overtime compensation, including interest thereon, reasonable attorney's

14   fees, and costs of suit." Labor Code § 1194(a).

15       78.    "[A]ny provision of this code that provides for a civil penalty to be assessed and

16   collected by the Labor and Workforce Development Agency or any of its departments,

17   divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an

18   alternative, be recovered through a civil action brought by an aggrieved employee on behalf of

19   himself or herself and other current or former employees pursuant to the procedures specified

20   in Section 2699.3." Labor Code § 2699(a).

21       79.    "For all provisions of this code except those for which a civil penalty is

22   specifically provided, there is established a civil penalty for a violation of these provisions [ ]

23   (2) If, at the time of the alleged violation, the person employs one or more employees, the civil

24   penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial

25   violation and two hundred dollars ($200) for each aggrieved employee per pay period for each

26   subsequent violation." Labor Code § 2699(f)(2).

27       80.    Section 2699.3(a) applies to any alleged violation of Labor Code sections 510,

28   1194, and 1194.1, and allows for recovery of PAGA civil penalties. Labor Code § 2699.5.

- 14 -

| First Amended Complaint | Case No. RG21092756 |

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

81. Defendants failed to pay minimum and overtime wages during the PAGA Period. Plaintiff will seek $100 for the initial pay period an employee was underpaid, and $200 for each subsequent violation.

82. Defendants' conduct violates the applicable Wage Order(s) by failing to pay minimum wages to employees. Plaintiff will also seek $50 for the initial pay period an employee was underpaid, and $100 for each subsequent violation.

<div align="center">

**TENTH CAUSE OF ACTION**
**PAGA Civil Penalties for Failure to Provide Meal Periods**
**(By Plaintiff and Aggrieved Employees against Each Defendant)**

</div>

83. Plaintiff incorporates the preceding paragraphs of this Complaint.

84. By failing to provide uninterrupted meal periods of at least 30 minutes for shifts of five hours or more, which began before the end of the fifth hour of work, and a second meal period at least 30 minutes for shifts of ten hours or more, which began before the end of the tenth hour of work, Defendants willfully violated Labor Code sections 226.7 and 512 and the applicable Wage Order(s).

85. By failing to pay employees one hour of pay at their regular rate of compensation for each workday a meal period was not provided, Defendants willfully violated Labor Code sections 226.7 and 512, and the applicable Wage Order(s).

86. During the PAGA Period, Defendants failed to provide compliant meal periods. Plaintiff will seek penalties of $100 for the initial pay period an employee was underpaid, and $200 for each subsequent violation. Labor Code § 2699(f)(2).

<div align="center">

**ELEVENTH CAUSE OF ACTION**
**PAGA Civil Penalties for Failure to Authorize and Permit Paid Rest Periods**
**(By Plaintiff and Aggrieved Employees against Each Defendant)**

</div>

87. Plaintiff incorporates the preceding paragraphs of this Complaint.

88. By failing to authorize and permit a rest period of at least 10 minutes for every four (4) hours or major fraction thereof worked per day, Defendants willfully violated provisions of Labor Code section 226.7 and the applicable Wage Order(s).

89. By failing to pay employees one hour of pay at their regular rate of compensation for each day a compliant rest period was not authorized and permitted,

<div align="center">

- 15 -

</div>

1  Defendants willfully violated the provisions of Labor Code section 226.7 and the applicable
2  Wage Order(s).
3      90.    During the applicable statutory period, Defendants failed to provide rest periods.
4  Plaintiff will seek penalties of $100 for the initial pay period an employee was underpaid, and
5  $200 for each subsequent violation. Labor Code § 2699(f)(2).

### TWELFTH CAUSE OF ACTION
**PAGA Civil Penalties for Failure to Reimburse Business-Related Expenses**
**(By Plaintiff and Aggrieved Employees against Each Defendant)**

8      91.    Plaintiff incorporates the preceding paragraphs of this Complaint.
9      92.    By failing to reimburse Plaintiff and other aggrieved employees for their
10 business-related expenses, including personal cell phone expenses, Defendants willfully
11 violation Labor Code section 2802.
12     93.    During the applicable statutory period, Defendants failed to reimburse business-
13 related expenses. Plaintiff will seek penalties of $100 for the initial pay period an employee
14 was underpaid, and $200 for each subsequent violation. Labor Code § 2699(f)(2).

