IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HOROWITZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SKYWEST AIRLINES, INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-04674-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIM FOR UNPAID OVERTIME** |

Before the Court is defendant SkyWest Airlines, Inc.'s ("SkyWest") Motion, filed June 24, 2021, "to Dismiss Plaintiff's Claim for Unpaid Overtime." Plaintiff Gregory Horowitz ("Horowitz") has filed opposition, to which SkyWest has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for September 10, 2021, and rules as follows.

Horowitz was formerly employed by SkyWest as a pilot. In his operative complaint, the "First Amended Class Action and Private Attorneys General Act ('PAGA') Complaint" ("FAC") filed in state court on May 10, 2021,[1] Horowitz asserts fourteen Causes of Action arising from alleged violations of the California Labor Code.

By the instant motion, SkyWest seeks dismissal of the Second Cause of Action, which is brought under "Labor Code sections 510 and 1194, and IWC Wage Order 9-2001 [Wage Order 9]" and is based on allegations that SkyWest "failed to pay overtime

---

[1] The case was removed to federal court on June 17, 2021.

wages for hours worked in excess of eight (8) [hours] in one day or forty (40) [hours] in one week," and that "[o]vertime wages that were paid . . . were underpaid because non-discretionary bonuses were not incorporated into the regular rate of pay for the purposes of calculating overtime." (See FAC ¶ 47.)

Pursuant to § 510, all workers are entitled to overtime compensation for work "in excess of eight hours in one workday," work "in excess of 40 hours in any one workweek," and work "on the seventh day of work in any one workweek." See Cal. Lab. Code § 510(a). Wage Order 9 provides the same relief to workers in the "transportation industry." See Cal. Code Regs. tit. 8, §§ 11090(1), (3).[2]

SkyWest argues Horowitz's claims under § 510 and Wage Order 9 are subject to dismissal in light of an exemption set forth in Wage Order 9, specifically, that the Order "shall not be deemed to cover those employees who have entered into a collective bargaining agreement under and in accordance with the provisions of the Railway Labor Act ['RLA'], 45 U.S.C. Sections 151 et. seq." See Cal. Code Regs. tit. 8, § 11090(1)(E). As set forth below, the Court agrees.

At the outset, while acknowledging a district court, in ruling on a motion to dismiss, ordinarily may not consider material beyond the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), the Court finds it can consider three documents submitted by SkyWest in support of the instant motion, namely, three versions of the "SkyWest Airlines Pilot Policy Manual," each of which contains a signed "Letter of Agreement between SkyWest Airlines Inc. and the SkyWest Airlines Pilot Association" (see Arnold Decl. Ex. A at 2, 10, Ex. B at 2, 10, Ex. C at 2, 10),[3] was in effect during a portion of the period in which Horowitz was employed by SkyWest, and when taken together cover the entirety of his period of employment (see id. Ex. A at

---

[2] Section 1194 provides an employee with a cause of action to obtain unpaid "overtime compensation." See Cal. Lab. Code § 1194(a).

[3] In citing to exhibits to the Arnold Declaration, the Court has used herein the page number affixed to the top of each page by this district's electronic filing program.

2

2, Ex. B at 2, Ex. C at 2).

In particular, an exception to the general rules exists where the contents of a document are alleged in the complaint or the complaint "necessarily relies" on a document not "explicitly refer[enced]" therein and the plaintiff does not dispute the document's authenticity. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Here, Horowitz, who does not dispute the authenticity of the Pilot Policy Manuals, relies on SkyWest's definitions of "block times" and "duty time" to support his claim for overtime compensation, and, although not expressly acknowledged in the FAC, the definitions of those words are contained in the Pilot Policy Manuals. (Compare FAC ¶ 32 with Arnold Decl. Ex. A at 12, 16.)

Moreover, as Horowitz acknowledges, the Court can take judicial notice of the contents of the Pilot Policy Manuals, if requested (see Pl.'s Opp. at 10), a request SkyWest, contrary to Horowitz's argument, did make (see Def.'s Mot. at 2:17-18, 3:13-14).

Next, contrary to Horowitz's argument, it is readily apparent from the Pilot Policy Manuals that they constitute collective bargaining agreements under the RLA, as they are agreements between a "carrier," SkyWest, and its "employees," the Pilot Association, that address in detail the terms and conditions of all SkyWest pilots' employment, such as compensation (see Arnold Decl. Ex. A at 48-71), training requirements (see id. Ex. A at 98-104), work scheduling practices (see id. Ex. A at 108-132), and corrective action policies/grievance procedures (see id. Ex. A at 166-174). See 45 U.S.C. § 152, subd. 1 (providing it is "the duty" of all "carriers" and their "employees" to "make and maintain agreements concerning rates of pay, rules, and working conditions"); 45 U.S.C. § 181 (providing provisions of RLA apply to "every common carrier by air engaged in interstate or foreign commerce").[4]

Lastly, under California law, where a defendant establishes the applicability of an

---

[4] Horowitz alleges SkyWest operates "throughout North America." (See FAC ¶ 6.)

exemption from a provision of a wage order, and, consequently, bars any claim for violation of such provision, the exemption likewise bars claims for violation of identical provisions set forth in "statutes and regulations."  See Collins v. Overnite Transp. Co., 105 Cal. App. 4th 171, 173, 177-80 (2003) (holding, where "motor carrier exemption of Wage Order 9" applied, defendant also exempt from requirements of § 510).  Consistent therewith, the Ninth Circuit has held that where, as here, an airline employee is covered by a collective bargaining agreement under the RLA, "the RLA exemption excuses [the airline] from both Wage Order 9's overtime requirements and Section 510's overtime requirements."  See Angeles v. US Airways, Inc., 790 Fed. Appx. 878, 880 (9th Cir. 2020).

Accordingly, the Second Cause of Action is subject to dismissal.

## CONCLUSION

For the reasons stated above, SkyWest's motion to dismiss is hereby GRANTED, and the Second Cause of Action is hereby DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Dated: September 8, 2021

MAXINE M. CHESNEY
United States District Judge