**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Jeff Geraci (SBN 151519)
jgeraci@ckslaw.com
Rosemary C. Khoury (SBN 331307)
rkhoury@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone:     (619) 595-3001
Facsimile:      (619) 595-3000

**DAVTYAN LAW FIRM, INC.**
Emil Davtyan (SBN 299363)
support@davtyanlaw.com
880 E. Broadway
Glendale, CA 91205
Telephone:     (818) 875-2008
Facsimile:      (818) 722-3974

Attorneys for Plaintiff Gregory Horowitz, on behalf of himself
and all others similarly situated and aggrieved

**UNITED STATES DISTRICT COURT**

**NOTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO**

| | |
|---|---|
| GREGORY HOROWITZ, on behalf of himself and all others similarly situated<br><br>        Plaintiff,<br><br>    v.<br><br>SKYWEST AIRLINES, INC., a Utah Corporation; and DOES 1 Through 10, inclusive,<br><br>        Defendants. | Case No. 21-CV-04674-MMC<br><br>**CLASS AND REPRESENTATIVE ACTION**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date:         January 6, 2023<br>Time:         9:00 a.m.<br>Judge:       Hon. Maxine M. Chesney<br>Courtroom:   7<br><br>Complaint filed:   March 22, 2021<br>Removal date:     June 17, 2021<br>Trial date:         Not set |

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION .................................................................................................1

II.   PROCEDURAL HISTORY ..................................................................................2

III.  STATEMENT OF FACTS ...................................................................................2

    A.    Defendant ..................................................................................................2

    B.    Plaintiff and the Proposed Class ...............................................................2

    C.    SkyWest's Wage Statements.....................................................................2

    D.    Meal and Rest Period Policies...................................................................3

    E.    Expense Reimbursement ...........................................................................3

IV.   APPLICABLE WAGE AND HOUR LAW ..........................................................3

    A.    Wage Statements.......................................................................................3

    B.    Meal and Rest Periods...............................................................................3

    C.    Reasonable Business Expenses Must Be Reimbursed ...........................4

    D.    All Wages Due Must Be Paid at Separation ............................................4

V.    CERTIFICATION IS APPROPRIATE UNDER RULE 23(A) ...........................4

    A.    The Proposed Class Is Sufficiently Numerous.........................................5

    B.    Common Issues of Law and Fact Exist.....................................................5

    C.    Class Representative's Claims Are Typical ..............................................5

    D.    The Proposed Class Representative Is Adequate ......................................6

VI.   CERTIFICATION IS APPROPRIATE UNDER RULE 23(B)(3)........................6

    A.    Common Questions Predominate Over Individual Claims........................7

        1.    Wage Statements..........................................................................8

        2.    Meal and Rest Periods..................................................................9

        3.    Expense Reimbursement ............................................................10

    B.    Class Treatment is Superior ....................................................................11

    C.    The Case is Manageable as a Class Action..............................................11

        1.    Wage Statement Penalties ..........................................................12

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Memorandum of Points & Authorities ISO Motion for Class Certification
Case No. 21-CV-04674-MMC

**PAGE**

        2.    Meal and Rest Periods ........................................................................ 12

        3.    Expense Reimbursement ..................................................................... 13

VII.    DERIVATIVE AND UCL CLAIMS SHOULD BE CERTIFIED ................................ 14

VIII.    CONCLUSION .................................................................................................. 15

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Memorandum of Points & Authorities ISO Motion for Class Certification
Case No. 21-CV-04674-MMC

# TABLE OF AUTHORITIES

**PAGE**

*Alcantar v. Hobart Serv.*
    800 F.3d 1047 (9th Cir. 2015)........................................................ 5

*Bradley v. Networkers Internat., LLC*
    211 Cal.App.4th 1129 (2012)....................................................10, 13

*Brinker Restaurant Corp. v. Superior Court*
    53 Cal. 4th 1004 (2012) ..........................................3, 9, 10, 11, 13

*Bernstein v. Virgin America, Inc.*
    990 F.3d 1157 (9th Cir. 2021)...........................................1, 2, 4, 9

*Blackie v. Barrack*
    524 F.2d 891 (9th Cir. 1975)........................................................12

*California Rural Legal Assistance v. Legal Services Corp.*
    917 F.2d 1171 (9th Cir. 1990)........................................................6

*Cochran v. Schwan's Home Service, Inc.*
    228 Cal.App.4th 1137 (2014).........................................1, 4, 10, 14

*Comcast v. Behrend*
    569 U.S. 27 (2013) .....................................................................11

*Cortez v. Purolator Air Filtration Products Co.*
    23 Cal.4th 163 (2000) .................................................................14

*Dukes v. Wal-Mart Stores, Inc.*
    603 F.3d 571 (9th Cir. 2010)..........................................................5

*Fleming v. Matco Tools Corp.*
    2021 U.S.Dist.LEXIS 33513 (N.D.Cal. Feb. 21, 2021)....................43

*General Tel. Co. v. EEOC*
    446 U.S. 318 (1980).....................................................................5

