THE LAW OFFICES OF ALEX CRAIGIE
Alex Craigie (SBN 167766)
*Alex@CraigieLawfirm.com*
12100 Wilshire Boulevard, Suite 800
Los Angeles, CA 90025
Telephone: (323) 652-9451

Attorneys for Prospective Intervenor SKYWEST
AIRLINES PILOT ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY HOROWITZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant.<br><br>SKYWEST AIRLINES PILOT ASSOCIATION (SAPA),<br><br>Intervenor. | CASE NO. 3:21-cv-04674-MMC<br><br>**DECLARATION OF ARIC ARNOLD IN SUPPORT OF INTERVENOR SKYWEST AIRLINES PILOT ASSOCIATION'S MOTION FOR LEAVE TO INTERVENE**<br><br>Assigned for all purposes to the Honorable Maxine M. Chesney<br><br>Complaint Filed: March 22, 2021<br>Action Removed: June 17, 2021 |

I, Aric Arnold, declare:

I am over the age of 18. If called as a witness, I could and would testify competently to the following facts from personal knowledge:

1. I am currently the President of SkyWest Airlines Pilot Association ("SAPA") and have been for approximately 4 years. I was SAPA's Secretary from approximately 2016 to 2018 and, before that, I was a SAPA representative for approximately one year. Overall, I have been employed as a pilot by SkyWest Airlines, Inc. ("SkyWest") for over 20 years.

2. As President, I am the chief executive and administrative head of SAPA, and I am ultimately responsible for SAPA's activities and its policies. I regularly consult with the SAPA Vice President, Secretary(ies), and the remainder of the SAPA Representative Board Members on policies affecting pilots.

**SAPA's Background**

3. SAPA is the collective bargaining representative for pilots and is recognized by SkyWest as the true and only representative body for SkyWest pilots.

4. SAPA has been the representative body, or "voice," of SkyWest pilots for approximately 30 years. SAPA supports, guides, assists and mentors SkyWest pilots to seek solutions for problems within our work environment. SAPA listens to pilot concerns and speaks on their behalf. SAPA proposes solutions to SkyWest management on behalf of the individual pilots as well as the entire membership on issues such as compensation, benefits, hotels, schedules and safety.

5. SAPA negotiates with SkyWest about pilot pay structure and working conditions. The results of these negotiations are voted upon by the pilots and, if approved, are incorporated into the SkyWest Pilots Policy Manual, which is SAPA's collective bargaining agreement ("CBA") with SkyWest.

6. SAPA membership is comprised of all currently employed line pilots that are on the seniority list. At present, there are approximately 4,754 SAPA members nationwide, including many California-based pilots. Pilots in a full time or part time management position with SkyWest are not included in SAPA membership. SkyWest pilots become SAPA members upon satisfactory completion of their training and Initial Operating Experience.

**The *Horowitz* Lawsuit and Its Potential Impact on SAPA's Membership**

7. I understand that Plaintiff Gregory Horowitz ("Horowitz") is seeking to have this Court certify this lawsuit as a class action to include all California-based pilots who worked for SkyWest since March 22, 2017.

8. If Horowitz is successful, he could undermine the bargained-for working conditions and pay structure of California-based pilots and negatively impact SAPA's membership as a whole. Concerns about these potentially damaging outcomes is why SAPA must intervene to protect the interests of its membership. SAPA opposes this action and the relief Horowitz seeks.

9. I understand that Horowitz alleges that California law requires that non-exempt employees must be provided a 30-minute, unpaid, uninterrupted, duty-free meal break before they work more than five hours, and a second meal break if they work more than 10 hours; and that California law requires that non-exempt employees must be provided the opportunity to take a 10-minute, uninterrupted, duty-free rest break for every 4 hours worked, or major fraction thereof (collectively, "California Meal and Rest Breaks").

**California Meal and Rest Breaks vs. Pilot Duties**

10. SAPA has concerns that a rigid application of California Meal and Rest Break laws to SkyWest's California-based pilots would result in negative, disparate impacts on California-based pilots and create labor strife among its members, and safety issues for SkyWest passengers and crew who fly with California-based pilots.

11. California Meal and Rest Break requirements are incompatible with the realities of pilots' federally imposed duties and safety responsibilities to passengers, crew, and their aircraft. SkyWest pilots must follow Federal Aviation Administration (FAA) regulations, which require that pilots remain "Situationally Aware" at all times. The FAA's Risk Management Handbook (FAA-H-8083-2) defines Situational Awareness as "the accurate perception and understanding of all the factors and conditions within the four fundamental risk elements (pilot, aircraft, environment, and type of operation) that affect safety before, during, and after the flight."

12. A pilot cannot be Situationally Aware and available to attend to a mechanical, crew or passenger emergency while he or she is on an uninterrupted, duty-free California meal or

rest break during flight. If an event happened during flight, for example a mechanical issue with the aircraft, a pilot, regardless of whether he or she is based in California or another state, cannot be unavailable, inattentive, or otherwise refuse or ignore the event as an unwelcome "interruption" of his or her duty-free California Meal or Rest Break. To allow (or require) otherwise, jeopardizes the safety of passengers, crew members, and the aircraft.

