1   THE LAW OFFICES OF ALEX CRAIGIE
    Alex Craigie (SBN 167766)
2   *Alex@CraigieLawfirm.com*
    12100 Wilshire Boulevard, Suite 800
3   Los Angeles, CA 90025
    Telephone: (323) 652-9451
4
    Attorneys for Prospective Intervenor SKYWEST
5   AIRLINES PILOT ASSOCIATION

6

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12  **GREGORY   HOROWITZ,   on   behalf   of**        **CASE NO. 3:21-cv-04674-MMC**
    **himself and all others similarly situated,**
13                                                     **[PROPOSED] INTERVENOR**
                    **Plaintiff,**                     **SKYWEST AIRLINES PILOT**
14                                                     **ASSOCIATION'S ANSWER TO**
          **v.**                                       **PLAINTIFF'S FIRST AMENDED**
15                                                     **COMPLAINT**
    **SKYWEST AIRLINES, INC.,**
16                                                     Assigned for all purposes to the Honorable
                    **Defendant.**                     Maxine M. Chesney
17
18                                                     Complaint Filed: March 22, 2021
                                                       Action Removed: June 17, 2021
19

20   **SKYWEST AIRLINES PILOT**
     **ASSOCIATION (SAPA),**
21
                 Intervenor.
22

23

24

25

26

27

28

Prospective Intervenor SkyWest Airlines Pilot Association ("SAPA") hereby answers the correspondingly numbered paragraphs of Plaintiff Gregory Horowitz's ("Plaintiff") First Amended Complaint ("FAC") as follows:

### NATURE OF CLAIM

1.     SAPA admits that Plaintiff purports to bring this action on his own behalf and on behalf of a putative class but denies that class certification is appropriate.  SAPA denies the remaining allegations in Paragraph 1.

2.     SAPA admits that Plaintiff purports to bring this action as a representative action under the Private Attorneys General Act of 2005 ("PAGA"), Labor Code section 2698, *et seq.*, but denies the remaining allegations in Paragraph 2.

3.     SAPA lacks information sufficient to form a belief as to the allegations that Plaintiff served a PAGA notice to the LWDA on March 4, 2021, that Plaintiff seeks civil penalties under PAGA and seeks to represent a group of current and former non-exempt employees of SkyWest Airlines, Inc. or there has been no LWDA intervention.  SAPA denies the remaining allegations in Paragraph 3, including that Plaintiffs, or any putative class members, are entitled to relief.

4.     SAPA admits that Plaintiff purports to bring this action on his own behalf and on behalf of a putative class but denies that class certification is appropriate. SAPA denies the remaining allegations in Paragraph 4.

### PARTIES

5.     SAPA lacks information sufficient to form a belief as to the allegation that Plaintiff's residency is in Los Angeles and on that basis denies it; SAPA admits the remaining allegations in Paragraph 5.

6.     SAPA admits the allegations in Paragraph 6.

7.     SAPA is without sufficient knowledge of information to form a belief as to the allegations in Paragraph 7 and on that basis denies them.

8.     SAPA is without sufficient knowledge of information to form a belief as to the allegations in Paragraph 8 and on that basis denies them.

9.     SAPA is without sufficient knowledge of information to form a belief as to the

1    allegations in Paragraph 9 and on that basis denies them.

2    **JURISDICTION AND VENUE**

3        10.    The allegations in Paragraph 10 regarding venue are based on Plaintiff's original

4    Complaint, which was filed in California Superior Court. SkyWest removed this action to federal

5    court under the Class Action Fairness Act, so these allegations are no longer applicable to the

6    current procedural posture. Whether venue is proper is a legal conclusion to which no response is

7    required. To the extent a response is required, SAPA admits that this Court is a proper venue.

8        11.    SAPA denies the allegations in Paragraph 11.

9        12.    The allegations in Paragraph 12 regarding jurisdiction are based on Plaintiff's

10   original Complaint, which was filed in California Superior Court. SAPA removed this action to

11   federal court under the Class Action Fairness Act, so these allegations are no longer applicable to

12   the current procedural posture. Whether jurisdiction is proper is a legal conclusion to which no

13   response is required. To the extent a response is required, SAPA admits that jurisdiction is proper

14   in this Court.

15   **CLASS ACTION ALLEGATIONS**

16       13.    SAPA admits that Plaintiff purports to bring this action on behalf of the identified

17   class but denies that class certification is appropriate.

18       14.    SAPA admits that Plaintiff purports to bring this action on behalf of the identified

19   subclass but denies that class certification is appropriate.

