**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Jeff Geraci (SBN 151519)
jgeraci@ckslaw.com
Rosemary C. Khoury (SBN 331307)
rkhoury@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone:     (619) 595-3001
Facsimile:     (619) 595-3000

**DAVTYAN LAW FIRM, INC.**
Emil Davtyan (SBN 299363)
support@davtyanlaw.com
880 E. Broadway
Glendale, CA 91205
Telephone:     (818) 875-2008
Facsimile:     (818) 722-3974

Attorneys for Plaintiff Gregory Horowitz, on behalf of himself and all others similarly situated and aggrieved

# UNITED STATES DISTRICT COURT

# NOTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| GREGORY HOROWITZ, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC., a Utah Corporation; and DOES 1 Through 10, inclusive,<br><br>Defendants. | Case No. 21-CV-04674-MMC<br><br>**CLASS AND REPRESENTATIVE ACTION**<br><br>**PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO INTERVENE BY SKYWEST AIRLINES PILOT ASSOCIATION [FRCP 24]**<br><br>Date:           January 6, 2023<br>Time:          9:00 a.m.<br>Judge:        Hon. Maxine M. Chesney<br>Courtroom:   7<br><br>Complaint filed:    March 22, 2021<br>Removal date:     June 17, 2021<br>Trial date:            Not set |

Plaintiff's Opposition to Motion for Leave to Intervene                Case No. 21-CV-04674-MMC

## I. INTRODUCTION

Airlines have aggressively resisted application of California law governing rest and meal periods, and wage statements. See, for example, *Bernstein v. Virgin America, Inc.*, 990 F.3d 1157, 1167-1170 (9th Cir. 2021); *Ward v. United Airlines, Inc.* (N.D. Cal. Aug. 7, 2022, No. C 15-02309 WHA) 2022 U.S. Dist. LEXIS 140091; *Ward v. United Airlines Inc.*, 9 Cal. 5th 732, 760-61 (2020); *Oman v. Delta Air Lines, Inc.* 9 Cal.5th 762, 762 (2020); *Gunther v. Alaska Airlines, Inc.* 72 Cal.App.5th 334, 340 (2021).

Among the airlines aggressively resisting the application of California's Labor Code, is Defendant SkyWest Airlines, Inc. ("SkyWest"), in this case, and others. *Wilson v. Skywest Airlines, Inc.* (N.D. Cal. July 12, 2021, No. 19-cv-01491-VC) 2021 U.S. Dist. LEXIS 129507.

SkyWest Airlines Pilot Association ("SAPA") an "in-house association" of SkyWest, fails to establish a right, or grounds for permission, to intervene in this action. Its motion is tardy, it has not shown a substantial interest in this action, or that its ability to protect its interests will be impaired or impeded by the outcome of the action, or that any interest it claims will not be adequately represented by SkyWest, putative Class Counsel, or the Court.

## II. PROCEDURAL BACKGROUND

Plaintiff filed this action in Alameda County Superior Court on March 22, 2021, on behalf of himself and SkyWest's California-based Pilots. Defendant removed on June 17, 2021, supported with a declaration by Mr. Aric Arnold, SAPA's President, but SAPA did not seek to intervene at that phase of the case. Dkt. No. 1-3.

On June 24, 2017, SkyWest moved to dismiss Plaintiff's claim for unpaid overtime, relying on SAPA's collective bargaining agreement, also known as SkyWest's "Pilot Policy Manual." Declaration of Jeff Geraci ¶2 ("Geraci Decl. "), Exhibit 1, 18:14-25. SAPA did not seek to intervene at that phase of the case.

SkyWest argued that, "Because Plaintiff's (and all putative class members) employment was governed by [the SAPA] RLA-CBA at all times relevant to this action, see Arnold Decl., ECF No. 1-3 at ¶¶ 6–8, Plaintiff's claim for unpaid overtime is barred as a matter of law." Dkt. No. 6, 4:14-16. The Court agreed with SkyWest's argument. Dkt. No. 29.

On October 27, 2022, Plaintiff moved to certify a class of SkyWest Pilots. Dkt. No. 39. The motion will be heard January 6, 2023. With a motion for class certification pending, SAPA now seeks to intervene, supported by a declaration from Aric Arnold. This is predictable timing by SkyWest's in-house associations. See Motion to Intervene by SkyWest Inflight Association, *Wilson v. SkyWest Airlines, Inc*. USDC Case No. 3:19-cv-1491-VC, Dkt. No. 104.

