Amanda C. Sommerfeld (SBN 185052)
asommerfeld@jonesday.com
Amanda W. Molinari (SBN 323840)
amolinari@jonesday.com
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Patricia T. Stambelos (SBN 166998)
patricia@patriciastambelos.com
STAMBELOS LAW OFFICE
543 Country Club Drive, Suite B209
Simi Valley, CA 93065
Telephone: +1.805.578.3474
Facsimile: +1.805.994.0199

Attorneys for Defendant
SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY HOROWITZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC.,<br><br>Defendant. | Case No. 3:21-cv-04674-MMC<br><br>**SKYWEST AIRLINES, INC'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION**<br><br>Date: January 6, 2023<br>Time: 9:00 a.m.<br>Ctrm: 7<br>Judge: Hon. Maxine M. Chesney<br>Removal Date: June 17, 2021<br>Trial Date: Not Set |

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| | A. Plaintiff Mischaracterizes Both the Nature of His Wage Statement Claim and the Evidence Produced in Discovery | 1 |
| | B. SkyWest Did Not Knowingly and Intentionally Violate Section 226 and Thus Plaintiff's Individual Wage Statement Claim Fails | 3 |
| | C. If Plaintiff Retains Standing to Seek Injunctive Relief, Then His Claim Fails After the Wage Statements Were Revised in February 2022 | 5 |
| | D. Plaintiff's MRB Claims Fail As A Matter Of Undisputed Fact and Law, Dictating a Ruling in SkyWest's Favor | 6 |
| |    1. Plaintiff Admits That He Received All Of His California Breaks | 7 |
| |    2. Preemption Is a Threshold Issue – Not One That Applies After All Private and State Agency Alternatives are Exhausted | 8 |
| |    3. FAA Regulations Preempt California's MRB Rules For Pilots | 9 |
| |    4. The ADA Also Preempts Plaintiff's Duty-Free Break Claims | 10 |
| | E. Plaintiff's MRB and Wage Statement Claims Are Preempted by the RLA | 12 |
| | F. The Dormant Commerce Clause Bars Plaintiff's Wage Statement And MRB Claims | 13 |
| | G. Plaintiff's Individual Waiting Time Penalties Claim Fails | 13 |
| | H. Plaintiff's Expense Reimbursement Claim Fails | 13 |
| | I. The Derivative UCL and PAGA Claims Fail | 15 |
| III. | CONCLUSION | 15 |

# TABLE OF AUTHORITIES

Page

**CASES**

*Alaska Airlines, Inc. v. Schurke*,
   898 F.3d 904 (9th Cir. 2018) ..........................................................................................12

*Armendariz v. Stremicks Heritage Foods, LLC*,
   2020 WL 5875028 (C.D. Cal. Aug. 7, 2020) ....................................................................8

*Arroyo v. International Paper Company*,
   2020 WL 887771 (N.D. Cal. Feb. 24, 2020) .....................................................................5

*Bernstein v. Virgin Am., Inc.*,
   2016 WL 6576621 (N.D. Cal. Nov. 7, 2016), *aff'd*, 3 F.4th 1127 (9th Cir. 2021) ....................8

*Bernstein v. Virgin Am., Inc.*,
   227 F. Supp. 3d 1049 (N.D. Cal. 2017) ...........................................................................10

*Bernstein v. Virgin America, Inc.*,
   3 F.4th 1127 (9th Cir. 2021) .............................................................................................4

*Bowen v. Target Corp.*,
   2021 WL 4860690 (C.D. Cal. June 24, 2021) ................................................................14

*Brinker Rest. Corp. v. Super. Ct.*,
   53 Cal. 4th 1004 (2012) ....................................................................................................6

*Cole v. CRST, Inc.*,
   150 F. Supp. 3d 1163 (C.D. Cal. 2015) .............................................................................7

*Columbia Export Terminal, LLC v. Int'l Longshore & Warehouse Union*,
   23 F.4th 836 (9th Cir. 2022), *cert. dismissed sub. nom.*, 142 S. Ct. 2094 (2022) ...........12, 13

*Fitz-Gerald v. SkyWest Airlines, Inc.*,
   65 Cal. Rptr. 3d 913 (Ct. App. 2007) ................................................................................5

*Fleming v. Covidien, Inc.*,
   2011 WL 7563047 (C.D. Cal. Aug. 12, 2011) ................................................................15

*Goldthorpe v. Cathay Pac. Airways Ltd.*,
   2018 WL 5307018 (N.D. Cal. Jan. 16, 2018) ...................................................................5

*Gunther v. Alaska Airlines, Inc.*,
  72 Cal. App. 5th 334 (2021) ................................................................................................. 15

*Joseph v. Berkeley Group, LLC*,
  823 F. App'x 472 (9th Cir. 2020) (unpublished) ................................................................ 9, 10

*Kirby v. Immoos Fire Prot., Inc.*,
  274 P. 3d 1160 (Cal. 2012) ................................................................................................... 11

*Kouchi v. Am. Airlines, Inc.*,
  2021 WL 6104391 (C.D. Cal. Oct. 27, 2021) ........................................................................ 7

*Meek v. SkyWest, Inc.*,
  2019 WL 6841367 (N.D. Cal. Dec. 16, 2019) ...................................................................... 12

*Mut. Pharm Co. v. Bartlett*,
  570 U.S. 472 (2013) .............................................................................................................. 11

*Oman v. Delta Air Lines, Inc.*,
  2022 WL 4596624 (N.D. Cal. July 8, 2022) .......................................................................... 5

*Oman v. Delta Air Lines, Inc.*,
  835 Fed. Appx. 272 (Feb. 2, 2021) ........................................................................................ 4

