IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HOROWITZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SKYWEST AIRLINES, INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-04674-MMC<br><br>**ORDER GRANTING SKYWEST AIRLINES PILOT ASSOCIATION'S MOTION FOR LEAVE TO INTERVENE; VACATING HEARING** |

Before the Court is the "Motion of Proposed Intevenor SkyWest Airlines Pilot Association ["SAPA"] for Leave to Intervene," filed November 14, 2022, whereby SAPA seeks leave to intervene as a defendant, either permissively or as of right. Plaintiff Gregory Horowitz ("Horowitz") has filed opposition, to which SAPA has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submission, VACATES the hearing scheduled for January 6, 2023, and, as set forth below, finds SAPA has shown permissive intervention is warranted.[1]

In the operative complaint, the First Amended Complaint, Horowitz, who formerly was employed as a pilot by defendant SkyWest Airlines, Inc. ("SkyWest"), asserts, on his own behalf and on behalf of a class of current and former pilots that SkyWest, in violation of California law, did not provide its California-based pilots all required meal and rest breaks, did not reimburse pilots for use of personal cell phones while working, and did not

---

[1] In light of this finding, the Court does not address herein the parties' respective arguments regarding intervention as of right.

1 provide accurate wage statements.[2]

2 "[P]ermissive intervention requires (1) an independent ground for jurisdiction; (2) a
3 timely motion; and (3) a common question of law and fact between the movant's claim or
4 defense and the main action." Freedom From Religion Foundation, Inc. v. Geithner, 644
5 F.3d 836, 843 (9th Cir. 2011) (internal quotation and citation omitted).

6 Here, at the outset, the Court finds, for the reasons stated by SAPA, its motion is
7 timely (see SAPA's Mot. at 8:7-9:15) and common questions of law and fact exist
8 between SAPA's proposed defenses and Horowitz's claims (see id. at 17:14-22).

9 The Court finds the first requirement has been met as well, given that the purpose
10 thereof is to "prevent[ ] permissive intervention from being used to destroy complete
11 diversity in state-law actions," see Freedom From Religion Foundation, 644 F.3d at 843,
12 and SAPA's intervention would not destroy diversity. In particular, the instant action was
13 removed under the Class Action Fairness Act ("CAFA"), and, at the time of removal,
14 SkyWest demonstrated it is a citizen of Utah and Horowitz is a citizen of California (see
15 Notice of Removal ¶¶ 10, 24), thus satisfying the minimal diversity requirement under
16 CAFA. See 28 U.S.C. § 1332(d)(2)(A) (providing diversity requirement satisfied where
17 "any member of a class of plaintiffs is a citizen of a State different from any defendant).

18 Lastly, to the extent Horowitz asserts intervention would "serve[ ] no purpose," as,
19 according to Horowitz, SAPA's interests are "more than adequately protected by
20 SkyWest" (see Pl.'s Opp. at 8:17-18), the Court finds SAPA has shown its members have
21 protectable interests that, at various points, diverge from those of SkyWest (see SAPA's
22 Mot. at 3:21-5:11).

23 Accordingly, SAPA's motion to intervene is hereby GRANTED.
24 //
25 //

---

[2] On his own behalf only, Horowitz also asserts he was not paid for all hours worked.

2

Within five court days of the date of this Order, SAPA shall file its proposed Answer as a separate document.

**IT IS SO ORDERED.**

Dated: January 3, 2023

MAXINE M. CHESNEY
United States District Judge