### THIRTEENTH CAUSE OF ACTION
**PAGA Civil Penalties for Failure to Provide Accurate Itemized Wage Statements**
**(By Plaintiff and Aggrieved Employees against Each Defendant)**

17     94.    Plaintiff incorporates the preceding paragraphs of this Complaint.
18     95.    Every employer must, semimonthly or at the time of each payment of wages,
19 furnish each of its employees an accurate itemized statement in writing showing, among other
20 things, total hours worked and the name of the legal entity that is the employer. Labor Code §
21 226(a).
22     96.    Defendants intentionally and willfully violated Section 226 by providing wage
23 statements to employees that did not accurately reflect all required information, including but
24 not limited to total hours worked and the name of the legal entity that is the employer.
25     97.    Labor Code section 226.3 provides for civil penalties for violations of Section
26 226. Plaintiff seeks civil penalties of $250 for the initial violation and $1,000 for each
27 subsequent violation. Labor Code § 226.3.
28 ///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 16 -

## FOURTEENTH CAUSE OF ACTION
### PAGA Civil Penalties for Failure to Timely Pay Wages Due Upon Separation of Employment
### (By Plaintiff and Aggrieved Employees against Each Defendant)

98.    Plaintiff incorporates the preceding paragraphs of this Complaint.

99.    Labor Code sections 201-202 require employers to pay wages earned by employees within certain times. Defendants had a consistent and uniform policy, practice, and procedure of willfully failing to pay the earned wages of Defendants' former employees. An employer that willfully fails to timely pay all final wages must, as a statutory penalty, pay an employee's wages for 30 days, or until back wages are paid in full. Labor Code section 203.

100.    Defendants failed to pay Plaintiff and other aggrieved employees all final wages, including minimum and overtime wages, and meal and rest period premium wages, as required by Labor Code sections 201-202.

101.    Defendants failed to pay Plaintiff and other aggrieved employees penalties due them based on Defendants' failure to pay all final wages in a timely manner as required by Labor Code section 203. Plaintiff will seek penalties of $100 for the initial pay period an employee was not reimbursed, and $200 for each subsequent violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the Plaintiff Class against Defendants:

1.    Certification of this action as a class action and appointment of Plaintiff and Plaintiff's counsel to represent the Plaintiff Class;

2.    Provision of class notice to members of the Plaintiff Class as defined above;

3.    A declaratory judgment that Defendants knowingly and intentionally violated:

   a.    California Labor Code sections 510 and 1194 by failing to pay minimum and overtime wages;

   b.    California Labor Code sections 226.7 and 512 by failing to provide meal and rest periods;

   c.    California Labor Code section 2802 by failing to reimburse necessary

- 17 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

business-related expenses;

      d.    California Labor Code section 226 by failing to provide accurate, itemized wage statements;

      e.    California Labor Code section 203 by failing to pay waiting time penalties; and

      f.    California Business and Professions Code sections 17200, *et seq.* by engaging in unlawful or unfair business practices.

4.    That Defendants be permanently enjoined from engaging in the unlawful or unfair acts and practices alleged;

5.    An order requiring Defendants to pay restitution of all amounts owed to Plaintiff and members of the Plaintiff Class, in an amount according to proof, pursuant to California Business and Professions Code section 17203;

6.    That this action be maintained as a Representative Action under the PAGA, and Plaintiff and his counsel be provided with all enforcement capability as if the action were brought by the California Division of Labor Standards Enforcement;

7.    For recovery of all civil penalties permitted by Labor Code section 2699, for unpaid minimum and overtime wages pursuant to Labor Code section 1194, according to proof;

8.    For recovery of civil penalties permitted by Labor Code section 2699, for unpaid meal period premiums earned pursuant to Labor Code section 226.7, according to proof;

9.    For recovery of civil penalties permitted by Labor Code section 2699 for unpaid rest period premiums earned pursuant to Labor Code section 226.7, according to proof;

10.    For recovery of all civil penalties as permitted by Labor Code section 2699, for failing to reimburse all necessary business-related expenses incurred, pursuant to Labor Code section 2802;

11.    For recovery of civil penalties permitted by Labor Code section 2699, for inaccurate itemized wage statements pursuant to Labor Code sections 226 and 226.3, according to proof;

12.    For recovery of civil penalties permitted by Labor Code section 2699(f)(2) for

- 18 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  failing to timely pay all final wages due pursuant to Labor Code sections 201-202;

2       13.    For recovery of civil penalties permitted by Labor Code section 2699(f)(2) for

3  failing to pay statutory waiting time penalties due pursuant to Labor Code section 203;

4       14.    For the Plaintiff to be recognized by the Court as serving as a Representative of

5  the LWDA, that he be deemed an "aggrieved employee," and that he be awarded some form of

6  enhanced compensation for bringing this action should he prevail and provide benefit to the

7  State of California or other "aggrieved employees," subject to the Court's discretion

8       15.    Compensatory damages according to proof;

9       16.    Statutory damages as provided under the Labor Code;

10       17.    Liquidated damages as provided under the Labor Code;

11       18.    Pre-judgment interest on all sums collected;

12       19.    Reasonable attorneys' fees and costs, pursuant to California Code of Civil

13  Procedure section 1021.5, and the California Labor Code, or other applicable law;

14       20.    Costs of suit; and,

15       21.    Such other relief as the Court may deem appropriate.