*General Tel. Co. of Southwest v. Falcon*
    457 U.S. 147 (1982) ....................................................................5

*Hamilton v. Wal-Mart Stores, Inc.*
    39 F.4th 575 (9th Cir. 2022)..........................................................1

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998)......................................................5, 6

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- iii -

**PAGE**

*Hanon v. Dataproducts*
   976 F.2d 497 (9th Cir. 1992)................................................................................4

*Hernandez v. Mendoza*
   199 Cal.App.3d 721 (1988)................................................................................5

*Hernandez v. Wells Fargo Bank, N.A.*
   2020 U.S. Dist. LEXIS 15844 (N.D. Cal. Jan. 29, 2020) .............................13

*Jimenez v. Allstate Ins. Co.*
   765 F.3d 1161 (9th Cir. 2014)............................................................................8

*Kamm v. Cal. City Dev. Co.*
   509 F.2d 205 (9th Cir. 1975)..............................................................................7

*Leyva v. Medline Indus., Inc.*
   716 F.3d 510 (9th Cir. 2013)............................................................................11

*Martinez v. Joe's Crab Shack Holdings*
   231 Cal. App. 4th 362 (2014)...........................................................................11

*Martino v. Ecolab, Inc.*
   2016 U.S. Dist. LEXIS 19352 (N.D. Cal. Feb. 16, 2016)...............................11

*Naranjo v. Spectrum Security Services, Inc.*
   13 Cal.5th 93 (2022) ...................................................................................... 14

*Nelson v. Avon Prods.*
   2015 U.S. Dist. LEXIS 51104 (N.D. Cal. Apr. 17, 2015) ............................. 7

*Nucci v. Rite Aid Corp.*
   2020 U.S.Dist.LEXIS 104164 (N.D. Cal. June 14, 2020) ...............................4

*O'Connor v. Uber Techs., Inc.*
   311 F.R.D. 547 (N.D. Cal. 2015) .....................................................................10

*Postpichal v. Cricket Wireless, LLC,*
   2021 U.S. Dist. LEXIS 146166 (N.D. Cal. Aug. 4, 2021)................................5

*Pulaski & Middleman, LLC v. Google, Inc.*
   802 F.3d 979 (9th Cir. 2015) ...........................................................................11

*Sav-On Drug Stores, Inc. v. Superior Court*
   34 Cal. 4th 319 (2004) ....................................................................................11

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- iv -

**PAGE**

*Schulz v. Qualxserv, LLC*
    2012 U.S. Dist. LEXIS 58561 (S.D. Cal. Apr. 26, 2012) .............................................. 14

*Stockwell v. City & Cty. of San Francisco*
    749 F.3d 1107 (9th Cir. 2014)........................................................................................ 5

*Vaquero v. Ashley Furniture Indus.*
    824 F.3d 1150 (2016)........................................................................................ 11, 12, 13

*Wal-Mart Stores, Inc. v. Dukes*
    564 U.S. 338 (2011) ........................................................................................................ 8

*Wang v. Chinese Daily News, Inc.*
    737 F.3d 538 (9th Cir. 2013)........................................................................................... 6

*Ward v. United Airlines Inc.*
    9 Cal. 5th 732 (2020) ..................................................................................................... 1

*Ward v. United Airlines*
    986 F.3d 1234 (9th Cir. 2021)................................................................................... 3, 8

*Ward v. United Airlines, Inc.*
    2022 U.S.Dist.LEXIS 140091 (N.D.Cal. Aug. 7, 2022).............................................. 8, 9

*Willner v. Manpower Inc.*
    35 F. Supp. 3d 1116 (N.D. Cal. 2014) ........................................................................... 9

*Wilson v. Skywest Airlines, Inc.*
    2021 U.S. Dist. LEXIS 129507 (N.D. Cal. July 12, 2021) ........................................ 1, 4

*Yokoyama v. Midland Nat'l Life Ins. Co.*
    594 F.3d 1087, 1094 (9th Cir. 2010) .......................................................................... 12

## STATUTES AND REGULATIONS

**PAGE**

*California Business & Professions Code*
    § 17200, et seq ......................................................................................................... 1, 14

*California Civil Code*
    § 201.............................................................................................................................. 4
    § 203.......................................................................................................................... 1, 4
    § 226.................................................................................................... 1, 3, 8, 9, 14
    § 226(a) ..................................................................................................................... 8, 9
    § 226(a)(2)..................................................................................................................... 9
    § 226(a)(8)-(9)............................................................................................................... 3

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Memorandum of Points & Authorities ISO Motion for Class Certification
Case No. 21-CV-04674-MMC

**PAGE**

§ 226(a)(9)..................................................................................................9

§ 226(e) ....................................................................................................8

§ 226.7...............................................................................................1, 13

§ 2802...................................................................................1, 4, 10, 14

§ 2698, et seq ............................................................................................1

*Federal Rules of Civil Procedure*

Rule 23(a).............................................................................................4, 6

Rule 23(a)(1) ..............................................................................................5

Rule 23(a)(2) .........................................................................................5, 8