13. The FAA also mandates careful management of the timing and procedure followed by pilots to enter and exit the cockpit during flight to ensure safety and security of the crew, the passengers, and the aircraft. For example, when a pilot leaves the flight deck in the event of a biological need to use the lavatory (which is the only reason a pilot is permitted to leave the cockpit during flight), there is a strict procedure to allow for a flight attendant to take one pilot's position in the cockpit for the duration of the pilot's absence.

14. Any California Meal or Rest Break in the air would automatically put passengers and crew at risk. Such breaks are only possible on the ground.

**The Impact on SAPA Members if SkyWest is Required to Provide California Meal and Rest Breaks**

15. SkyWest pilots bid on and are awarded their flight schedules according to seniority.

16. Most pilots try to bid for flight schedules that maximize pay, fit their lifestyles, extra-occupational commitments, and travel interests. The pilot compensation formulas that SAPA negotiated with SkyWest, which are consistent with industry standards and approved by SAPA membership, financially incentivize pilots to maximize their time flying. SAPA members generally prefer to spend their working time in the air flying rather than spending unproductive time on the ground at an airport waiting for a flight (or taking a break). From SAPA's perspective, if SkyWest must restrict California-based pilots to shorter flights in order to provide timely California Meal and Rest Breaks on the ground, then California-based pilots' negotiated ability to bid on and receive flight schedules that they prefer would be severely restricted, no matter their seniority.

17. If Horowitz has his way, in order to facilitate California Meal and Rest Breaks, SkyWest may be required to limit scheduling of California-based pilots to very short flights, or

"hops," to ensure they are on the ground and released from duty to take them because such breaks are incompatible with a pilot's responsibilities during flight. This could relegate California-based SAPA members to schedules that put them on the ground longer, or more frequently (likely both), to enable these breaks. If they must be on the ground to take breaks, they will be flying less, and therefore earning less money.

18.     It is also very possible that, depending on the outcome of this action, SkyWest may close its California bases altogether, in which case all California-based pilots will need to transfer, if possible, to a base in another state. Such transfers are also governed by the CBA and are permitted on a need and seniority basis. This raises multiple concerns for SAPA on behalf of its members. First, there may not be sufficient transfer opportunities that fit the desires of all existing California-based pilots, which could lead to job losses. Second, a California resident whose base is in another state, must travel, typically by taking an unpaid commuter ("non-rev") flight from their home in California to their base elsewhere before starting their normal workday. But SAPA believes that if SkyWest discontinues its California bases, pilots' ability to live in or near the California cities of their choice will be reduced. SAPA does not want its California-based members to face these concerns and burdens. SAPA could envision a magnification of the current pilot shortage at SkyWest's California bases as California-based pilots elect to transfer or leave SkyWest if this is the outcome.

19.     Finally, California-based pilots are often staffed on flights/pairings with non-California-based pilots. If SkyWest is forced to schedule around California Meal and Rest Breaks for its California-based pilots, SAPA is concerned that (a) non-California-based pilots who happen to be on a flight with a California-based pilot will be forced to be grounded to accommodate the California Meal and Rest breaks that must be afforded to California based pilots; and/or (b) non-California-based pilots might be required to keep working while California-based pilots are provided California Meal and Rest Breaks.

20.     All of the potential outcomes to the pilots that are presented by this lawsuit—should Horowitz succeed—will likely cause friction and discord among SAPA members nationwide; not to mention the unfairness to the California-based pilots.  This is unacceptable, not only for California-based members, but for SAPA's entire nationwide membership.

**The Impact of Requiring Total Hours Worked on the Pay Structure as Negotiated by SAPA**

21. Like most commercial pilots, SAPA's pilots are compensated based on the most favorable of many different pay formulas that SAPA negotiated with SkyWest. Pilots have real time access to all of the metrics by which these formulas are calculated by SkyWest.

22. Currently, SAPA's pilots' pay stubs show the total "credit" hours worked and the total "duty" hours worked.

23. If this Court holds that reporting "total hours worked" means that California pilots must record every minute throughout every flying day that they are performing a work-related task, this will create a burden on California-based pilots that no other SkyWest pilot must do—and with zero benefit to the pilots. This time-tracking burden is going to fall on the pilots themselves, because pilots are professionals with some level of autonomy during their duty day, so long as they ensure that the needs of the aircraft, the flights and the passengers are being met.

24. Pilot pay formulas are more complex than one straight hourly wage rate for every minute spent on work-related activities. To the extent that Horowitz's pay stub claim either jeopardizes the pilots' negotiated pay structure for California-based pilots, or subjects California based pilots to the extra burden of tracking every work-related task on a timesheet simply so that it can be reported on a pay stub, that claim is at odds with SAPA and its membership.

**SAPA's Plea to Intervene**

25. SAPA desires to intervene in this action so that it has a seat at the table. Horowitz is no longer a SkyWest pilot and does not represent the interests of SAPA or its members. If he succeeds on his claims, his success will drastically alter the current pilots' negotiated bidding rights and working conditions and will potentially negatively affect current pilots' pay structure and jeopardize their continued employment.

26. Unless SAPA is allowed to intervene, there will be no party advocating on behalf of SAPA's members. SAPA must be allowed to intervene so that it can attempt to ensure that the interests of the current pilots are adequately protected.

I declare under the penalty of perjury of the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on November 10, 2022 in Denver, Colorado.

                                                    Capt. Aric Arnold
President of SkyWest Airlines Pilot Association