20       15.    The subclass identified in Paragraph 15 concerns Plaintiff's Second Cause of

21   Action, which was dismissed without leave to amend by the Court on September 8, 2021. The

22   Second Cause of Action is thus no longer at issue and no response is required. To the extent that a

23   response is required, SAPA admits that Plaintiff purports to bring this action on behalf of the

24   identified subclass but denies that class certification is appropriate.

25       16.    SAPA admits that Plaintiff purports to bring this action on behalf of the identified

26   subclass but denies that class certification is appropriate.

27       17.    SAPA admits that Plaintiff purports to bring this action on behalf of the identified

28   subclass but denies that class certification is appropriate.

18.    SAPA admits that Plaintiff purports to bring this action on behalf of the identified subclass but denies that class certification is appropriate.

19.    SAPA admits that Plaintiff purports to bring this action on behalf of the identified subclass but denies that class certification is appropriate.

20.    SAPA admits that Plaintiff purports to bring this action on behalf of the identified subclass but denies that class certification is appropriate.

21.    SAPA admits that Plaintiff purports to bring this action on behalf of the identified subclass but denies that class certification is appropriate.

22.    SAPA admits that Plaintiff purports to bring this action on behalf of the identified subclass but denies that class certification is appropriate.

23.    Whether Plaintiff may amend his pleading to amend or modify the Class description, including by division into subclasses or limitation to particular issues is a legal conclusion to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 23.

24.    SAPA denies the allegations in Paragraph 24.

25.    SAPA denies the allegations in Paragraph 25.

26.    SAPA denies the allegations in Paragraph 26.

27.    SAPA denies the allegations in Paragraph 27.

28.    SAPA denies the allegations in Paragraph 28.

29.    SAPA denies the allegations in Paragraph 29.

30.    SAPA denies the allegations in Paragraph 30, including the allegations in subparts a through j to Paragraph 30.

## **FACTUAL ALLEGATIONS**

31.    SAPA admits that SkyWest employed pilots in California during the class period and conducted business in California.  SAPA denies the remaining allegations in Paragraph 31.

32.    SAPA admits that Plaintiff's and purported class members' duty time is/was defined as "[t]he time beginning at the report for duty time and terminating at the release from duty time" SAPA admits that within duty time there are "block times" that start when the airplane's brake is

released and pushback begins and end when the airplane's parking break is set and the doors open to deplane passengers. SAPA is without sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 32, and on that basis, denies them.

33.    SAPA denies that SkyWest failed to properly compensate Plaintiff and purported class members for work tasks including bidding on flights and reserve times; making and receiving phone calls to and from maintenance, dispatch, and other crew members regarding plane issues, delays, transportation, and other work-related matters; writing incident reports about disruptive passengers and medical emergencies; and submitting to random drug testing. SAPA is otherwise without sufficient information or knowledge to form a belief as to the allegations in Paragraph 33, and on that basis, denies them.

34.    The allegations in Paragraph 34 relate to Plaintiff's Second Cause of Action, for failure to pay overtime wages, which was dismissed without leave to amend by the Court on September 8, 2021. The Second Cause of Action is thus no longer at issue and no response is required.

35.    SAPA denies that SkyWest had a "consistent policy which did not provide Plaintiff and Class Members and aggrieved employees with duty-free meal periods of at least thirty (30) minutes for shifts of five hours or more, which began before the fifth hour of work." SAPA is without sufficient information or knowledge to form a belief as to when and whether Plaintiff and purported class members were provided or received the duty-free meal periods described in Paragraph 35, or when and whether Plaintiff and other Class Members and aggrieved employees waived their right to receive meal periods. SAPA admits that SkyWest did not provide Plaintiff and purported class members with any written "Meal Period" policy. All other allegations in Paragraph 35 constitute legal conclusions to which no response is required.

36.    SAPA denies that SkyWest had a "consistent policy which did not authorize or permit Plaintiff and Class Members and aggrieved employees with duty-free rest periods of at least ten (10) minutes per four (4) hours, or major fraction, worked." SAPA denies Plaintiff and purported class members were not provided a third duty-free rest period of 10-minutes for each shift of more than 10 hours. All other allegations in Paragraph 35 constitute legal conclusions to

5

which no response is required.

37.     SAPA denies the allegations in Paragraph 37.

38.     SAPA denies the allegations in Paragraph 38.

39.     SAPA denies the allegations in Paragraph 39.

40.     To the extent the allegations in Paragraph 40 relate to Plaintiff's Second Cause of Action, for failure to pay overtime wages, which was dismissed without leave to amend by the Court on September 8, 2021, it is no longer at issue, and so no response is required.  SAPA denies the remaining allegations in Paragraph 40.