### III.   FACTUAL BACKGROUND

#### A. SAPA is One of SkyWest's In-House Associations, Not a Union

SAPA's motion blurs its nature by repeated references to unions and citation to cases interpreting union rights. But as SkyWest's 2021 Annual Report states:

> SkyWest's employees are represented by in-house associations; however, organizing efforts to join national unions among those employees occur from time to time … If our employees were to unionize or be deemed to be represented by one or more national unions, negotiations with these unions could divert management attention and disrupt operations, which may result in increased operating expenses and may negatively impact our financial results.  (p. 11)
>
> None of these employees are currently represented by an outside union. (p. 14)

Geraci Decl. ¶4, Exh. 3.

#### B. The Interests of SkyWest and SAPA are Aligned or Dominated by SkyWest

Since its inception, SAPA has completely funded by SkyWest. As this Court described:

> SAPA purports to negotiate with SkyWest over rates of pay, rules, and working conditions upon which it reaches agreements which are then presented to the pilots for a vote. SAPA works with management in maintaining the crew member policy manual; the manual covers areas such as vacation time, compensation, training issues, employee discipline and more. It is not, however, binding on SkyWest as it includes a clause which states that no policy in the manual will remain in effect if it violates the company policy manual.
> ***
> SkyWest provides SAPA with 100 percent of its funding, including the salaries of all three SAPA officers and all SAPA expenses. As a result, SAPA does not collect any dues from its members.

*Skywest Pilots ALPA Org. Comm. v. Skywest Airlines, Inc.* (N.D.Cal. June 27, 2007, No. C-07-2688 CRB) 2007 U.S.Dist.LEXIS 48316, at *9-10.

Far from being antagonistic, the interests of SkyWest and SAPA are, at a minimum, completely aligned. Both want to keep an outside union from representing SkyWest Pilots and both do not want any court to apply the California Labor Code to SkyWest's operation.

### C. The Pilot Policy Manual Does Not Address Any Issue in This Action

The "agreement" "SAPA purports" to have bargained for does not mention the California Labor Code, rest or meal periods, wage statements, or cell phone reimbursement. These, and the derivatives, are the only claims Plaintiff seeks to certify. Dkt. No. 39-1, 1:25-27. "Plaintiff does not seek certification of claims for failure to pay wages." *Id.*

SAPA does not introduce any agreements covering the proposed class period, or cite to a specific, bargained for provision that is placed at issue by Plaintiff's action.

### D. SkyWest's Wage Statements

SkyWest's wage statements show a number of "credits," rather than hours worked. Exh. 1 at 20:11-24. ("for every four hours ["trip rig pay"] it pays one hour of credit." *Id.* at 33:8-9. "For every two hours of duty they get one hour of credit." *Id.* at 71:19-72:2.)

SAPA vaguely claims that, "Currently, SAPA's pilots' pay stubs show the total "credit" hours worked and the total "duty" hours worked." Motion to Intervene, Dkt. No. 43, 5:23-24. It is unclear if "currently" is intended to suggest SkyWest recently began to include something additional on its wage statements. But whatever SAPA is arguing, even if it were lawful to not include a measure of time worked, but only a number of "credits" earned, it is not possible to tell which SkyWest "credit" formula is used from looking at the wage statements. Exh. 2.

### E. Meal and Rest Period Policies

SAPA's collective bargaining agreement has no policy for meal or rest breaks, or California law. Exh. 1 at 112:9-23. Plaintiff has never asserted rest or meal periods must be provided in-flight. Which SAPA acknowledges. Motion to Intervene, Dkt. No. 43, 2:26-3:3.

### F. Expense Reimbursement

SkyWest has no written reimbursement policy for Pilots' work-related cellphone use. Exh. 1 at 60:6-17, 61:8-13, 61:19-62:4. SAPA does not mention this claim and apparently does not take issue with Plaintiff attempting to have Pilots reimbursed.

## IV. STANDARDS FOR INTERVENTION

An applicant for intervention as of right must satisfy four criteria: (1) timely move to intervene; (2) have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may impair or impede the party's ability to protect that interest; and (4) its interest must not be adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

"Failure to satisfy any one of the requirements is fatal to the application," to intervene as of right. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). Denial of a motion to intervene as of right is reviewed de novo. *Id.*

An applicant for permissive intervention must (1) show independent grounds for jurisdiction; (2) timely move to intervene; and (3) show a common question of law and fact between its claim or defense and the main action. Fed. R. Civ. P. 24(b)(1)(B); *Perry v. Proposition 8 Official Proponents*, 587 F.3d at 955. Denial of a motion for permissive intervention is reviewed for abuse of discretion. *Id.*

## V. ARGUMENT

SAPA's motion must be denied because it fails to meet all four requirements to intervene as of right. Its motion for permissive intervention should be denied because it has no protectable interest and any interest in the action it could show is adequately protected.