*Pickern v. Pier 1 Imps. (U.S.), Inc.*,
  457 F.3d 963 (9th Cir. 2006) ................................................................................................. 2

*Radobenko v. Automated Equip. Corp.*,
  520 F.2d 540 (9th Cir. 1975) ............................................................................................ 7, 14

*Sprietsma v. Mercury Marine, a Div. of Brunswick Corp.*,
  537 U.S. 51 (2002) .............................................................................................................. 8, 9

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
  802 F. Supp. 2d 1125 (C.D. Cal. 2011) ..................................................................... 2, 6, 9, 13

*Ward v. United Airlines, Inc.*,
  2016 WL 3906077 (N.D. Cal. July 19, 2016) ........................................................................ 5

*Ward v. United Airlines, Inc.*,
  2022 WL 3155047 (N.D. Cal. Aug. 7, 2022) ...................................................................... 4, 5

*Ward v. United Airlines, Inc.*,
  9 Cal. 5th 732 (2020) ............................................................................................................. 4

# TABLE OF AUTHORITIES
(continued)

*Ward v. United Airlines, Inc.*,
  986 F.3d 1234 (9th Cir. 2021) .................................................................................4, 13

*Wilson v. SkyWest Airlines, Inc.*,
  2021 WL 2913656 (N.D. Cal. July 12, 2021).............................................................3, 4

*Zakikhani v. Hyundai Motor Co.*,
  2022 WL 1740034 (C.D. Cal. Jan. 25, 2022) ...................................................2, 6, 9, 13

**STATUTES**

Airline Deregulation Act (ADA) ..............................................................................6, 9, 10, 11

Cal. Code Regs. Title 8 § 11090(1)(E), (7)(A)(5) .................................................................5

Cal. Lab. Code § 226.3 ..........................................................................................................15

Cal. Labor Code § 226 ..............................................................................................2, 3, 4, 5

LMRA § 301 ..........................................................................................................................12

Railway Labor Act (RLA) ..............................................................................................4, 5, 12

**OTHER AUTHORITIES**

8 C.C.R. 11090(11)(C).............................................................................................................9

Dormant Commerce Clause (DCC) ...............................................................................4, 5, 13

Wage Order No. 9, § 2(H) .......................................................................................................5

Wage Order No. 9 (1)(E) ......................................................................................................4, 5

## I. INTRODUCTION

Plaintiff Gregory Horowitz's ("Plaintiff" or "Horowitz") Opposition fails to dislodge what defendant SkyWest Airlines, Inc. ("SkyWest") established in its opening Motion – that the multitude of State law-based theories under which he seeks to recover are factually without merit, would eviscerate many of the collectively bargained for rights of the very pilots that he seeks to represent, jeopardize the safety of passengers and crew engaged in interstate air travel, and reduce the services SkyWest currently offers to California passengers. In fact, Plaintiff fails to dispute – let alone address – most of the arguments made in SkyWest's opening Motion, and thus concedes those arguments. When Plaintiff does respond to an argument raised by SkyWest, he does not actually create a disputed issue of material fact or distinguish SkyWest's authorities, but instead attempts to obfuscate the issues before the Court by offering misleading citations, conclusory and unsupported assertions, and self-serving declaration testimony that directly contradicts his prior deposition admissions. This is not enough to avoid summary adjudication.

Plaintiff's entire Opposition can essentially be distilled down to a single refrain: "*See Bernstein* and *Ward*." But this case is neither. The facts and arguments presented by SkyWest are not merely the same arguments described differently – they are fundamentally different arguments and facts than those considered and decided in either *Bernstein* or *Ward*. For the reasons explained below and in SkyWest's opening Motion, SkyWest is entitled to judgment as a matter of law on Plaintiff's Third through Fourteenth claims.

## II. ARGUMENT

**A. Plaintiff Mischaracterizes Both the Nature of His Wage Statement Claim and the Evidence Produced in Discovery**

In his complaint, Plaintiff alleges that SkyWest's wage statements were deficient in only two ways: 1) the omission of SkyWest's name and address; and 2) the omission of the "total hours worked." ECF No. 1-1 at 32 ¶ 38. But Plaintiff *now* seeks to enlarge his claim to add an additional theory – that the wage statements violated § 226 because they failed to list "all applicable hourly rates" and "the corresponding number of hours worked at each hourly rate" (ECF No. 54 at 2:26-28, 7:7-13). The law is clear however, that, at the summary judgment stage, the allegations and theories

of liability are confined to those found in the operative complaint. *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006). His effort to expand his claim must be rejected.

SkyWest has shown that, at all times relevant to Plaintiff's claim (and long before), its wage statements included SkyWest's name and address. Spagnolo, ¶ 9.[1] Plaintiff does not dispute this fact in his Opposition, and thus concedes it. *E.g., Zakikhani v. Hyundai Motor Co.*, 2022 WL 1740034, at *6 n.7 (C.D. Cal. Jan. 25, 2022) ("Plaintiffs do not address this argument in opposition, and such failure constitutes waiver."); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (affirming that "'[i]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.'" (quoting *Sportscare of America, P.C. v. Multiplan, Inc.*, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011)).

Plaintiff makes much of SkyWest's purported "failure" to produce his wage statements. However, Plaintiff's discovery requests did not seek "hard" copies of his wage statements, but instead sought Plaintiff's *payroll data in its "native electronic format,"* which SkyWest provided. *See* ECF No. 54-3 at 55 ("Please produce all payroll records for Plaintiff in their **NATIVE ELECTRONIC FORMAT**, including but not limited to payroll data, compensation records, pay stub/wage statement records, or verifications of payment for services rendered.") (emphasis in original).