16  Dated: May 10, 2021          COHELAN KHOURY & SINGER

17                      By:_____

18                        Michael D. Singer, Esq.
                      Jeff Geraci, Esq.

19                        Rosemary C. Khoury, Esq.
                      Attorneys for Plaintiff Gregory Horowitz, on

20                        behalf of himself and all others similarly situated

21              **DEMAND FOR JURY TRIAL**

22       Plaintiff demands a jury trial of all claims triable as of right by jury.

23  Dated: May 10, 2021          COHELAN KHOURY & SINGER

24

25                      By:_____

26                        Michael D. Singer, Esq.
                      Jeff Geraci, Esq.

27                        Rosemary C. Khoury, Esq.
                      Attorneys for Plaintiff Gregory Horowitz, on

28                        behalf of himself and all others similarly situated

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

-19-

# EXHIBIT 1

# COHELAN KHOURY & SINGER

A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC*

(*Also admitted in the District of Columbia)
(•Also admitted in Colorado)

ATTORNEYS AT LAW

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
www.ckslaw.com

JEFF GERACI
J. JASON HILL†
KRISTINA DE LA ROSA
ROSEMARY C. KHOURY

(† Also admitted in Illinois)

March 4, 2021

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO CALIFORNIA LABOR CODE SECTIONS 2698, *et seq.*

### NOTICE VIA ONLINE SUBMISSION
California Labor and Workforce Development Agency
https://www.dir.ca.gov/Private-Attorneys-General-Act/Private-Attorneys-General-Act.html

### Via Certified U.S. Mail with Return Receipt

SkyWest Airlines, Inc.
444 S. River Rd.
St. George, UT 84790

SkyWest Airlines, Inc.
c/o Corporate Creations Network, Inc.
4640 Admiralty Way, 5th Floor
Marina Del Rey, CA 90292

> Re: Notice by Gregory Horowitz, on behalf of himself and all similarly-aggrieved California employees of SkyWest Airlines, Inc., as an individual and as a proposed Representative of the State of California

Dear PAGA Administrator:

Gregory Horowitz ("Claimant") intends to bring a Private Attorneys General Act ("PAGA") action against SkyWest Airlines, Inc. ("SkyWest") on behalf of all other aggrieved employees. In this notice, "aggrieved employees" means all non-exempt California employees subject to the policies and practices described below, including, but not limited to, pilots.

### Factual Statement

Gregory Horowitz was a commercial airline pilot for SkyWest based at Los Angeles International Airport ("LAX") for over four years until his employment ended in August of 2020. Claimant's work time was denominated "duty time," defined by SkyWest as "[t]he time beginning at the report for duty time and terminating at the release from duty time." Duty time began when Claimant arrived at the airport and clocked in using his cell phone and ended when Claimant left the airport and clocked out using his cell phone. Within Claimant's duty time there were "block times," essentially his actual flight times. Block time began when the brakes of the airplane released and pushback began and ended when the airplane's parking break was set and the doors opened for deplaning.

In 2019, as a "First Officer ERJ," Claimant's block time was compensated at roughly $60 per hour. In 2020, as a "Captain ERJ," Claimant's block time was compensated at roughly $110 per hour. Claimant also received reserve pay when "on-call." All other time under SkyWest's control, including time going through TSA security checks, was not compensated.

Claimant was paid overtime when his actual block time exceeded his scheduled block time. For example, if Claimant was scheduled for six hours of block time, but his block time was actually seven hours due to flight delays, circling, or bad weather conditions, he would be paid one hour of overtime. Claimant's overtime was paid at less than one and one-half times his base hourly rate for block time. In addition, Claimant and other aggrieved employees were not paid overtime based on all duty hours worked in excess of eight per day or forty per week. Although Claimant and other aggrieved employees received non-discretionary bonuses, these were not included in the regular rate when calculating overtime pay.

SkyWest did not provide off-duty meal periods of 30 minutes before the end of the fifth hour of Claimant's and other aggrieved employees' shifts. For example, Claimant often had to rush from one scheduled flight to the next. Claimant could usually eat something quickly between flights, but could not take a 30-minute meal break. It was also not possible for Claimant and aggrieved employees to be relieved of all duties for full 10-minute rest periods.