Rule 23(a)(3) ..............................................................................................5

Rule 23(a)(4) ..............................................................................................6

Rule 23(b) ...................................................................................................6

Rule 23(b)(3) .........................................................................................6, 7

Rule 23(b)(3)(D) ......................................................................................11

Rule 42(b)(3) ............................................................................................11

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Memorandum of Points & Authorities ISO Motion for Class Certification
Case No. 21-CV-04674-MMC

# I.    INTRODUCTION

Plaintiff seeks to certify a class of nearly 2,600 SkyWest Airlines, Inc. ("SkyWest") California-based Pilots employed any time, March 22, 2017 to the present ("Class Period"). SkyWest applied uniform policies to Pilots during the Class Period, including failing to provide: accurate wage statements; meal and rest periods; reimbursement for cellphone expenses; and all final wages owed. California Labor Code §§ 203, 226, 226.7, 2802. These policies resulted in violations of California's Private Attorneys General Act (PAGA), and unfair competition laws. Labor Code §§ 2698, et seq., Bus. & Prof. Code §§17200, et seq.

California's meal and rest break requirements apply to the airline industry. *Bernstein v. Virgin America, Inc.*, 990 F.3d 1157, 1167-1170 (9th Cir. 2021). SkyWest knows this. *Wilson v. Skywest Airlines, Inc.* (N.D. Cal. July 12, 2021, No. 19-cv-01491-VC) 2021 U.S. Dist. LEXIS 129507, at *2. Yet SkyWest has no policy to provide Pilots meal or rest breaks.

California's wage statement requirements apply to the airline industry. *Ward v. United Airlines Inc.*, 9 Cal. 5th 732, 760-61 (2020). Yet SkyWest makes no effort to comply. See Plaintiffs' Notice of Lodgment ("NOL"), Exh. 2 at 20:11-24, Exh. 3 (exhibit references are to NOL unless otherwise noted) (Pilots given "wage statement which has their credit hours…").

SkyWest is required to reimburse Pilots for business related cell phone use. Reimbursement is always required, "Otherwise, the employer would receive a windfall because it would be passing its operating expenses on to the employee." *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137, 1144. But SkyWest only reimburses those in "leadership or management positions." Exh. 2 at 59:24-60:12.

Most important for this motion is SkyWest's uniform application of these policies throughout the Class Period. Which party will prevail on the merits will not be known until summary adjudication. But that result will apply to the class.

Plaintiff seeks certification of claims for failure to provide accurate wage statements, meal/rest periods, expense reimbursement, and waiting time penalties, and UCL violations. Plaintiff does not seek certification of claims for failure to pay wages. It is unnecessary to certify PAGA claims. *Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575 (9th Cir. 2022).

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## II. PROCEDURAL HISTORY

Plaintiff filed this action in Alameda County Superior Court. Defendant removed. On September 8, 2021, the Court granted Defendant's motion to dismiss Plaintiff's unpaid overtime wages claim (Second Cause of Action in First Amended Complaint). Dkt. No. 29. Defendant did not challenge the remaining class or PAGA claims.

## III. STATEMENT OF FACTS

### A. Defendant

SkyWest is a regional airline serving millions of passengers each year and its California-based Pilots operate from five bases in California. Exh. 2 at 16:16-18; 17:7-14. *Bernstein v. Virgin Am., Inc.*, *supra* at 1171.

### B. Plaintiff and the Proposed Class

Plaintiff worked as a Pilot for SkyWest, based at Los Angeles International Airport, from 2016 until his employment ended in August 2020. The class includes only those Pilots based in California. Exh. 2 at 16:16-18; Declaration of Jeff Geraci ¶14 ("Geraci Decl. ").

### C. SkyWest's Wage Statements

Pilots check in for the first flight of a series of flights, which may last one or more days. Pilots are paid based on different formulas, including "block" time, "duty" time, and time based on the total duration of a trip. Exh. 2 at 28:20-29:6, 32:3-33:12.

SkyWest did not produce wage statements in response to prelitigation or discovery requests, but testified the few Plaintiff kept were in the form issued to Pilots in the class period. Exh. 2 at 104:14-105:1, Exh. 3. (Plaintiff's email to counsel with the statements is redacted.) Geraci Decl. ¶17. SkyWest did not begin to include its name and address on the statements until February 21, 2020. Exh. 3, Pltf 230 (statement with "advice date" February 21, 2020).

SkyWest's wage statements are mainly electronic. Exh. 2, 21:11-15, 104:25-105:8. They show a number of "credits," rather than hours worked. *Id.* at 20:11-24. ("for every four hours ["trip rig pay"] it pays one hour of credit." *Id.* at 33:8-9. "For every two hours of duty they get one hour of credit." *Id.* at 71:19-72:2.) It is not possible to tell which "credit" formula is used from the wage statement. Exh. 3.

### D. Meal and Rest Period Policies

SkyWest has no policy to provide compliant meal or rest periods. Exh. 2 at 112:9-23. No Pilot has received any payment in lieu of being provided a meal period. *Id.* at 112:24-113:1.