41.     The allegations in Paragraph 41 constitute legal conclusions to which no response is required.   To the extent a response is required, SAPA denies the remaining allegations in Paragraph 41.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**Labor Code §§ 1194 and 1194.2, and IWC Wage Order 9-2001, § 4**
**(By Plaintiff and each Member of the Minimum Wage Subclass)**

42.     SAPA hereby incorporates by reference its responses to each and every allegation set forth above as though set forth here in full.

43.     The allegations in Paragraph 43 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 constitute legal conclusions to which no response is required.

45.     The allegations in Paragraph 45 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 45.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**Labor Code §§ 510 and 1194, and IWC Wage Order 9-2001, § 3**
**(By Plaintiff and each Member of the Overtime Wage Subclass)**

46.     SAPA hereby incorporates by reference its responses to each and every allegation set forth above as though set forth here in full.

47.     The allegations in Paragraph 47 relate to Plaintiff's Second Cause of Action, for

1    failure to pay overtime wages, which was dismissed without leave to amend by the Court on

2    September 8, 2021.  Thus, the Second Cause of Action is no longer at issue, and no response is

3    required.

4        48.    The allegations in Paragraph 48 relate to Plaintiff's Second Cause of Action, for

5    failure to pay overtime wages, which was dismissed without leave to amend by the Court on

6    September 8, 2021.  Thus, the Second Cause of Action is no longer at issue, and no response is

7    required.

**THIRD CAUSE OF ACTION**
**Failure to Provide Required Meal Periods**
**Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 11**
**(by Plaintiff and each Member of the First and Second Meal Period Subclasses)**

9        49.    SAPA hereby incorporates by reference its responses to each and every allegation

10    set forth above as though set forth here in full.

11        50.    The allegations in Paragraph 50 constitute legal conclusions to which no response

13    is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 50.

14        51.    The allegations in Paragraph 51 constitute legal conclusions to which no response

15    is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 51.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Required Rest Periods**
**Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 12**
**(By Plaintiff and each Member of the Rest Period Subclass)**

19        52.    SAPA hereby incorporates by reference its responses to each and every allegation

20    set forth above as though set forth here in full.

21        53.    The allegations in Paragraph 53 constitute legal conclusions to which no response

22    is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 53.

23        54.    The allegations in Paragraph 54 constitute legal conclusions to which no response

24    is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 54.

**FIFTH CAUSE OF ACTION**
**Failure to Reimburse Expenses**
**Labor Code § 2802**
**(By Plaintiff and each Member of the Expense Reimbursement Subclass)**

28        55.    SAPA hereby incorporates by reference its responses to each and every allegation

set forth above as though set forth here in full.

56.     The allegations in Paragraph 56 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 57.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Accurate Wage Statements**
**Labor Code §§ 226 and 1174**
**(By Plaintiff and each Member of the Wage Statement Subclass)**

58.     SAPA hereby incorporates by reference its responses to each and every allegation set forth above as though set forth here in full.

59.     The allegations in Paragraph 59 constitute legal conclusions to which no response is required.

60.     The allegations in Paragraph 60 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 62.

**SEVENTH CAUSE OF ACTION**
**Failure to Timely Pay Wages Due at Separation**
**Labor Code §§ 201-203**
**(By Plaintiff and each Member of the Waiting Time Subclass)**

63.     SAPA hereby incorporates by reference its responses to each and every allegation set forth above as though set forth here in full.

64.     The allegations in Paragraph 64 constitute legal conclusions to which no response is required.

65.     The allegations in Paragraph 65 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 65.

66.     SAPA is without sufficient knowledge of information to form a belief as to the allegations in Paragraph 66 and on that basis denies them.

Case No. 3:21-cv-04674-MMC
[PROPOSED] INTERVENOR SAPA'S ANSWER TO FAC

67.     The allegations in Paragraph 67 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 67.

**EIGHTH CAUSE OF ACTION**
**Violation of the Unfair Competition Law**
**Bus. & Prof. Code §§ 17200 *et seq.***
**(By Plaintiff and each Member of the UCL Subclass)**

68.     SAPA hereby incorporates by reference its responses to each and every allegation set forth above as though set forth here in full.

69.     The allegations in Paragraph 69 constitute legal conclusions to which no response is required.

70.     The allegations in Paragraph 70 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 71.

72.     SAPA denies the allegations in Paragraph 72.

73.     The allegations in Paragraph 73 constitute legal conclusions to which no response is required.

74.     The allegations in Paragraph 74 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 constitute legal conclusions to which no response is required.