### A. SAPA's Motion is Not Timely

SAPA has been aware of this action, and its claims, since it was filed. When the action was removed, SAPA's President provided the only supporting declaration. Dkt. No. 1-3. If it believed it could properly intervene in the action it could have, and should have done it then. The timing of the motion does not appear motivated by any SAPA interest, but appears directed by SkyWest to gain a strategic advantage in the litigation. See Motion to Intervene by SIA, *Wilson v. SkyWest Airlines, Inc.* USDC Case No. 3:19-cv-1491-VC, Dkt. No. 104.

### B. SAPA Has No Interest to Assert

As noted above, the "agreement" SAPA derives its interest from, SkyWest's Pilot Policy Manual, does not mention or even implicate, except in the most speculative way

possible, any of the claims at issue in this case. It is unclear how an interest can be found that SAPA repeatedly and specifically decided not to include in the only agreement that could possibly define such an interest.

The Pilot Policy Manual provides that, "Other than the specific policies set forth in this manual, the Company retains authority to manage and direct its pilots, including creating or revoking Company Policy." (See Arnold Decl., Dkt. No. 1-4, 1-5, 1-6, all at p. 10, and referenced by the Court, at Dkt. No. 29, 2:22)

This leaves SAPA to try and find an interest based on a "Manual" which contains no reference to such interests or the issues raised by this lawsuit, but instead gives SkyWest unilateral authority, except for "specific policies" in the Manual, to "manage and direct its pilots." SAPA has no interest to assert.

### C. SAPA Has Not Shown a Protectable Interest or Harm to Its Interest

Even if SAPA could be considered to have some "interest," its arguments are speculative at best. ("pilots might be required to keep working," "potential outcomes," "SkyWest might be required," etc.) Motion to Intervene, 5:1, 5:6, .13:7. These are not "significantly protectable interests." *Arakaki,* 324 F.3d at 1083.

Significantly protectable interests must be "direct, non-contingent, substantial and legally protectable." *Dilks v. Aloha Airlines, Inc.* 642 F.2d 1155, 1157 (9th Cir. 1981). An interest is not sufficiently protectable if it is contingent on future occurrences. See, *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002).

SAPA makes several tenuous arguments that require a class to be certified, a decision on the merits reached, a judgment entered, and then? It is unclear what, or how, the dire consequences SAPA fears can come to pass. If SkyWest must follow California's Labor Code, it will be like every business, including every airline, operating in California. That is not something for SAPA to negotiate or an interest it can protect. There can be no "interest" in having employees, or "in-house association" members, violate the law.

For an "in-house association" that purports to represent Pilots, SAPA spends a lot of time crying that the "sky is falling."

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

"If Horowitz has his way, in order to facilitate California Meal and Rest Breaks, SkyWest will likely be required to limit scheduling of California-based pilots to very short flights, or "hops," to ensure they are on the ground and released from duty to take them…" Motion to Intervene, Dkt. 43, 11:18-20. "It is also very likely that, depending on the outcome of this action, SkyWest may close its California bases altogether…" 4:11-12.

See argument in *Wilson v. SkyWest*: "SkyWest will likely be required to limit scheduling of California based flight attendants to very short flights, 'hops,' to ensure they are on the ground and released from duty to take California Meal and Rest Break" or, alternatively, "SIA is informed that SkyWest may be forced to close its California bases altogether." *Wilson v. Skywest Airlines, Inc.* (N.D. Cal. July 12, 2021, No. 19-cv-01491-VC) 2021 U.S. Dist. LEXIS 129507. Intervention Motion, *Wilson*, Dkt. No. 117 p. 12:20-22; 13:8-9.

SkyWest's flight attendants were found covered by California's rest and meal requirements in July 2021. "The plaintiffs' partial motion for summary judgment is granted on the question of liability for the meal and rest break claims, and the derivative PAGA and UCL claims." *Wilson v. Skywest Airlines, Inc.*, 2021 U.S.Dist.LEXIS 129507, at *12. (A class of flight attendants was not certified, apparently to the court's frustration – "In sum, the plaintiffs in this case have disavowed reliance on a theory of liability far more amenable to class treatment.") *Wilson v. Skywest* at *3.

Although unnecessary to show SAPA has not established a protectable interest, it is worth noting SkyWest continues to operate in California after *Wilson,* and will after this case.

    **D.**    **Any Interest SAPA Has is Adequately Protected**

The "agreement" SAPA derives its interest from is SkyWest's Pilot Policy Manual. SAPA "negotiated" agreements for its entire existence which specifically allow SkyWest complete control over the issues in this case. SAPA has nothing to protect here.