The information required to generate pilot wage statements exists in SkyWest's databases solely in an electronic format, unless and until they are printed. *See* ECF No. 54-3, Ex. 2 (Spagnolo Dep.) at 20:5-21:15; 105:1-15.[2] Each wage statement for a particular pay period is electronically generated at the time a pilot seeks to access it via the SkyWest portal. This means that any wage statements printed today will include the formatting change SkyWest made in February 2022 to

---

[1] All declaration citations, unless otherwise noted, are included in ECF No. 47-1, and refer to the declarant's last name.

[2] This complies with an employer's recordkeeping obligations under Labor Code § 226. Cal. Lab. Code § 226 ("[A] copy of the [wage] statement and the record of the deductions shall be kept on file by the employer for at least three years …. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.").

include total duty hours, even if the wage statement being printed covers a pre-February 2022 pay period. Put simply, while SkyWest has all of the required data that would be reflected on historical wage statements (which is what Plaintiff requested and was produced), SkyWest can no longer print a historical wage statement for Plaintiff that would look identical to what Plaintiff saw during his employment. Consequently, SkyWest provided a printed exemplar of a recent wage statement illustrating both how SkyWest's name and address appears (and has appeared throughout the entire relevant period) on all pilot wage statements *and* the formatting change to include total duty hours worked. See Spagnolo, Ex. A.

**B.    SkyWest Did Not Knowingly and Intentionally Violate Section 226 and Thus Plaintiff's Individual Wage Statement Claim Fails**

As to Plaintiff's theory that his wage statements were noncompliant because they failed to include total hours worked, SkyWest's good faith defense precludes liability as to Plaintiff's individual claim. In his Opposition, Plaintiff seeks to obfuscate the issue by misleading the Court with disingenuous citations while completely ignoring Judge Chhabria's decision expressly finding that SkyWest was (and is) entitled to a good faith defense precluding liability as to this very claim. *See, Wilson v. SkyWest Airlines, Inc.*, 2021 WL 2913656, at *2 (N.D. Cal. July 12, 2021) ("[E]ven assuming, without deciding, that SkyWest's wage statements do not comply with [California law's requirement that they list total hours worked], the plaintiffs' wage statement claim under California Labor Code § 226 fails because SkyWest's violations were not 'knowing and intentional.'"). Plaintiff neither acknowledges that Judge Chhabria considered and rejected the arguments he makes here, nor provides this Court any reason to issue a conflicting ruling.[3]

---

[3] Although Plaintiff fails to address *Wilson* in his Opposition, he does discuss Judge Chhabria's opinion in his reply in support of his bid for class certification. *See* ECF No. 56 at 3:20-4:17. On reply, Plaintiff requests that this Court disregard *Wilson* because it is in Plaintiff's opinion wrongly decided. In support, Plaintiff proffers the same argument he makes here, attempting to rely on the July 2018 district court decision in *Bernstein*. Next, Plaintiff argues that Judge Chhabria erred in finding that SkyWest had "a good faith belief it was complying with section 226" (*Wilson*, 2021 WL 2913656, at *3), because, according to Plaintiff, SkyWest was not, in fact, in compliance. ECF No. 56 at 3:9-17. But Plaintiff misunderstands the very nature of the good faith defense. "The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist" at the time the wage statements were issued. *Wilson*, 2021 WL 2913656, at *3 (citing 8 C.C.R. § 13520(a)).

Plaintiff argues that a good faith defense cannot apply for wage statements issued after the July 2018 district court decision in *Bernstein* or – at the latest – after the California Supreme Court's June 2020 decision in *Ward*. Not so. First, the July 2018 district court's decision was appealed to the Ninth Circuit, and the Ninth Circuit's decision upholding the ruling was not entered until **February 23, 2021,** and Virgin's petition for writ of certiorari was denied by the Supreme Court on **June 30, 2022**. *See Bernstein v. Virgin America, Inc.*, 3 F.4th 1127 (9th Cir. 2021). It is thus clear that nothing was 'settled' law as of July 2018. Next, Plaintiff argues that SkyWest is not entitled to a good faith defense after the California Supreme Court's ruling in *Ward v. United Airlines* on June 29, 2020. But again, Plaintiff is relying on the wrong decision to support his argument. On June 29, 2020, in response to an argument by United that Labor Code § 226 *did not apply* extraterritorially to California pilots who work outside the boundaries of the State for the majority of their working time, the California Supreme Court held that § 226 *did* apply to wage statements issued to pilots who do not perform a majority of their work in any one state, if they are "base[d]" in California. *Ward v. United Airlines, Inc.*, 9 Cal. 5th 732, 760-61 (2020). But that decision did <u>not</u> address whether the items that were or were not included on the wage statements satisfied (or violated) § 226, nor did the decision address whether § 226 claims were preempted by the Railway Labor Act (RLA)[4] or the Dormant Commerce Clause (DCC). It was not until **February 2, 2021** that the Ninth Circuit decided in *Ward* that RLA preemption did not insulate United from compliance with § 226, in *Ward v. United Airlines, Inc.*, 986 F.3d 1234, 1244 (9th Cir. 2021), and held that the application of § 226 to interstate workers did not violate the DCC. *Oman v. Delta Air Lines, Inc.*, 835 Fed. Appx. 272, 273 (9th Cir. Feb. 2, 2021).[5]

Other courts have found § 226 violations by airlines, including SkyWest, were not knowing and intentional until *after* the Ninth Circuit's ruling in *Ward* was issued and settled, just as this Court should. *Wilson v. SkyWest Airlines, Inc.*, 2021 WL 2913656, at *2 (N.D. Cal. July 12, 2021); *Ward*

---

[4] The *Ward* court held that the RLA *exemption* in Wage Order No. 9 (1)(E) did not bar § 226 claims, but did <u>not</u> consider whether the RLA *preempted* § 226 claims.
[5] SkyWest reiterates that the RLA preemption and DCC arguments raised in its Motion are different from those that were defeated by the Ninth Circuit's rulings in *Ward* and *Oman*. *See* ECF No. 52 at 17:22-19:17; 23:1-24:8.