Claimant was required to use his personal cell phone regularly to: clock in when arriving at the airport; clock out when leaving the airport; and, make and receive calls from air traffic controllers, maintenance crews, and dispatch. Claimant and aggrieved employees were not reimbursed for cell phone expenses.

Wage statements issued to Claimant and aggrieved employees by SkyWest did not display the correct number of hours worked, all hourly rates in effect each pay period and the number of hours worked at each rate, nor the name of the legal entity that was the employer.

Summarizing the claims on behalf of Mr. Horowitz and all other aggrieved employees of SkyWest, SkyWest failed to:

1. Pay at least minimum wages for all hours worked;

2. Pay overtime premium wages for all hours worked in excess of eight hours per day or forty hours per week;

3. Pay the correct overtime rate for all overtime hours worked;

4. Provide meal periods;

5. Authorize and permit rest periods;

6. Reimburse for necessary work-related cell phone expenses;

7. Provide compliant wage statements; and

8. Timely pay all wages owed at separation from employment.

### Labor Code §§ 218.5, 510, and 1194 (Minimum, Regular, and Overtime Wages)

Labor Code sections 218.5, 510, and 1194 require employers to pay at least minimum wage for all hours worked, overtime wages for hours worked over eight per day or forty per week, and double time wages for hours over twelve per day. Overtime wages must be paid at

one-and-one half times the employees' regular rate, which must incorporate non-discretionary bonuses.

Because of SkyWest's policies and practices, Claimant and other aggrieved employees were not paid wages for hours worked outside of block time and were not paid overtime wages at one and one-half times the regular rates of pay, as set forth above.

### Labor Code §§ 512 and 226.7 (Meal and Rest Periods and Premium Wages)

Employers must provide employees a 30-minute, uninterrupted meal period "after no more than five hours of work," and "a second meal period after no more than 10 hours work." *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1049 (2012). If meal breaks are late, missed, or short, the employer is liable for an hour of pay at the employee's regular rate ("premium wages"). Labor Code § 226.7. Likewise, employers must authorize and permit a 10-minute, uninterrupted rest period for every 4 hours, or major fraction thereof, that an employee works; if the rest period is too short, interrupted, or not authorized or permitted, the employer is liable for an hour of pay at the employee's regular rate ("premium wages"). Labor Code § 226.7.

Because of SkyWest's policies and practices, Claimant and other aggrieved employees did not receive compliant meal and rest periods, including second meal periods and third rest periods where applicable. Premium wages were not paid for non-compliant breaks.

### Labor Code § 2802 (Business Expense Reimbursement)

An employer must reimburse its employees for necessary business-related expenses. Labor Code § 2802. SkyWest had a policy and practice not to reimburse Claimant and other aggrieved employees for necessary use of their personal cell phones for work.

### Labor Code § 226 (Wage Statements)

California employers are required to provide itemized wage statements showing, among other things, "total hours worked by the employee," "the name and address of the legal entity that is the employer," and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Labor Code §§ 226(a)(2), (8), (9).

SkyWest had a policy and practice to provide wage statements that did not show the correct number of hours worked, all hourly rates in effect each pay period and the number of hours worked at each rate, nor the name of the legal entity that is the employer.

### Labor Code §§ 201-203 (Final Wages)

An employer must pay all wages due to involuntarily terminated employees at the time of termination, or within 72 hours to employees voluntarily terminating. Labor Code § 201. If an employer willfully fails to timely pay all final wages, the wages continue at the same rate for up to 30 days, until paid.

CA Labor & Workforce Development Agency
SkyWest Airlines, Inc.
Re: Gregory Horowitz
March 4, 2021
Page 4

As a result of its failure to pay all wages earned described above, SkyWest failed to pay all final wages due to Claimant and other aggrieved employees and violated Sections 201-203.

### Conclusion

Claimant requests the Labor and Workforce Development Agency ("LWDA") initiate enforcement for the violations described above against SkyWest. If the LWDA does not pursue enforcement, Mr. Horowitz will pursue claims for statutory penalties and seek all remedies available for SkyWest's violations of the Labor Code and applicable Industrial Welfare Commission Wage Order, including all available penalties set forth in Labor Code section 2699(f).