When a Pilot leaves the flight deck (cockpit), to use the restroom for example, a flight attendant must sit in the Pilot's seat while the Pilot is gone. *Id.* at 51:9-18.

SkyWest has no policies precluding staffing additional flight attendants or pilots to allow Pilots to leave the flight deck for meal or rest breaks but has not done so. *Id.* at 52:3-24.

### E. Expense Reimbursement

Pilots are regularly contacted by SkyWest, and must contact the Company using personal cellphones. Declaration of Gregory Horowitz, ¶2. ("Horowitz Decl.") SkyWest does not reimburse Pilots for work related cellphone use, and has no written reimbursement policy, although it reimburses a small number of pilots "in a leadership or management position." Exh. 2 at 60:6-17, 61:8-13, 61:19-602:4.

## IV. APPLICABLE WAGE AND HOUR LAW

### A. Wage Statements

SkyWest must provide Pilots with a wage statement containing specific information, "including, as relevant here, 'the name and address of the legal entity that is the employer,' and 'all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.' Cal. Labor Code § 226(a)(8)-(9). Section 226 further provides that an employee must be able to 'promptly and easily determine' these items of information 'from the wage statement alone,' which means that 'a reasonable person would be able to readily ascertain the information without reference to other documents or information.'" *Ward v. United Airlines* (9th Cir. 2021) 986 F.3d 1234, 1237-38.

### B. Meal and Rest Periods

Employers must provide "an uninterrupted 30-minute period during which the employee is relieved of all duty." "[F]irst meal periods must start after no more than five hours," a second must be provided after no more than ten hours. *Brinker Restaurant Corp. v. Superior Court,* 53 Cal. 4th 1004, 1035, 1042 (2012).

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1    A first rest period must be authorized and permitted in "shifts from three and one-half to

2  six hours in length," a second in shifts six to ten hours, a third in shifts of ten to fourteen hours.

3  *Id.,* at 1004, 1029.

4    After several challenges, California's meal and rest requirements have been found to

5  apply to the airline industry, including, specifically, SkyWest. *Bernstein v. Virgin America,*

6  *Inc.*, 990 F.3d 1157, 1167-1170 (9th Cir. 2021); *Wilson v. Skywest Airlines, Inc.* (N.D. Cal. July

7  12, 2021, No. 19-cv-01491-VC) 2021 U.S. Dist. LEXIS 129507, at *2.

8        **C.  Reasonable Business Expenses Must Be Reimbursed**

9    "An employer shall indemnify his or her employee for all necessary expenditures or

10  losses incurred by the employee in direct consequence of the discharge of his or her duties,".

11  Labor Code § 2802; *Nucci v. Rite Aid Corp.* (N.D. Cal. June 14, 2020, No. 19-CV-01434-LHK)

12  2020 U.S.Dist.LEXIS 104164, at *16.

13    "Does an employer always have to reimburse an employee for the reasonable expense

14  of the mandatory use of a personal cell phone, or is the reimbursement obligation limited to the

15  situation in which the employee incurred an extra expense that he or she would not have

16  otherwise incurred absent the job? The answer is that reimbursement is always required."

17  *Cochran v. Schwan's Home Service, Inc*., 228 Cal. App. 4th 1137 (2014).

18        **D.  All Wages Due Must Be Paid at Separation**

19    An employer must pay all wages due to involuntarily terminated employees at the time

20  of termination, and to voluntarily terminating employees within 72 hours of termination.

21  Labor Code § 201. If an employer willfully fails to timely pay all wages to terminated

22  employees, the wages shall continue at the same rate, for up to 30 days from the date the wages

23  are due. Labor Code § 203.

24  **V.    CERTIFICATION IS APPROPRIATE UNDER RULE 23(A)**

25    A district court may certify a class which satisfies the four prerequisites of Rule 23(a):

26  (1) numerosity of parties; (2) questions of law or fact are common to the class; (3) claims of the

27  representative are typical of the class; and (4) the class representative can adequately protect

28  the interests of the class. *Hanon v. Dataproducts*, 976 F.2d 497, 508 (9th Cir. 1992).

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

### A.  The Proposed Class Is Sufficiently Numerous

The proposed class of nearly 2,600 members satisfies any standard of numerosity. Rule 23(a)(1); *General Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980); *Hernandez v. Wells Fargo Bank, N.A.*, 2020 U.S. Dist. LEXIS 15844, at *8 (N.D. Cal. Jan. 29, 2020).

### B.  Common Issues of Law and Fact Exist

Commonality concerns the "relationship of common facts and legal issues among class members." *Dukes v. Wal-Mart Stores, Inc.* 603 F.3d 571, 580 (9th Cir. 2010). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Commonality is construed "permissively," and its requirements under Rule 23(a)(2) are "minimal." *Id.* at 1019-1020.