**NINTH CAUSE OF ACTION**
**PAGA Civil Penalties for Failure to Pay Minimum and Overtime Wages**
**(By Plaintiff and Aggrieved Employees against Each Defendant)**

76.     SAPA hereby incorporates by reference its responses to each and every allegation set forth above as though set forth here in full.

77.     The allegations in Paragraph 77 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA admits that the provision is accurately quoted.

78.     The allegations in Paragraph 78 constitute legal conclusions to which no response

is required.  To the extent a response is required, SAPA admits that the provision is accurately quoted.

79.    The allegations in Paragraph 79 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA admits that the provision is accurately quoted.

80.    The allegations in Paragraph 80 constitute legal conclusions to which no response is required.

81.    The allegations in Paragraph 81 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 81.

82.    The allegations in Paragraph 82 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 82.

## TENTH CAUSE OF ACTION
### PAGA Civil Penalties for Failure to Provide Meal Periods
### (By Plaintiff and Aggrieved Employees against Each Defendant)

83.    SAPA hereby incorporates by reference its responses to each and every allegation set forth above as though set forth here in full.

84.    The allegations in Paragraph 84 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 84.

85.    The allegations in Paragraph 85 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 85.

86.    The allegations in Paragraph 86 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 86.

## ELEVENTH CAUSE OF ACTION
### PAGA Civil Penalties for Failure to Authorize and Permit Paid Rest Periods
### (By Plaintiff and Aggrieved Employees against Each Defendant)

87.    SAPA hereby incorporates by reference its responses to each and every allegation set forth above as though set forth here in full.

88.    The allegations in Paragraph 88 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 88.

89.    The allegations in Paragraph 89 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 89.

90.    The allegations in Paragraph 90 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 90.

## TWELFTH CAUSE OF ACTION

**PAGA Civil Penalties for Failure to Reimburse Business-Related Expenses**

**(By Plaintiff and Aggrieved Employees against Each Defendant)**

91.    SAPA hereby incorporates by reference its responses to each and every allegation set forth above as though set forth here in full.

92.    The allegations in Paragraph 92 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 92.

93.    The allegations in Paragraph 93 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 93.

## THIRTEENTH CAUSE OF ACTION
**PAGA Civil Penalties for Failure to Provide Accurate Itemized Wage Statements**
**(By Plaintiff and Aggrieved Employees against Each Defendant)**

94.    SAPA hereby incorporates by reference its responses to each and every allegation set forth above as though set forth here in full.

95.    The allegations in Paragraph 95 constitute legal conclusions to which no response is required.

96.    The allegations in Paragraph 96 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 96.

97.    The allegations in Paragraph 97 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 97.

## FOURTEENTH CAUSE OF ACTION
**PAGA Civil Penalties for Failure to Timely Pay Wages Due Upon Separation of Employment**
**(By Plaintiff and Aggrieved Employees against Each Defendant)**

98.    SAPA hereby incorporates by reference its responses to each and every allegation set forth above as though set forth here in full.

99.    The allegations in Paragraph 99 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 constitute legal conclusions to which no response is required.  To the extent a response is required, SAPA denies the allegations in Paragraph 101.

**PRAYER FOR RELIEF**

1.    SAPA denies that class certification is appropriate in this case, and denies that Plaintiff should be appointed as class representative and that Plaintiff's counsel should be appointed as Class Counsel.

2.    SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 2 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

3.    SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 3 of the Prayer for Relief, including all of its subsections, and denies that Plaintiff is entitled to any relief whatsoever.

4.    SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 4 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

5.    SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 5 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

6.    SAPA denies that this action is appropriate for treatment as a representative action.

7.    The allegations in Paragraph 7 of the Prayer for Relief relates to Plaintiff's Second Cause of Action, for failure to pay overtime wages, which was dismissed without leave to amend by the Court on September 8, 2021.  Thus, the Second Cause of Action is no longer at issue, and no response is required.  To the extent a response is required, SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 7 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

8.    SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 8 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

9.      SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 9 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

10.     SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 10 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

11.     SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 11 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

12.     SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 12 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

13.     SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 13 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

14.     SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 14 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

15.     SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 15 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

16.     SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 16 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

17.     SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 17 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

18.     SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 18 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

19.     SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 19 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

20.     SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 20 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

21.     SAPA denies that Plaintiff is entitled to the relief requested in Paragraph 21 of the Prayer for Relief and denies that Plaintiff is entitled to any relief whatsoever.