If SAPA could be considered to have an interest, it is difficult to imagine a case in which a potential intervenor's interest is so aligned with a defendant's. SkyWest has in this case, and others, aggressively fought for the exact thing SAPA argues for: the California Labor Code should not apply to its pilots or flight attendants. That has proved to be a losing argument for SkyWest, and other airlines, but to the extent it can be made, SkyWest is more than capable.

1   Completely absent from SAPA's motion is a single argument it could make or would
2   make that SkyWest is not just as motivated to make or has not already made. It is also difficult
3   to argue any interest it could allege could be better protected by a sole practitioner as compared
4   to, Jones Day, with over 2,400 lawyers worldwide and hundreds in California.

5   Because SAPA is funded by SkyWest, it appears its legal fees are paid for by SkyWest.
6   It is unknown if SkyWest also selects counsel for SAPA, or its other "in house associations,"
7   but counsel for SAPA here represented the "in house association" in *Wilson,* and has
8   represented SkyWest directly in the past. Geraci Decl. ¶5.

9   It is unclear how an intervenor can establish the necessary separate interest when it is
10  funded by a defendant, or that a defendant cannot adequately protect that interest when the
11  intervenor is dependent

12  "Intervenors failed to present the district court with specific reasons which would
13  explain why intervenors' representation would be superior to [SkyWest's] representation. [ ]
14  Because intervenors have not shown how their objectives differed from [SkyWest's] and
15  intervenors have otherwise failed to show that [SkyWest] may represent their interests
16  inadequately, we hold that intervenors cannot intervene as of right under Fed. R. Civ. P.
17  24(a). See *Bottoms*, 797 F.2d at 872 ('Courts find representation adequate . . . when the
18  objective of the applicant for intervention is identical to that of one of the parties.')" *Kiamichi*
19  *R.R. Co. v. National Mediation Bd*. (10th Cir. 1993) 986 F.2d 1341, 1345.

20            **E.   Interest of SAPA's Members are Protected by Other Means**

21  "[T]o the extent that [SAPA Members] may have interests in common with the class
22  alleged by [Horowitz], they have other means to protect those interests. Should any class be
23  certified here, [SAPA Members] may opt out of class to preserve their right to assert their own
24  claims as they wish." *Campbell v. eBay, Inc.* (N.D.Cal. Oct. 24, 2014, No. 13-cv-02632-YGR)
25  2014 U.S.Dist.LEXIS 151250, at *10-11; *Alaniz v. California Processors, Inc*., 73 F.R.D. 269,
26  289 (N.D. Cal. 1976) (denying intervention where proposed intervenors as potential class
27  members undoubtedly may claim an interest in the action, but are not so situated that
28  disposition of the action may, impair or impede their ability to protect their interests);

*Alaniz v. California Processors, Inc.*, 73 F.R.D. 289, 294 (N.D.Cal.1976) (denying intervention where purported intervenors had notice, opportunity to opt out or object, and were adequately represented by existing parties.)

### F. Permissive Intervention Should Not Be Granted

"Even if an applicant satisfies those [three] threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

> If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." Wright & Miller, Federal Practice and Procedure, Civil § 1913. Intervention of the type which is sought in this action would serve no useful purpose, would cause unnecessary delay and time expenditure, and would thus unduly prejudice the adjudication for all concerned. In short, the intervenors could only muddy the waters unnecessarily.

*Grogan v. American Brands, Inc*. (M.D.N.C. 1976) 70 F.R.D. 579, 584.

SAPA's intervention serves no purpose. It has no substantial interest, and its interest, if any, is more than adequately protected by SkyWest.

### VI.   CONCLUSION

SkyWest fights against unions, instead supporting, literally, "in-house associations," which allow it to take advantage of deference given to collectively bargained agreements under the Railway Labor Act. SkyWest supports SAPA's existence financially, and its goals are aligned with SkyWest, particularly in the defense of this action.

Allowing intervention here would serve no useful purpose. SAPA would simply double the litigation that SkyWest is engaging in. This cannot help but delay these proceedings and cause an unnecessary use of this Court's resources as it is forced to consider multiple motions (starting with this one). Because their interests, as shown by their "Pilot Policy Manual" are so aligned, intervention is unnecessary and would only disadvantage Plaintiff and the class.

1  Plaintiff requests the Court deny SkyWest Airlines Pilot Association's Motion for Leave to Intervene. If the Court considers allowing SAPA any participation in this action, Plaintiff requests that be separately briefed and ruled on.

COHELAN KHOURY & SINGER

Dated: November 28, 2022

By: s/Jeff Geraci
    Michael D. Singer, Esq.
    Jeff Geraci, Esq.
    Rosemary C. Khoury, Esq.
Attorneys for Plaintiff Gregory Horowitz, on behalf of himself and all others similarly situated and aggrieved