*v. United Airlines, Inc.*, 2022 WL 3155047, at *7 (N.D. Cal. Aug. 7, 2022) (United was entitled to good faith defense until February 2, 2021); *Oman v. Delta Air Lines, Inc.*, 2022 WL 4596624, at *14 (N.D. Cal. July 8, 2022) (Delta's good faith belief ended on January 10, 2022 when the Supreme Court denied its petition for a writ of certiorari).

Finally, rather than address the cases cited by SkyWest supporting its good faith defense, Plaintiff relies on *Arroyo* to argue that SkyWest has not adequately demonstrated a good faith belief that it was complying with § 226. Plaintiff misses the point. In *Arroyo*, the defendant employer never contended that § 226 did <u>not</u> apply to it. *Arroyo v. International Paper Company*, 2020 WL 887771, at *12-13 (N.D. Cal. Feb. 24, 2020). Instead, the employer in *Arroyo* took steps to ensure compliance with § 226 that simply fell short. *Id.*; ECF No. 54 at 9:1-17. In this way, *Arroyo* is inapposite. Unlike the defendant in *Arroyo*, SkyWest need not present evidence demonstrating the steps it took to comply with § 226, because its good faith defense is premised on the belief that § 226 *did not even apply to it*. See ECF No. 52 at 7:10-9:7. Indeed, as discussed at length in SkyWest's moving papers, prior to February 2021 there was ample case law supporting SkyWest's good-faith belief that: (1) airline employers did not need to record or list the "total hours worked in the payroll period and applicable rates of pay" for employees who are covered by a CBA under the RLA (Cal. Code Regs. tit. 8, § 11090(1)(E), (7)(A)(5); *Goldthorpe v. Cathay Pac. Airways Ltd.*, 2018 WL 5307018, at *2 (N.D. Cal. Jan. 16, 2018)); and (2) the DCC precluded application of California's wage statement rules to flight crew (*Fitz-Gerald v. SkyWest Airlines, Inc.*, 65 Cal. Rptr. 3d 913, 921 (Ct. App. 2007); *Ward v. United Airlines, Inc.*, 2016 WL 3906077, at *5 (N.D. Cal. July 19, 2016)).

SkyWest's good faith defense bars Plaintiff's individual wage statement claim, and summary adjudication should be granted as to this claim.

**C.    If Plaintiff Retains Standing to Seek Injunctive Relief, Then His Claim Fails After the Wage Statements Were Revised in February 2022**

Plaintiff is not entitled to the injunctive relief he seeks because SkyWest's wage statements currently comply with § 226's requirement to list "total hours worked," by listing the total duty hours, which represent the outer limit of their time worked. Spagnolo, ¶¶ 8, 20; *see* Wage Order 9, §2(H) (defining "hours worked" with reference to all time that the employee is "subject to the

control of the employer"). The pilots themselves agree with SkyWest that total duty hours reflect the outer limit of their total hours worked. ECF No. 43 at 12:8-18.

In Opposition, Plaintiff entirely failed to address this argument and thus concedes its validity. *E.g., Zakikhani*, 2022 WL 1740034, at *6 n.7; *Stichting*, 802 F. Supp. 2d at 1132. The question of whether listing total "duty" hours (as opposed to credit hours) complies with § 226's requirements has never been argued nor decided and distinguishes this case from the authorities on which Plaintiff seeks to rely. To be sure, the *only* person complaining about the format of SkyWest's current wage statements is a former pilot who never received a wage statement listing total duty hours, and summary adjudication should be granted as to Plaintiff's claim for injunctive relief.

**D.   Plaintiff's MRB Claims Fail As A Matter Of Undisputed Fact and Law, Dictating a Ruling in SkyWest's Favor**

As SkyWest demonstrated in its moving papers, Plaintiff's meal and rest break ("MRB") claims cannot proceed for several reasons. *See* ECF No. 52 at 10:12-22:18. First, Plaintiff admitted that he was provided 100% of his breaks at all times during his employment. ECF No. 48-1 ("Horowitz Dep.") at 210:22-211:22, 213:18-214:14. Additionally, California MRB rules are preempted by and conflict with FAA regulations which occupy the field of aviation safety, impact rates, routes and services in violation of the Airline Deregulation Act (ADA), and, as to MRB penalties, are barred by RLA-preemption. Plaintiff fails to meaningfully address any of these arguments in Opposition.

As a preliminary matter, Plaintiff's assertion that SkyWest has not met its initial burden as to Plaintiff's MRB claims because it has "no policy to provide Pilots with meal or rest breaks of any kind" is mistaken. ECF No. 54 at 9:27-28; 10:7-13. In support of this assertion, Plaintiff offers misleading quotes from *Brinker* suggesting that SkyWest is *required* to show it had a formal policy to provide California MRBs. ECF No. 54 at 10:7-13. But *Brinker* sets forth no such requirement. To the contrary, *Brinker* confirmed that an employer need only "authorize and permit the amount of rest [and meal] break time called for under the wage order for its industry." *Brinker Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1033 (2012).

It is not enough for Plaintiff to point to the absence of a formal policy to establish liability.