Very truly yours,
COHELAN KHOURY & SINGER

Jeff Geraci, Esq.

cc (via email only):
Emil Davtyan, Esq.
DAVTYAN LAW FIRM, INC.
880 E. Broadway
Glendale, CA 91205
Emil@DavtyanLaw.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jeff Geraci (SBN 151519)<br>COHELAN KHOURY & SINGER<br>605 C Street, Suite 200<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-595-3001  FAX NO.: 619-595-3000<br>ATTORNEY FOR (Name): Plaintiff GREGORY HOROWITZ | **ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>MAR 2 2 2021<br><br>CLERK OF THE SUPERIOR COURT<br>By  ANDREL GOSPEL<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
Horowitz v. SkyWest Airlines

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG21092756 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 22, 2021
Jeff Geraci
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
 Product Liability *(not asbestos or
   toxic/environmental)* (24)
 Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
 Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
   Practice (07)
 Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
 Defamation (e.g., slander, libel)
   (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
 Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
 Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
   Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
 Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
   Governance (21)
 Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

| Short Title: | Case Number: |
|---|---|
| HOROWITZ v. SKYWEST AIRLINES, INC. | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

|  | [ ] Hayward Hall of Justice (447) |
|---|---|
| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. In possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

Cohelan Khoury & Singer
Attn: Geraci, Jeff
605 C Street
Suite 200
San Diego, CA  92101

Skywest Airlines, INC.

# Superior Court of California, County of Alameda
# Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Horowitz | No. RG21092756 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Skywest Airlines, INC. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |



To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Complex Determination Hearing

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 04/28/2021   TIME:  09:00 AM   DEPARTMENT:  21
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Complex Determination Hearing:
DATE: 06/02/2021   TIME:  09:00 AM   DEPARTMENT:  21
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6937. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 03/25/2021          Chad Finke  Executive Officer / Clerk of the Superior Court

By

_____
                                                                    Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/26/2021.

By

_____
                                                                    Deputy Clerk



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- ***Faster*** –Litigation can take years to complete but ADR usually takes weeks or months.

- ***Cheaper*** – Parties can save on attorneys' fees and litigation costs.

- ***More control and flexibility*** – Parties choose the ADR process appropriate for their case.

- ***Cooperative and less stressful*** – In mediation, parties cooperate to find a mutually agreeable resolution.

- ***Preserve Relationships*** – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- ***You may go to court anyway*** – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- ***Mediation*** – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

• *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____ An **Initial Case Management Conference** is scheduled for:

   Date:         Time:         Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation      ☐ Judicial arbitration

   ☐ Private mediation      ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PLAINTIFF)

Date:

_____ ▶ _____

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER.: |
| --- | --- |

Date:

_____      ▶_____
(TYPE OR PRINT NAME)                                (SIGNATURE OF DEFENDANT)

Date:

_____      ▶_____
(TYPE OR PRINT NAME)                         (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

Cohelan Khoury & Singer
Attn: Geraci, Jeff
605 C Street
Suite 200
San Diego, CA   92101

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Horowitz<br><br>Plaintiff/Petitioner(s)<br><br>vs.<br><br>Skywest Airlines, INC.<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG21092756<br><br>Order<br><br>Complaint - Other Employment |

The Complex Determination Hearing was set for hearing on 04/28/2021 at 09:00 AM in Department 21 before the Honorable Winifred Y. Smith. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties.  All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA  94612.  Please make check(s) payable to the Clerk of the Superior Court.  Documents may continue to be filed as allowed under Local Rule 1.9.  Note that for those admitted pro hac vice, there is also an annual fee.  (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.   All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated: 04/28/2021

_Winifred Y. Smith_ Facsimile

————————————————————
Judge Winifred Y. Smith

MAY 1 8 2021

| | |
|---|---|
| **Horowitz** | **No. RG21092756** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Skywest Airlines, INC.** | |
| **D**efendant/**R**espondent(s) | |
| **(Abbreviated Title)** | |

Department  21      Honorable  Winifred Y. Smith      , Judge

Cause called for: Complex Determination Hearing on June 02, 2021.

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Minutes of     06/02/2021
Entered on    06/02/2021

Chad Finke  Executive Officer / Clerk of the Superior Court

By       _____

                              Deputy Clerk

**Minutes**

Cohelan Khoury & Singer
Attn: Geraci, Jeff
605 C Street
Suite 200
San Diego, CA 92101

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Horowitz<br><div align="right">Plaintiff/Petitioner(s)</div><br>VS.<br><br>Skywest Airlines, INC.<br><div align="right">Defendant/Respondent(s)</div><div align="center">(Abbreviated Title)</div> | No. <u>RG21092756</u><br><br>Order<br><br>Complaint - Other Employment |

The Complex Determination Hearing was set for hearing on 06/02/2021 at 09:00 AM in Department 21 before the Honorable Winifred Y. Smith. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated:  06/02/2021

Facsimile

_____
Judge Winifred Y. Smith