"A common contention need not be one that will be answered, on the merits, in favor of the class. It only must be of such nature that it is capable of class-wide resolution." *Postpichal v. Cricket Wireless, LLC*, 2021 U.S. Dist. LEXIS 146166, at *18 (N.D. Cal. Aug. 4, 2021) (citing *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1053 (9th Cir. 2015)). "There need only be 'a single significant question of law or fact' [to satisfy commonality]." *Postpichal*, 2021 U.S. Dist. LEXIS 146166, at *18 (citing *Stockwell v. City & Cty. of San Francisco*, 749 F.3d 1107, 1111 (9th Cir. 2014).

Although Plaintiff needs only a "minimal" showing of common issues of law or fact, there are numerous common questions, including whether SkyWest is liable to Pilots under California law for: issuing non-compliant wage statements; not providing compliant meal or rest periods; and failing to reimburse for work related cellphone use.  The number of common issues presented here are more than adequate to meet the Ninth Circuit's "minimal" commonality threshold.

### C.  Class Representative's Claims Are Typical

Typicality requires that named Plaintiffs be members of the Class they seek to represent and that they "possess the same interest and suffer the same injury" as putative class members. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982); Rule 23(a)(3); Typicality is

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

interpreted permissively. *Hanlon*, *supra,* at 1020. Plaintiff's claims need not be identical to class member claims to satisfy typicality. The claims are typical if they are "reasonably co-extensive with those of absent class members." *Id.* Plaintiff's claims are typical when they "arise from the same remedial and legal theories" as the Class claims. *Arnold*, *supra*, at 449; *California Rural Legal Assistance v. Legal Services Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990) [class Representatives and class members need only "share a common issue of law or fact."].

Plaintiff worked in the same position as all putative class members, Pilot, and was subject to the same wage statement, rest and meal, and reimbursement policies.

### D.  The Proposed Class Representative Is Adequate

Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Practically, this requires that plaintiff's interests do not conflict with the class' and he is represented by qualified class counsel. *Hanlon*, 150 F.3d at 1020.

Plaintiff's interests are aligned with the proposed class. He served in the same position during the class period, was subject to the same policies, and alleges the same injuries. There is no evidence of conflict or antagonism between Plaintiff, his attorneys, and the putative class. Plaintiff has a strong interest in establishing liability and obtaining relief from SkyWest, and will establish Class claims in the process. Horowitz Decl. ¶¶ 4-6. Geraci Decl. ¶¶4-13; Declaration of Emil Davtyan, ¶¶4-9. Plaintiff and his counsel are adequate to represent the interests of the Class.

## VI.  CERTIFICATION IS APPROPRIATE UNDER RULE 23(B)(3)

"A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir. 2013).

A class will be certified when common questions of law or fact "predominate over any questions affecting only individual members," and a class action is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. Rule 23(b)(3). Certification is proper where "a class action would achieve economies of time,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 211 (9th Cir. 1975) (citation omitted).

"Rule 23 outlines four pertinent factors to the Court's analysis in determining the appropriateness of a (b)(3) class: the class members' interest in individually controlling the action; the extent and nature of already-existing litigation regarding the action; the desirability (or lack thereof) of concentrating the litigation of the claims in a single forum; and manageability of the action. See Fed. R. Civ. P. 23(b)(3)." *Nelson v. Avon Prods*., 2015 U.S. Dist. LEXIS 51104, 13-14 (N.D. Cal. Apr. 17, 2015). All four factors support certification.

The Class' claims are based primarily on penalties, small reimbursements, and rest and meal premiums. The size of an individual claim is too small to attract qualified counsel and infeasible to pursue. Also, "the proposed class includes employees that still work for [SkyWest]. These employees may be afraid to bring actions on their own behalf, for fear of retaliation by their employer. Allowing Plaintiffs to proceed in a Representative capacity ensures that all class members will receive their day in court without requiring current employees of [SkyWest] to risk their employment to receive that right." *Nelson v. Avon Prods*., *supra,* 2015 U.S. Dist. LEXIS 51104, 33-34.

Even if individual cases could be brought, if successful, SkyWest might be unfairly bound by the result in subsequent actions, but if unsuccessful, other plaintiffs would not be bound, and SkyWest would not be protected by those decisions. Allowing a class action in this case will ensure the finality of judgment in this action is a two-way street, not one that inures only to the benefit of the Plaintiff and non-party members of an uncertified class. *Nelson v. Avon Prods*., *supra*, 2015 U.S. Dist. LEXIS 51104, 34-35.

Plaintiff is unaware of any similar pending litigation, nor of any reason why claims of the putative class should not be litigated in a single forum. Geraci Decl. ¶19.

**A. Common Questions Predominate Over Individual Claims**

The predominance factor focuses "on the relationship between the common and individual issues.' *In re Wells Fargo*, 571 F.3d 953, 957 (9th Cir. 2009).

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

"Plaintiffs need not show that every question in the case, or even a preponderance of questions, is capable of class wide resolution. So long as there is 'even a single common question,' a would-be class can satisfy the commonality requirement of Rule 23(a) (2)." *Jimenez v. Allstate Ins. Co*., 765 F.3d 1161, 1165 (9th Cir. 2014).