## **DEMAND FOR JURY TRIAL**

SAPA asserts that there is no material allegation in this jury-trial-demand section, and so,

no response is required.  To the extent a response is required, SAPA denies that a jury trial is available on the Eighth Cause of Action alleged under California Business & Professions Code § 17200 *et seq.*, or the Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth Causes of Action alleged under PAGA on the grounds that only equitable relief can be sought under these causes of action as a matter of law.

## I.      SAPA'S AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the First Amended Complaint, other than those already admitted, SAPA hereby sets forth the separate and additional defenses to the First Amended Complaint, and each and every cause of action or claim alleged therein, without assuming or undertaking any burden of proof not otherwise assigned to it by law.  Further, all such defenses are pled in the alternative and do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief as required, or in any amounts, or at all.  SAPA may have additional defenses of which it is not currently fully aware and reserves the right to assert additional defenses after they are ascertained.

### FIRST DEFENSE

(Preemption; Lack of Subject Matter Jurisdiction)

1.      The FAC, and each and every claim alleged therein, are preempted in whole or in part by federal law, including, but not limited to, the Airline Deregulation Act, 49 U.S.C. § 41713, the Railway Labor Act, 45 U.S.C. §§ 151 et seq., the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501, and by the principles of field preemption and conflict preemption.

### SECOND DEFENSE

(Nullification of Contract)

2.      The FAC, and each and every cause of action or claim alleged therein, are barred as they seek to nullify contractual agreements which were voluntarily and knowingly entered into, with consideration, and without duress.

1

**THIRD DEFENSE**

2

(Collective Bargaining Agreement)

3    3.    Plaintiffs seek to enforce California state laws that would violate or impair rights

4    for which SAPA members bargained in good faith and which are encapsulated in its Collective

5    Bargaining Agreement (CBA) with Defendant SkyWest.

6

**FOURTH DEFENSE**

7

(Adequate Remedy at Law)

8    4.    Plaintiffs and the putative class are not entitled to equitable relief, including

9    injunctive relief, insofar as they have adequate remedies at law.

10

**FIFTH DEFENSE**

11

(No Injunctive or Declaratory Relief; Balancing of Hardships)

12    5.    Plaintiffs are not entitled to injunctive or declaratory relief because the benefit of

13    such relief, if any, is slight compared to the harm SIA will suffer if injunctive or declaratory relief

14    is permitted.

15

**SIXTH DEFENSE**

16

(Lack of Irreparable Harm)

17    6.    Plaintiffs are not entitled to injunctive or declaratory relief because they will not

18    suffer any irreparable injury if injunctive or declaratory relief is declined.

19

**SEVENTH DEFENSE**

20

(Railway Labor Act Preemption)

21    7.    Plaintiffs' and the putative class members' claims are barred under the Railway

22    Labor Act because they are either expressly excluded under the statute or because resolving them

23    requires this Court to improperly interpret the parties' collective bargaining agreement.

24

**EIGHTH DEFENSE**

25

(Dormant Commerce Clause)

26    8.    SIA alleges that Plaintiffs' and the putative class members' claims are barred

27    under the Dormant Commerce Clause of the United States Constitution as they have the effect of

28    enforcing California laws that are discriminatory to interstate commerce.

**NINTH DEFENSE**

(Statute of Limitations)

22.     SAPA alleges that Plaintiff and the putative class members' claims are barred in whole or in part by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure §§ 338, 339(1), 340; California Labor Code §§ 98, 203, 1194.2, 1197.5, 2698, *et seq.*; and California Business & Professions Code § 17208.

**RESERVATION OF RIGHTS**

SAPA has not knowingly or intentionally waived any applicable affirmative defense and reserve the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent.   SAPA further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.   Nothing stated herein constitutes a concession as to whether or not Plaintiff bears the burden of proof on any issue.

**<u>PRAYERS FOR RELIEF</u>**

WHERETOFORE, SAPA prays as follows:

1.     That Plaintiff's prayer for injunctive relief be denied;

2.     That the First Amended Complaint be dismissed in its entirety with prejudice; and

3.     For such other and further relief as the Court deems just and proper.

Dated: November 14, 2022                    THE LAW OFFICES OF ALEX CRAIGIE

By: */s/ Alex Craigie*
         Alex Craigie

Counsel for Intervenor
SKYWEST AIRLINES PILOT
ASSOCIATION

[PROPOSED] INTERVENOR SAPA'S ANSWER TO FAC