-6-

*See Cole v. CRST, Inc.*, 150 F. Supp. 3d 1163, 1168 (C.D. Cal. 2015) (holding that employer's lack of a specific rest and meal break policy was insufficient to establish liability); *Kouchi v. Am. Airlines, Inc.*, 2021 WL 6104391, at *4 (C.D. Cal. Oct. 27, 2021) (denying certification where no MRB policy existed, noting, "it is illogical to presume that a lack of a … policy would lead to a uniform, state-wide failure to provide [MRBs] across ten geographically distinct airports."). The lack of any legal obligation to have a formal MRB policy leaves empty both of Plaintiff's arguments that the absence of a policy means that SkyWest *did not carry* its summary judgment burden – or that Plaintiff *met* his burden to show a triable issue of material fact. He has not done so.

        **1.**        **Plaintiff Admits That He Received *All* Of His California Breaks**

Plaintiff admitted in his deposition that he received "a hundred percent" of his California MRBs. Horowitz Dep. at 210:22-211:22, 213:18-214:14. In an attempt to avoid summary adjudication, Plaintiff now argues that this testimony is unclear and that it is "impossible" to construe his testimony as an admission that SkyWest provided him with compliant California MRBs. ECF No. 54 at 3.[6] To support this argument, Plaintiff offers a self-serving declaration submitted in support of his Opposition, in which he now claims that he was never free from duties – before or between flights. But this new testimony directly contradicts his prior deposition testimony. *See, e.g.* Horowitz Dep. 54:15-25; 58:7-25; 63:13-64:16; 67:18- 68:23; 80:14-81:7; 92:16-93:9; 96:4-10; 123:10-124:1; 164:12-15; 165:1-11; 173:23-174:2; 176:2-12; 194-16-25; 197:24-198:4; 198: 5-8 (Q: "[d]id you have freedom to take that time in between your work duties whenever you didn't have any work duties?" A: "Yes."). It is well-established that Plaintiff cannot create an issue of fact by presenting testimony in a declaration that contradicts his prior deposition testimony. *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975) (finding that "contradictory testimony of a plaintiff alone can[not] be used by him to defeat a defendant's summary judgment motion where the only issue of fact results from the necessity of choosing between the plaintiff's two conflicting versions."). Thus, this Court must disregard Plaintiff's

---

[6] Of course, if the Court agrees with him that his testimony is not clear, then it will need to be interpreted and his credibility evaluated – an exercise that will need to be replicated thousands of times as to **each** pilot, **every** day in the class period, in order to ascertain liability on a classwide basis. This degree of individual inquiry sounds the death knell for certification of MRB subclasses.

-7-

assertions that he was never relieved from duty before or in between flights as contrary to his prior deposition testimony.

Plaintiff also incorrectly states that SkyWest "does not contend that it complied with California's [MRB] requirements" and attempts to mislead the Court with a disingenuous quotation and citation to *Bernstein*, in which he gratuitously insert's SkyWest's name in place of Virgin. ECF No. 54 at 10:14-16. Virgin, in fact, actually did have a policy requiring its flight attendants to remain accessible even when on the ground in between flights. *Bernstein v. Virgin Am., Inc.*, 2016 WL 6576621, at *13 (N.D. Cal. Nov. 7, 2016), *aff'd*, 3 F.4th 1127 (9th Cir. 2021), *and aff'd*, 990 F.3d 1157 (9th Cir. 2021). Here, SkyWest does not have any such policy, and testimony from the pilots (and Plaintiff) demonstrates that they often have the freedom and opportunity for MRBs on the ground before and/or in between flights.[7] *See* ECF No. 47 at 13:23-15:6.

### 2. Preemption Is a *Threshold* Issue – Not One That Applies After All Private and State Agency Alternatives are Exhausted

Issues of preemption are the first (and certainly not the last) resort in any analysis of state law. *See Sprietsma v. Mercury Marine, a Div. of Brunswick Corp.*, 537 U.S. 51, 56 (2002) ("Because the pre-emption defense raises a threshold issue, we have no occasion to consider the merits of petitioner's claims, or even whether the claims are viable as a matter of Illinois law."); *Armendariz v. Stremicks Heritage Foods, LLC*, 2020 WL 5875028, at *5 (C.D. Cal. Aug. 7, 2020)

---

[7] Horowitz Dep. at 198:5-8; 200:8-15; 204:6-17; 211:6-22; 213:18-214:11; Araya, ¶¶ 27-28 (had 10 minutes to rest in between pre-flight duties and departure "90% of the time," had 10 minutes every 3-4 hours to rest "most of the time," and had 30 minutes to eat and rest every 5 hours "about 5% of the time, this is my choice based on my bidding preferences"); Bishop, ¶¶ 26-27; Bixby, ¶¶ 27-28 (had 10 minutes to rest in between pre-flight duties and departure "almost always," had 10 minutes every 3-4 hours to rest "absolutely always," and had 30 minutes to eat and rest every 5 hours "always" but that during longer turn times "we are just looking for ways to kill time!"); Capps, ¶¶ 28, 29 (had 10 minutes to rest in between pre-flight duties and departure "almost always," had 10 minutes every 3-4 hours to rest "almost always," and had 30 minutes to eat and rest every 5 hours "most of the time"); Carey, ¶¶ 27, 28; Ebbe, ¶¶ 26, 27; Evans, ¶¶ 25-26 (had 10 minutes every 3-4 hours to rest "vast majority of the time," and had 30 minutes to eat and rest every 5 hours "the majority of the time"); Fichialos, ¶¶ 20, 21; Forsberg, ¶ 26, 27 (had 10 minutes to rest in between pre-flight duties and departure if he "began my pre-flight duties early, or there was a maintenance or other IROPs delay," had 10 minutes every 3-4 hours to rest "often," and had 30 minutes to eat and rest every 5 hours "often"); Kendel, ¶¶ 29-30 (had 10 minutes to rest in between pre-flight duties and departure "most of the time," had 10 minutes every 3-4 hours to rest "always," and had 30 minutes to eat and rest every 5 hours "occasionally . . . I did not enjoy these long turn times").