The common questions here are of the type that, "the determination of [their] truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350; 131 S. Ct. 2541, 2551 (2011). It is not Plaintiff's burden at this stage is not to show he will prevail as to any question, only that the questions will yield common answers that are "apt to drive the resolution of the litigation," and they predominate over any purely individual issues. *Id.*

### 1.  **Wage Statements**

"To succeed on a PAGA claim for recovery of civil penalties for a violation of Section 226, plaintiffs need only establish a violation of its provisions and need not demonstrate the two additional elements of a claim for statutory penalties under Section 226(e): (1) that an employee suffered injury as a result of the violation and (2) that the employer's failure to comply with Section 226(a) was 'knowing and intentional.'" *Ward v. United Airlines, Inc.* (N.D.Cal. Aug. 7, 2022, No. C 15-02309 WHA) 2022 U.S.Dist.LEXIS 140091, at *8.*

SkyWest provides Pilots wage statements which do not contain several required items, "as relevant here, 'the name and address of the legal entity that is the employer,' and 'all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.'" *Ward v. United Airlines, Inc., supra*, 1237-1238.

The question of whether SkyWest's wage statements violate California law is a legal question answered by reference to the statement itself and cases interpreting section 226's application to the airline industry. The "injury" and "knowing and intentional" elements will be established based on common proof as in *Ward.*

At all times during the class period, SkyWest's wage statements did not contain "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate." Instead, they listed "credit" hours and the rates paid per credit.

- 8 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

The credits do not represent hours actually worked. For example, when paying by the trip, "for every four hours [SkyWest] pays one hour of credit." Exh. 2 at 33:8-9. "For every two hours of duty [Pilots] get one hour of credit." *Id.* at 71:19-72:2.

"[SkyWest's] wage statements do not show the total hours worked, applicable hourly rates nor the number of hours worked at each rate. As such, pilots cannot promptly and easily determine the relevant information from the wage statements alone. [SkyWest] may not require its employees to refer to documents outside of the four corners of the wage statement to determine information required by Sections 226(a)(2) and (a)(9). Plaintiffs have thus established the injury element of their class claim." *Ward v United Airlines, Inc.*, *supra*, 2022 U.S.Dist.LEXIS 140091, at *18-19.

"A 'knowing and intentional' violation requires a showing that the defendant knew that facts existed that brought its actions or omissions within the provisions of section 226(a). *Willner v. Manpower Inc*., 35 F. Supp. 3d 1116 (N.D. Cal. 2014)." *Bernstein v. Virgin Am., Inc*. (N.D.Cal. July 9, 2018, No. 15-cv-02277-JST) 2018 U.S.Dist.LEXIS 114719, at *17.)

In July 2018, *Bernstein* applied this standard to grant summary judgment to flight attendants issued wage statements similar to SkyWest's Pilots. Plaintiff contends SkyWest's Section 226 violation was "knowing and intentional" from the beginning of the class period.

It is difficult to see what arguments SkyWest can make that have not been considered and rejected in other cases. It may attempt to argue for a later date for its Section 226 violations to be found "knowing and intentional," but that is an issue for summary adjudication, not class certification. Whether or not the wage statements are ultimately found to be unlawful, there is no dispute that result will apply to the entire class.

## 2.  Meal and Rest Periods

There is no dispute SkyWest has no meal or rest period policies for Pilots. SkyWest may argue Pilots could have taken meals but chose not to. This waiver argument misunderstands SkyWest's violation and its liability. "No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it." *Brinker, supra*, 53 Cal.4th at 1033.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

"Brinker instructs that in ruling on the predominance issue in a certification motion, the court must focus on the plaintiff's theory of recovery and assess the nature of the legal and factual disputes likely to be presented and determine whether individual or common issues predominate. Here, plaintiffs' theory of recovery is based on [SkyWest's] (uniform) lack of a rest and meal break policy and its (uniform) failure to authorize employees to take statutorily required rest and meal breaks. The lack of a meal/rest break policy and the uniform failure to authorize such breaks are matters of common proof." *Bradley v. Networkers Internat., LLC* (2012) 211 Cal.App.4th 1129, 1150.

SkyWest's anticipated argument Pilots sometimes have time for rest or meal breaks between flights, and it has an informal break policy, cannot create individual issues or defeat class certification.  "Although an employer could potentially defend these claims by arguing that it did have an informal or unwritten meal or rest break policy, this defense is also a matter of common proof." *Bradley v. Networkers Internat., LLC, supra*, at 1150.

### 3.  Expense Reimbursement

"To show liability under section 2802, an employee need only show that he or she was required to use a personal cell phone to make work-related calls, and he or she was not reimbursed." *Cochran v. Schwan's Home Service, Inc.,* 228 Cal. App. 4th 1137, 1145 (2014). "Thus, even if an employee does not incur an extra expense that he or she would not have otherwise incurred absent the job, reimbursement is still required." *O'Connor v. Uber Techs., Inc.*, 311 F.R.D. 547, 567-568 (N.D. Cal. 2015). "Otherwise, the employer would receive a windfall because it would be passing its operating expenses on to the employee." *Cochran, supra,* at 1144.