("The Court addresses the threshold issue of preemption before proceeding to a substantive analysis of both claims."). In an effort to encourage this Court to sidestep the thorny questions of preemption, Plaintiff suggests that SkyWest *could* seek an exemption from California's rest break requirements from the California Labor Commissioner (ECF No. 54 at 11:2-7) and *could* seek to enter into "on duty" meal period agreements with its pilots (*Id.* at 11:8-13). But Plaintiff fails to acknowledge that the Labor Commissioner (or the pilots) could reject these efforts. In fact, California law empowers employees to choose whether to "agree[]" to on-duty meal breaks, and, even if they do, "the employee may, in writing, revoke the agreement at any time." 8 C.C.R. 11090(11)(C). Thus, even if an on-duty meal period agreement is in place, California law requires SkyWest to provide completely *off-duty* breaks on demand, during which the pilot must not be subject to respond to any needs of the flights at all – even in emergencies.

At bottom, rather than meaningfully address the substance of SkyWest's federal preemption defenses, Plaintiff attempts to distract the Court with hypothetical private and state agency work arounds. This Court must address the threshold preemption issues. *There is no authority that allows for the outcome of a preemption analysis to be dependent on whether a private party (or the State) will first consent to the non-application of the state law at issue. Sprietsma, supra*, 537 U.S. at 56.

      **3.**      **FAA Regulations Preempt California's MRB Rules For Pilots**

In its moving papers, SkyWest presented an undisputed record showing that FAA regulations preempt California's MRB rules for pilots based on field and conflict preemption. ECF No. 52 at 11:1-16:5. Plaintiff all but ignores these arguments in opposition, offering one sentence citing to *Bernstein* in a way that confusingly cobbles together field preemption, conflict preemption and ADA preemption. ECF No. 54 at 13:20-22. Plaintiff's failure to address SkyWest's arguments regarding field and conflict preemption as to Plaintiff's MRB claims is itself a concession that summary adjudication should be granted as to these claims on preemption grounds. *E.g., Zakikhani*, 2022 WL 1740034, at *6 n.7; *Stichting*, 802 F. Supp. 2d at 1132. Indeed, as SkyWest explained in its Motion, none of its preemption arguments were raised or adjudicated in *Bernstein* as to pilots (with respect to field and conflict preemption) or as to EAS routes (under ADA preemption).

It is also telling that Plaintiff avoids any discussion about *Joseph v. Berkeley Group, LLC*,

823 F. App'x 472, 473 (9th Cir. 2020) (unpublished), which held that "[f]ederal regulations applicable to [defendant's] operations provide detailed standards governing the duration of pilots' rest breaks between duty periods[,]" and "[t]hose standards preempt the pilots' claims that they were entitled under state law to breaks of different frequency and duration." Clearly the pilots entrusted with flying commercial aircraft are vital to aviation safety. This is underscored by the detailed and pervasive FAA regulations governing their duties and rest, which compels a finding that these regulations preempt California's MRB rules as to pilots based on field and conflict preemption.

### 4. The ADA Also Preempts Plaintiff's Duty-Free Break Claims

Again, Plaintiff's only response to SkyWest's ADA preemption argument is to fall back on the empty assertion that ADA preemption is foreclosed by *Bernstein*. ECF No. 54 at 13:20-22. But as SkyWest explained in its moving papers – which Plaintiff ignored – *Bernstein* does not control here. First, that ruling applies to California flight attendants (not pilots) employed by a California employer who take off, fly and land entirely within California. SkyWest is not a California employer and Plaintiff here seeks extraterritorial application of the MRB laws.[8] Second, the *Bernstein* court did not consider the arguments that SkyWest presents here. *See* ECF No. 52 at 16:7-17:21. Unlike SkyWest, the airline in *Bernstein* was not a regional carrier that was the exclusive service-provider to many EAS-subsidized small communities, and thus the court was not presented with the facts present here: that enforcing California's MRB rules will cause some EAS routes to be abandoned and some communities to lose air service altogether. *See* ECF No. 52 at 17:9-17.

---

[8] In its Motion, SkyWest pointed out that the operative Complaint seeks to improperly apply California's MRB rules to all of Plaintiff's working time, even time spent **outside of California**. ECF No. 52 at 10:23 n.10. In response, Plaintiff merely offers conclusory statements that the application of California MRB rules outside of California "is irrelevant" and that SkyWest is incorrect about the issue of extraterritorial application of California MRB rules. ECF No. 54 at 12:11-14. Plaintiff does not offer a single citation supporting his bald assertion that California MRB rules *can* apply extraterritorially. *Id.* Nor does Plaintiff offer any argument in support of this claim. *Id.* Instead of limiting his MRB claims to only cover periods of time when he was "deprived of [mandatory] breaks while working in California" (*Bernstein v. Virgin Am., Inc.*, 227 F. Supp. 3d 1049, 1064 (N.D. Cal. 2017)), which would place Plaintiff closer to the arguments underpinning the *Bernstein* decision, Plaintiff states that he "flew completely within California a significant amount of time." ECF No. 54 at 12:12-14. Thus, Plaintiff appears to confirm that he **does** in fact seek to apply California's MRB rules to time he spent outside of California. This alone is a marked departure from *Bernstein*.

Plaintiff offers no evidence (or arguments) to the contrary.