SkyWest is aware Pilots use cellphones for work purposes. Horowitz Decl., ¶2, Exh. 2 at 59:24-60:4. SkyWest has no policy to reimburse Pilots for cellphone use. It also has no written policy forbidding the use of cellphones or instructing Pilots they will not be reimbursed. Liability to the class for failure to reimburse for cell phone use is a legal question.

Whether SkyWest's policy of not reimbursing for cellphone use is found unlawful or not, that finding will apply equally to the entire class.

### B.  Class Treatment is Superior

"'Litigation by class action has long been recognized as a superior method of resolving wage and hour claims in California." More specifically, '[t]he theory of liability—that [SkyWest] has a uniform policy, and that that policy, measured against wage order requirements, allegedly violates the law—is by its nature a common question eminently suited for class treatment.' This case is no exception." *Martino v. Ecolab, Inc*., 2016 U.S. Dist. LEXIS 19352 (N.D. Cal. Feb. 16, 2016), quoting *Martinez v. Joe's Crab Shack Holdings*, 231 Cal. App. 4th 362, 367 (2014), citing *Brinker, supra*, 53 Cal.4th at 1033 (2012).

The superiority of class treatment to other available methods of litigating these claims is unquestionable. Courts considering the complexity of wage and hour cases have observed:

"Absent class treatment, each individual plaintiff would present in separate, duplicative proceedings the same or essentially the same arguments and evidence, including expert testimony. The result would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. 'It would be neither efficient nor fair to anyone, including defendants, to force multiple trials to hear the same evidence and decide the same issues." *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319, 340 (2004) [cite omitted]

### C.  The Case is Manageable as a Class Action

A Court may "determine the course of proceedings" to effectively manage a class action. Fed. R. Civ. P. Rule 23(b)(3)(D).

Plaintiff proposes bifurcating liability and damages. Fed. R. Civ. P. Rule 42(b). Liability will be established primarily, or completely, through summary adjudication using corporate documents and testimony showing SkyWest's policies did not comply with California law as described above. Class-wide damages will also be proven primarily with SkyWest's own records. At certification, Plaintiff need only show that "damages stemmed from the defendant's actions that created the legal liability. *Pulaski & Middleman, LLC v. Google, Inc.,* 802 F.3d 979, 987-88 (9th Cir. 2015) (quoting *Leyva v. Medline Indus., Inc.,* 716 F.3d 510, 514 (9th Cir. 2013)." *Vaquero v. Ashley Furniture Indus*., 824 F.3d 1150, 1154 (2016), interpreting *Comcast v. Behrend*, 569 U.S. 27, 38 (2013).

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiff alleges SkyWest consciously chose policies which deprived class members of compliant wage statements, meal and rest periods, and complete reimbursement, in violation of California law. "In a wage and hour case, unlike in an antitrust class action, the employer-defendant's actions *necessarily* caused the class members' injury. Defendants either [complied with the law or not]. No other factor could have contributed to the alleged injury. Therefore, even if the measure of damages proposed here is imperfect, it cannot be disputed that the damages (if any are proved) stemmed from *Defendants'* actions." (emphasis in original) *Vaquero v. Ashley Furniture Indus*., 824 F.3d at1154-1155.

Although proof of damages is "invariably an individual question," this does not "defeat class action treatment.'" *Yokoyama v. Midland Nat'l Life Ins. Co*., 594 F.3d 1087, 1094 (9th Cir. 2010) (quoting *Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975)). "The Supreme Court has not disturbed our precedent." "[T]he need for individual damages calculations does not, alone, defeat class certification." *Vaquero v. Ashley Furniture Indus*., 824 F.3d at 1155.

### 1. <u>Wage Statement Penalties</u>

Plaintiff will move to summarily adjudicate SkyWest's liability for wage statement violations. When successful, Plaintiff will request SkyWest provide the number of wage statements issued during the period of its liability and multiply the statutory penalty by that number. The Court can then hold a hearing on damages and enter judgment.

### 2. <u>Meal and Rest Period Penalties</u>

If an employer's records do not show compliant meal periods, "then a rebuttable presumption arises. Employers can rebut the presumption by presenting evidence that employees were compensated for noncompliant meal periods or that they had in fact been provided compliant meal periods during which they chose to work." *Donohue v. AMN Services, LLC,* 11 Cal. 5th 58, 77 (2021).

SkyWest cannot present evidence it compensated the Class for noncompliant meal periods, as it never did. Exh. 2 at 112:24-113.1. SkyWest cannot produce class-wide evidence it "provided compliant meal [or rest] periods during which [Pilots] chose to work," as it had no meal or rest period policy, could not provide compliant breaks, and it was not possible for

- 12 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  class members to waive breaks they were never offered. *Bradley v. Networkers Internat., LLC,*

2  *supra*, at 1150.

3      If SkyWest's liability is not summarily adjudicated, "'Representative testimony,

4  surveys, and statistical analysis,' along with other types of evidence, 'are available as tools to

5  render manageable determinations of the extent of liability.'" *Donohue v. AMN Services, LLC,*

6  *supra* at 77 (quoting *Brinker*).