Plaintiff suggests that it is irrelevant that Dr. Lee estimates that it would cost SkyWest $133 million per year to comply with California MRB rules by staffing two additional relief pilots on each flight, because "no one has ever suggested" that such relief pilots are necessary. ECF No. 54 at 11:20-22. First, the hypothetical solution of staffing relief flight attendants to allow for inflight MRBs (a notion that SkyWest strongly disagrees with) was the primary reason that the *Bernstein* Court found no ADA preemption. Second, Horowitz himself *does* suggest that staffing additional relief pilots would allow pilots to take California MRBs during flight. Horowitz Dep. at 192:20-193:10. But Dr. Lee also speaks to the almost certain impact on rates, routes and services should SkyWest be required to provide California MRBs to its California pilots on the ground; including the undisputed evidence that providing California MRBs would almost certainly require SkyWest to abandon some EAS routes. Plaintiff ignores this expert opinion.

Instead, Plaintiff suggests that SkyWest can comply with California law as long as it pays premium wages in the form of one additional hour of pay whenever a California MRB is not provided. ECF No. 54 at 11:27-12:3. This argument amounts to an assertion that *it is acceptable to break the law and just pay the penalty*. But California law "does not give employers a lawful choice between providing either [MRBs] or an additional hour of pay." *Kirby v. Immoos Fire Prot., Inc.*, 274 P. 3d 1160, 1168 (Cal. 2012). Accordingly, "[t]he failure to provide required [MRBs] is what triggers a violation[,]" and premium wages are merely "the legal remedy for a violation." *Id.* at 1168. For purposes of ADA preemption, then, the question is whether complying with the "obligation to provide [MRBs]" within the timing required by California law would effectively bind SkyWest to shorter routes and fewer nonstop services by forcing it to discontinue some EAS routes, and otherwise alter its rates, routes or services. It is undisputed that the answer is 'yes,' and that is enough to show that the law is preempted. As the Supreme Court has explained, "the prospect that [an employer] could 'pa[y] the state penalty' for violating a state-law duty" does not defeat preemption. *Mut. Pharm Co. v. Bartlett*, 570 U.S. 472, 486-87 n.3 (2013) (noting that while it was not "literally impossible" for the defendant pharmaceutical company to comply with both state and federal law because it could escape liability by either not doing business in the relevant state or by

-11-

paying the state penalty for failing to comply, doing so would render impossibility preemption "all but meaningless"). Consequently, Plaintiff's "just break the law" solution does not work.

### E.     Plaintiff's MRB and Wage Statement Claims Are Preempted by the RLA

RLA preemption requires disputes involving state law claims "grounded in the provisions of the labor contract or require[ing] interpretation of it," to be resolved through grievance and arbitration. *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 920 (9th Cir. 2018). As SkyWest argued in its moving papers, Plaintiff's MRB and wage statement claims are preempted by the RLA, because determining the regular rate for premium pay for each purported MRB violation would necessarily require interpretation of the CBA. *See* ECF No. 52 at 17-19. Plaintiff's argument in opposition is confusing at best and misleading at worst. *See* ECF No. 54 at 12:4-10. Plaintiff omits any real analysis of the complexity of the pilot pay plan presented by Mr. Spagnolo. Spagnolo, ¶¶ 21-30; *see also* ECF No. 53-1 at ¶¶ 23-27. But SkyWest and the pilots recognize the complexity of this pay plan and the interpretation of the CBA that would be required to determine a pilot's regular rate of pay in a given pay period. Spagnolo, ¶¶ 21-30; *see also* ECF No. 53-1 at ¶¶ 23-27.

Rather than grapple with the arguments, evidence and authorities SkyWest submitted in support of RLA preemption, Plaintiff merely quotes Judge Donato's decision in *Meek v. SkyWest, Inc.*, 2019 WL 6841367, at *1 (N.D. Cal. Dec. 16, 2019) finding that, there, the plaintiffs' minimum wage and MRB claims were not preempted by the RLA under the Ninth Circuit's decision in *Schurke*. But Plaintiff fails to acknowledge that *Meek* concerned a ***different*** work group of employees governed by a ***different*** CBA with a ***different*** pay plan than that covering Plaintiff and the pilots he seeks to represent in this litigation.[9] What's more, Plaintiff fails to address the post-*Shurke* decisions in the Ninth Circuit finding RLA (or LMRA)[10] preemption in similar circumstances to those presented here – including the Ninth Circuit's recent decision in *Columbia Export Terminal, LLC v. Int'l Longshore & Warehouse Union*, 23 F.4th 836, 844 (9th Cir. 2022),

---

[9] *Meek* concerned customer service employees such as ramp agents and gate agents, who never leave the ground. They are paid an hourly wage, plus time and a half for overtime.

[10] The Ninth Circuit has observed that "the RLA and LMRA § 301 preemption standards are 'virtually identical' in purpose and function, [and] they are, for the most part, analyzed under a single test and a single, cohesive body of case law." *Schurke*, 898 F.3d at 913 n.1.

*cert. dismissed sub. nom.*, 142 S. Ct. 2094 (2022) (finding that plaintiff's RICO claim premised on theory that union and union employees fraudulently furnished timesheets reporting hours not worked was preempted because resolving it would require interpretation of the complicated time and pay provisions in their CBA to determine how they apply). Plaintiff's failure to meaningfully respond to the complexities in the pay provisions of the pilots' CBA is telling. SkyWest's preemption argument has merit and summary adjudication should be granted in SkyWest's favor.

**F.    The Dormant Commerce Clause Bars Plaintiff's Wage Statement And MRB Claims**

As SkyWest explained, the adverse impact that application of California MRB rules will have on the pilots and their collectively bargained for benefits cannot be understated. *See* ECF No. 52 at 19:20-22:18. Yet Plaintiff fails to respond at all to SkyWest's argument that the DCC bars Plaintiff's MRB claims, thus conceding the argument. *E.g., Zakikhani*, 2022 WL 1740034, at *6 n.7; *Stichting*, 802 F. Supp. 2d at 1132.