7      Class damages will be calculated by multiplying the statutory penalty of one hour of

8  premium pay for each break not provided, by multiplying each class members regular rate of

9  pay by each shift of five or more hours (first meal period), ten or more hours (second meal

10  period), and by each period of 3.5 hours or more (rest period), limited to one meal and one rest

11  period penalty per shift. Labor Code § 226.7, *Brinker, supra*, 53 Cal.4th at 1029, 1035, 1042.

12      "The United States Supreme Court decided in *Anderson v. Mt. Clemens Pottery Co.,*

13  *supra*, that in cases such as the present one, where the employer has failed to keep records

14  required by statute, the consequences for such failure should fall on the employer, not the

15  employee." (citation omitted) *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721, 727. "[T]he

16  rule is clear: the need for individual damages calculations does not, alone, defeat class

17  certification." *Vaquero v. Ashley Furniture Indus.*, 824 F.3d at 1155.

18      **3.  Expense Reimbursement**

19      The duty to reimburse is triggered if the employer knew or had reason to know the

20  employee has incurred an expense. *Stuart v. Radioshack Corp.* (N.D. Cal. April 30, 2009) 641

21  F.Supp.2d 901, 904. "Once the employer has such knowledge, then it has the duty to exercise

22  due diligence and take any and all reasonable steps to ensure that the employee is paid for the

23  expense." *Id.*

24      The elements of a claim for failure to reimburse business expenses are: (1) plaintiff

25  incurred necessary expenditures; (2) the expenditures were incurred while discharging job

26  duties; (3) the defendant employer knew or had reason to know of the expenditures; and

27  (4) the defendant employer did not exercise due diligence towards reimbursement. *Kooiman v.*

28  *Siwell, Inc.* (C.D. Cal. June 23, 2022) 2022 U.S. Dist. LEXIS 112353.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiffs' theory of the case is that personal cellphone use for work purposes is a necessary expense (e.g. reasonable under the circumstances) which should be compensated. This will be shown by corporate testimony, and supporting documents showing: (a) SkyWest has a uniform policy not to reimburse Pilot's cellphone expenses under any circumstances; (b) Pilots commonly use their cell phones in performing job duties; (c) SkyWest  is aware Pilots use their cell phones in performing job duties; (d) Skywest dispatchers, supervisors, and managers initiate cellphone contact with Pilots for business purposes; (e) SkyWest does not prohibit the use of cell phones to contact Pilots, other employees, or otherwise assist them in performing their jobs and benefiting the Company.

SkyWest has established a certain monthly amount as a reasonable amount of reimbursement for other employees. Plaintiff proposes this as a basis for reimbursement. Exh. 2 at 59:24-60:12. Alternatively, a survey of class members could be conducted as proposed in *Cochran v. Schwan's Home Service, Inc.,* 228 Cal. App. 4th at 1141-42.

"Individual questions going to damages generally do not justify denying class certification and courts have rejected this argument with regard to Section 2802 reimbursement claims. See *Hopkins*, 2012 U.S. Dist. LEXIS 67101, 2012 WL 1715091, at *9 (rejecting argument that individualized damages inquiry required denial of class certification on Section 2802 claim). *Schulz v. Qualxserv, LLC*, Case No. 09-CV-17-AJB (MDD), 09-CV-2081, 2012 U.S. Dist. LEXIS 58561 (S.D. Cal. Apr. 26, 2012) As in these cases, potential individual inquiries going to the damages on the reimbursement claims do not bar certification." *Fleming v. Matco Tools Corp*. (N.D.Cal. Feb. 21, 2021, No. 19-cv-00463-WHO) 2021 U.S.Dist.LEXIS 33513, at *41-42.

## VII.    DERIVATIVE AND UCL CLAIMS SHOULD BE CERTIFIED

An employer liable for failure to provide compliant meal and rest periods, is also liable for derivative claims for failure to provide accurate wage statements and waiting-time pay. (SkyWest is also directly liable under Section 226) *Naranjo v. Spectrum Security Services, Inc.,* 13 Cal.5th 93, 126 (2022). Wage and hour violations are "unfair" practices. Bus. & Prof. Code § 17200; *Cortez v. Purolator Air Filtration Products Co*. 23 Cal.4th 163, 178 (2000).

1    **VIII.    CONCLUSION**

2          Plaintiff requests the Court certify the proposed Class and Subclasses, appoint Plaintiff

3    Gregory Horowitz Class Representative, and Cohelan Khoury & Singer and Davtyan Law Firm

4    as Class Counsel, and order notice to the Class.

5                                    Respectfully submitted,

6                                    COHELAN KHOURY & SINGER
                                     DAVTYAN LAW FIRM, INC.
7

8    Dated: October 27, 2022
                                     By:    s/ Jeff Geraci
9                                    _____
                                           Jeff Geraci, Esq.
10                                   Attorneys for Plaintiff Gregory Horowitz,
                                     for himself and all others similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101