As to SkyWest's argument that the DCC bars Plaintiff's wage statement claim (ECF No. 52 at 23:2-24:8), Plaintiff incorrectly suggests that *Ward v. United Airlines*, 986 F.3d 1234, 1245 (9th Cir. 2021) already rejected the argument. ECF No. 54 at 13:8-10. Not so. SkyWest's arguments were not raised or decided in *Ward*. *See* ECF No. 52 at 23:2-24:8. Thus, once again, Plaintiff has effectively failed to respond to ***any*** of the factual or legal arguments SkyWest made in support of its DCC preemption arguments, and summary adjudication in SkyWest's favor should be granted.

**G.    Plaintiff's Individual Waiting Time Penalties Claim Fails**

Plaintiff's § 203 claim fails along with the underlying substantive MRB claims, and because waiting-time penalties under § 203 also are subject to a good-faith defense. *See* ECF No. 52 at 24:10-15. Once again, Plaintiff failed to address SkyWest's arguments as to his § 203 claim, and thus concedes them. *See, e.g., Zakikhani*, 2022 WL 1740034, at *6 n.7; *Stichting*, 802 F. Supp. 2d at 1132.

**H.    Plaintiff's Expense Reimbursement Claim Fails**

SkyWest presented ample evidence that pilots – including Plaintiff – were not required to use their personal cell phones for business-related purposes and were presented with a multitude of alternatives throughout the relevant period. *See* ECF No. 52 at 25:1-16; Spagnolo, ¶¶ 15, 34;

Horowitz Dep. at 84:11-85:4.

In Opposition, Plaintiff (again) attempts to manufacture a triable issue of material fact by offering a self-serving declaration contradicting his prior deposition testimony. *See* ECF No. 54-2 at ¶¶ 6-10. But he is bound by his deposition admissions for purposes of this Motion – admissions that confirm that there is no factual dispute. Horowitz Dep. at 51:22-52:3 (acknowledging that he could check in on a "company computer or, actually, any – any other computer – you know, desktop computer that had internet access"); 60:14-61:4 (admitting that he used his cell phone to check for notifications from dispatch of flight departure times, but could have used his SkyWest device instead); 61:5-15 (admitting that he does not recall the actual functions available on the SkyWest device); 84:11-85:1(admitting that he could "type messages to maintenance, dispatch, even crew scheduling" via the ACARS satellite communication link on the aircraft). Plaintiff's declaration is not sufficient to avoid summary adjudication. *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975) (finding that "contradictory testimony of a plaintiff alone can[not] be used by him to defeat a defendant's summary judgment motion where the only issue of fact results from the necessity of choosing between the plaintiff's two conflicting versions.").

Contrary to Plaintiff's mischaracterization of SkyWest's evidence, SkyWest never suggested that Plaintiff could have made phone calls from crew lounge computers. ECF No. 54-2 at ¶ 10. Instead, SkyWest provided evidence that there were phones – other than Plaintiff's cell phone – available *at the gate* for his use. Spagnolo, ¶ 34.

Finally, to the extent any of Plaintiff's (or another pilot's) purported cell phone usage was necessary, that expense is reimbursed through *per diem* payments – which run from a pilot's actual check-in time through the end of a pairing (including when they are sleeping) – and is intended to reimburse pilots for all necessary work-related expenses.[11] Spagnolo, ¶ 35. Plaintiff offered no evidence that these *per diem* payments did (and do) not cover any incidental cell phone usage by

---

[11] This would clearly require an examination into whether each pilot's use of a personal cell phone was reasonable and necessary, and if it was, whether their *per diem* expense reimbursement covered the cost – an individualized inquiry that precludes certification of this claim on a classwide basis. *Bowen v. Target Corp.*, 2021 WL 4860690, at *10 (C.D. Cal. June 24, 2021)( ("If a substantial number of class members 'in fact suffered no injury,' the 'need to identify those individuals will predominate' over classwide issues.") (internal quotation omitted).

Plaintiff or any other pilot, if such usage were necessary.

I.    **The Derivative UCL and PAGA Claims Fail**

Plaintiff's PAGA and UCL claims fail because the underlying violations upon which they are predicated are without merit, as discussed above. Seeking to preserve his PAGA claim to the extent it is based on faulty wage statements, Plaintiff argues that, even if this Court agrees with Judge Chabbria and concludes that SkyWest's wage statements were not "knowing[ly] and intentional[ly]" incorrect with respect to stating the "total hours worked," his PAGA claim still survives because the good faith defense only disposes of his individual (and class) claim for statutory penalties under § 226(e). ECF No. 54 at 13:24-14:15. But Plaintiff's PAGA claim, as alleged in his First Amended Complaint, is premised only on § 226.3. *See* ECF No. 1-1 at 40 ¶ 97. And § 226.3 applies only when an employer fails to provide a wage statement *at all* – not when one of the items on a wage statement is incorrect. Cal. Lab. Code § 226.3. *See, Gunther v. Alaska Airlines, Inc.*, 72 Cal. App. 5th 334, 355 (2021) (declining to follow *Raines v. Coastal Pac. Food Distributors, Inc.*, 23 Cal. App. 5th 667 (2018)); *see also Fleming v. Covidien, Inc.*, 2011 WL 7563047, at *3 (C.D. Cal. Aug. 12, 2011). Consequently, Plaintiff may not continue to represent others under PAGA for wage statements that omit the total hours worked (up until February 2022).

### III.    CONCLUSION

For these reasons, the Court should grant SkyWest summary adjudication.

Dated: December 23, 2022                                    JONES DAY

                                                By: */s/ Amanda C. Sommerfeld*
                                                       Amanda C. Sommerfeld

                                                       Attorneys for Defendant SKYWEST