1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY HOROWITZ,

             Plaintiff,

      v.

SKYWEST AIRLINES, INC.,

             Defendant.

Case No. 21-cv-04674-MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION**

Re: Dkt. No. 52

Before the Court is defendant SkyWest Airlines, Inc.'s ("SkyWest") Motion for Summary Adjudication, filed December 2, 2022, as amended December 5, 2022, in which intervenor SkyWest Airlines Pilot Association ("SAPA") has filed a joinder. Plaintiff Gregory Horowitz ("Horowitz") has filed opposition, to which SkyWest has replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, rules as follows.[1]

## BACKGROUND

In the operative complaint, the First Amended Complaint ("FAC"), Horowitz alleges he "worked as a Pilot for [SkyWest]" (see FAC ¶ 5) and seeks to proceed on behalf of a class defined as "all [SkyWest's] California-based Pilots, at any time during the four years before the filing of this [FAC] through the date of trial" (see FAC ¶ 13).

According to Horowitz, SkyWest "fail[ed] to . . . pay minimum and overtime wages; provide meal periods; authorize and permit paid rest periods; reimburse business-related expenses; provide accurate itemized wage statements; and timely pay wages due upon

---

[1] By order filed January 3, 2023, the Court took the matter under submission.

separation of employment."  (See FAC ¶ 2.)

Based on the above allegations, Horowitz brings the following fourteen Causes of Action: (1) "Failure to Pay Minimum Wages," (2) "Failure to Pay Overtime Wages," (3) "Failure to Provide Required Meal Periods," (4) "Failure to Provide Required Rest Periods," (5) "Failure to Reimburse Expenses," (6) "Failure to Provide Accurate Wage Statements," (7) "Failure to Timely Pay Wages Due at Separation," (8) "Violation of the Unfair Competition Law," (9) "PAGA Civil Penalties for Failure to Pay Minimum and Overtime Wages," (10) "PAGA Civil Penalties for Failure to Provide Meal Periods," (11) "PAGA Civil Penalties for Failure to Authorize and Permit Paid Rest Periods," (12) "PAGA Civil Penalties for Failure to Reimburse Business-Related Expenses," (13) "PAGA Civil Penalties for Failure to Provide Accurate Itemized Wage Statements," (14) "PAGA Civil Penalties for Failure to Timely Pay Wages Due Upon Separation of Employment."

By the instant motion, SkyWest argues it is entitled to summary judgment on the Third through Fourteenth Causes of Action.[2]

## LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(a).

The Supreme Court's 1986 "trilogy" of Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact.  The moving party need not "produce evidence showing the absence of a genuine issue of material

---

[2] SkyWest is not seeking summary judgment on the First Cause of Action, and the Court dismissed the Second Cause of Action without leave to amend.  (See Order Granting Def.'s Mot. to Dismiss Claim for Unpaid Overtime, filed Sept. 8, 2021, Dkt. No. 29.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1  fact," but may discharge its burden simply by pointing out "that there is an absence of

2  evidence to support the nonmoving party's case."  See Celotex, 477 U.S. at 325.  Once

3  the moving party has done so, the nonmoving party must "go beyond the pleadings and

4  by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions

5  on file, designate specific facts showing that there is a genuine issue for trial."  See id. at

6  324 (internal quotation and citation omitted).  "When the moving party has carried its

7  burden under Rule 56[ ], its opponent must do more than simply show that there is some

8  metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  "If the

9  [opposing party's] evidence is merely colorable, or is not significantly probative, summary

10  judgment may be granted."  Anderson, 477 U.S. at 249-50 (citations omitted).

11  "[I]nferences to be drawn from the underlying facts," however, "must be viewed in the

12  light most favorable to the party opposing the motion."  See Matsushita, 475 U.S. at 587

13  (internal quotation and citation omitted).

14  **DISCUSSION**

15  **A.  Third and Fourth Causes of Action – Meal and Rest Break ("MRB") Claims**

16  The Third Cause of Action is brought pursuant to § 512 of the California Labor

17  Code and § 11 of the Industrial Welfare Commission ("IWC") Wage Order No. 9-2001

18  § 11, both of which require employers to provide employees with "a meal period of not

19  less than 30 minutes" for "a work period of more than five hours" as well as a "second

20  meal period of not less than 30 minutes" for a "work period of more than 10 hours per

21  day."  See Cal. Lab. Code § 512(a); Cal. Code Regs. tit. 8, § 11090(11)(A)-(B).  The

22  Fourth Cause of Action is brought pursuant to IWC Wage Order No. 9-2001 § 12, which

23  requires employers to "authorize and permit all employees to take rest periods . . . based

24  on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

25  hours or major fraction thereof."  See Cal. Code Regs. tit. 8, § 11090(12)(A).  Both the

26  Third and Fourth Causes of Action are also brought pursuant to § 226.7 of the California

27  Labor Code, which prohibits an employer from "requir[ing] an employee to work during a

28  meal or rest . . . period," and requires the employer to "pay the employee one additional

1  hour of pay at the employee's regular rate of compensation for each workday that the

2  meal or rest . . . period is not provided."  See Cal. Lab. Code § 226.7(b)-(c).

3       Horowitz bases the Third and Fourth Causes of Action on allegations that

4  SkyWest failed to comply with the above-cited MRB requirements under California law.

5  SkyWest argues the Third and Fourth Causes of Action are preempted by the Federal

6  Aviation Act ("FAA").

7       "Under the field preemption doctrine, '[s]tates are precluded from regulating

8  conduct in a field that Congress, acting within its proper authority, has determined must

9  be regulated by its exclusive governance.'"  See Bernstein v. Virgin Am., Inc., 3 F.4th

10  1127, 1138 (9th Cir. 2021) (citing Arizona v. United States, 567 U.S. 387, 399 (2012)),

11  cert. denied, 142 S. Ct. 2903 (2022).  The Ninth Circuit has "held that the FAA, together

12  with the federal aviation regulations ('FARs') promulgated by the Federal Aviation

13  Administration . . . , 'occupies the entire field of aviation safety' and that Congress 'clearly

14  indicated its intent to be the sole regulator' of this field."  See Ventress v. Japan Airlines,

15  747 F.3d 716, 721 (9th Cir. 2014) (quoting Montalvo v. Spirit Airlines, 508 F.3d 464, 473-

16  76 (9th Cir. 2007)).  Consistent therewith, "federal law preempts state law claims that

17  encroach upon, supplement, or alter the federally occupied field of aviation safety."  See

18  Bernstein, 3 F.4th at 1139 (internal quotation, citation, alteration, and emphasis omitted).

19       Here, SkyWest argues that under the FAA, "[e]ach pilot in command of an aircraft

20  is, during flight time, in command of the aircraft and crew and is responsible for the safety

21  of the passengers, crewmembers, cargo, and airplane" (see SkyWest's Mot. for Summ.

22  Adjudication ("Def.'s Mot.") at 11:12-14, Dkt. No. 52 (quoting 14 C.F.R. § 121.533)), and

23  must "[b]e at the crewmember station"[3] during "takeoff and landing, and while en route,

24  . . . unless . . . absence is necessary to perform duties in connection with the operation of

25  the aircraft or in connection with physiological needs" (see Def.'s Mot. at 11:15-17

26

27       _____

           [3] As SkyWest explains, "each pilot must be at his/her station in the cockpit."  (See
28  Def.'s Mot. at 13:12-13 (citing 14 C.F.R. § 91.105).)

4

United States District Court
Northern District of California

1  (quoting 14 C.F.R. § 91.105)).  Consequently, SkyWest contends, "[t]hese regulations

2  leave no room to allow a pilot to [take a break] for 10 or 30 minutes," during which time

3  the pilot may not be required to work.  (See Def.'s Mot. at 11:17); see also Cal. Lab.

4  Code § 226.7(b) (providing "[a]n employer shall not require an employee to work during a

5  meal or rest . . . period").

6         In response, Horowitz argues "California's meal and rest requirements have been

7  found to apply to the airline industry" (see Pl.'s Opp'n to SkyWest's Mot. for Summ.

8  Adjudication ("Pl.'s Opp'n") at 5:17-18, Dkt. No. 54), and, in support thereof, cites two

9  cases, see Bernstein, 3 F.4th at 1138-39; Wilson v. SkyWest Airlines, Inc., 2021 WL

10  2913656, at *1 (N.D. Cal. July 12, 2021), holding, as to flight attendants, California's MRB

11  requirements are not preempted by the FAA.  As to pilots, however, as SkyWest points

12  out, the FAA has been found to preempt state MRB requirements.

13         In particular, in Joseph v. Berkeley Grp., LLC, 823 F. App'x 472 (9th Cir. 2020), the

14  Ninth Circuit held a Nevada statute setting forth MRB requirements similar to those at

15  issue here, see Nev. Rev. Stat. § 608.019(1)-(2),[4] is preempted by the FAA, noting

16  "[f]ederal regulations applicable to [an airline's] operations provide detailed standards

17  governing the duration of pilots' rest breaks between duty periods," and thus "preempt the

18  pilots' claims that they were entitled under state law to breaks of different frequency and

19  duration," see Joseph, 823 F. App'x at 473.

20         Accordingly, the Court finds the Third and Fourth Causes of Action are preempted

21  by the FAA and, consequently, SkyWest is entitled to summary judgment thereon.[5]

22  //

23  _____

24  [4] The Court hereby GRANTS SkyWest's unopposed request for judicial notice of
the Nevada district court filing identifying the Nevada statute at issue in Joseph.  (See
25  Def.'s Req. for Jud. Notice in Supp. of its Mot. for Summ. Adjudication, Ex. A, Dkt. No.
48-5); see also In re Icenhower, 755 F.3d 1130, 1142 (9th Cir. 2014) (noting courts may
26  properly take judicial notice of "court filings and other matters of public record").

27  [5] In light of this finding, the Court does not address herein defendants' additional
arguments in support of dismissal of the Third and Fourth Causes of Action.  (See Def.'s
28  Mot. at 5; see also SAPA's Joinder in Def.'s Mot. ("SAPA's Joinder") at 2, Dkt. No. 53.)

**B. Fifth Cause of Action – Expenditure Reimbursement Claim**

The Fifth Cause of Action is brought pursuant to § 2802 of the California Labor Code, which requires "[a]n employer [to] indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." See Cal. Lab. Code § 2802(a).

Horowitz bases the Fifth Cause of Action on allegations that he was "required by [SkyWest] to use [his] personal cell phone[] regularly to clock in when arriving at the airport; clock out when leaving the airport; and make calls to, and receive calls from, traffic controllers, maintenance crews, and dispatch," and that SkyWest "did not provide [Horowitz] with any reimbursement for this . . . use of [his] personal cell phone[]." (See FAC ¶ 37.)

The evidence is undisputed, however, that any such use of a personal cell phone was not required. (See Decl. of Steven Spagnolo, Manager of Crew Support Resources ("Spagnolo Decl.") ¶ 34, Dkt. No. 47-1 (averring SkyWest pilots "are each provided with a SkyWest-issued tablet[,] and have access to SkyWest computers in every airport crew lounge (and sometimes in other areas of the airport) for any work-related tasks, such as checking in before a flight," as well as "communicat[ing] with maintenance, dispatch, crew scheduling and air traffic control," for which communications they also have the option of "using the phones available at the gate"); see also Decl. of Amanda C. Sommerfeld in Supp. of Def.'s Mot., Ex. A ("Horowitz Dep.") at 60:24-61:4, Dkt. No. 48-1 (Horowitz's acknowledgment, when asked whether he "could . . . have used [his] SkyWest device," that he "could have pulled it out and – and used it. . . .").)

Under such circumstances, Horowitz has failed to show his use of a personal cell phone was a "necessary expenditure[]." See Cal. Lab. Code § 2802(a).

Accordingly, the Court finds SkyWest is entitled to summary judgment on the Fifth Cause of Action.

**C. Sixth Cause of Action – Wage Statement Claim**

The Sixth Cause of Action is brought pursuant to § 226 of the California Labor

United States District Court
Northern District of California

1    Code, which requires "[a]n employer [to] furnish to his or her employee . . . an accurate

2    itemized statement in writing showing," <u>inter alia</u>, "total hours worked by the employee,"

3    <u>see</u> Cal. Lab. Code § 226(a)(2), as well as "the name and address of the legal entity that

4    is the employer," <u>see</u> § 226(a)(8), and provides statutory damages for "[a]n employee

5    suffering injury as a result of a knowing and intentional failure by an employer to comply,"

6    <u>see</u> § 226(e)(1).

7         Horowitz bases the Sixth Cause of Action on allegations that SkyWest's wage

8    statements failed to include the "total number of hours worked and the name of the legal

9    entity that is the employer," and that the wage statements were inaccurate "[b]ecause

10   [SkyWest] failed to compensate [him] for all hours worked and for any noncompliant meal

11   or rest periods." (<u>See</u> FAC ¶ 60.)[6]

12        "[A] claim for damages under Section 226(e) requires a showing of three elements:

13   (1) a violation of Section 226(a); (2) that is knowing and intentional; and (3) a resulting

14   injury." <u>Willner v. Manpower Inc.</u>, 35 F. Supp. 3d 1116, 1128 (N.D. Cal. 2014) (internal

15   quotation and citation omitted). The Court next addresses whether Horowitz has made

16   the requisite showing.

17        ### 1. § 226(a)(2) – Failure to Include Total Hours Worked

18        To the extent the Sixth Cause of Action is based on a failure to include the total

19   hours worked, Horowitz, in support thereof, has submitted evidence showing wage

20   statements he was issued by SkyWest did not include all of the hours he worked. (<u>See</u>

21   Notice of Lodgment of Exhibits in Supp. of Pl.'s Opp'n, Ex. 3, Dkt. No. 54-3 (seven wage

22   statements showing total credit hours but not total hours worked); <u>see also</u> <u>id.</u>, Ex. 2

23

24        [6] Horowitz, in his opposition, asserts an additional failure, namely, that "SkyWest's
     wage statements did not contain . . . 'all applicable hourly rates in effect during the pay
25   period and the corresponding number of hours worked at each hourly rate,'" as required
     by § 226(a)(9), a claim, as SkyWest points out, not alleged in the FAC. (<u>See</u> Pl.'s Opp'n
26   at 7:2-4.) The Court has not considered herein claims raised for the first time at summary
     judgment. <u>See</u> <u>Pickern v. Pier 1 Imports (U.S.), Inc.</u>, 457 F.3d 963, 968-69 (9th Cir.
27   2006) (affirming summary judgment in favor of defendant where "the complaint gave
     [defendants] no notice of the specific factual allegations" raised in plaintiff's opposition to
28   defendant's motion for summary judgment).

("Spagnolo Dep.") at 107:18-20 (testifying "hours" listed on Horowitz's wage statements are "credit hours").)[7]

SkyWest concedes that it was not until February 2022 that it began to include in wage statements a pilot's total hours worked, specifically, by listing total "duty hours," which "represent the outer limit of time 'worked' by pilots" and "include some periods of time during which pilots are not actually performing work-related tasks." (See Spagnolo Decl. ¶ 20); see also Cal. Code Regs. tit. 8, § 11090 (defining "[h]ours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so").

Nevertheless, SkyWest argues, Horowitz's "claim must fail because any violation [of § 226] was not 'knowing and intentional.'" (See Def.'s Mot. at 7:12-13.) The "majority" of courts to have addressed the question have held "an employer's good faith belief that it is not violating the California Labor Code precludes a finding of a knowing and intentional violation," see Arroyo v. Int'l Paper Co., 611 F. Supp. 3d 824, 840 (N.D. Cal. 2020),[8] and, as the Ninth Circuit has explained, "the operative question" for a good faith defense is whether, "based on the state of the law" at the time the wage statements were issued, the defendant "presented an objectively reasonable defense that is not marred by bad-faith conduct," see Hill v. Walmart Inc., 32 F. 4th 811, 817 (9th Cir. 2022).

Here, SkyWest, in support of its good faith belief, relies on the dormant Commerce Clause, and, in particular, argues that during the period of Horowitz's employment, namely, "July 21, 2016 until August 2020" (see Spagnolo Decl. ¶ 31), it "believed that the

---

[7] The number of hours attributed to a credit hour varies depending on the type of work performed. (See Spagnolo Decl. ¶¶ 24-28.)

[8] Under the minority view, any "wage statement not [the] result of clerical error or inadvertent mistake" is deemed "knowing and intentional." See Arroyo, 611 F. Supp. 3d at 840-41. The Court finds persuasive the reasoning set forth in decisions applying the majority view. See id. at 841 (noting "failing to consider the employer's good faith belief would read out of § 226(e) the mental state implicated by the phrase 'knowing and intentional'") (emphasis omitted); see also Magadia v. Wal-Mart Assocs., Inc., 384 F. Supp. 3d 1058, 1082 (N.D. Cal. 2019), rev'd in part, vacated in part, on other grounds, 999 F.3d 668 (9th Cir. 2021) (collecting cases).

United States District Court
Northern District of California

1  [dormant Commerce Clause] preclude[d] application of California's wage-statement rules

2  to pilots" (see Def.'s Mot. at 8:27-28).

3      "A critical requirement for proving a violation of the dormant Commerce Clause is

4  that there must be a substantial burden on interstate commerce."  See Bernstein, 3 F.4th

5  at 1135 (emphasis omitted).  Here, SkyWest cites to two cases, one federal and one

6  state, holding, respectively, application of California wage laws to airline employees

7  would violate the dormant Commerce Clause.  See Ward v. United Airlines, Inc., 2016

8  WL 3906077, at *3, *5 (N.D. Cal. July 19, 2016) (holding, as to pilots who "reside in

9  California," application of § 226 "would unduly burden interstate commerce"); see also

10  Fitz-Gerald v. SkyWest, Inc., 155 Cal. App. 4th 411, 414, 422 (2007) (holding, as to "flight

11  attendants (FAs) working for SkyWest in California," application of IWC Wage Order No.

12  9-2001 "would substantially burden interstate commerce").

13      In response, Horowitz, citing Bernstein v. Virgin Am., Inc., 2018 WL 3349135 (N.D.

14  Cal. July 9, 2018), aff'd in part, rev'd in part and remanded, 3 F.4th 1127 (9th Cir. 2021)

15  and Ward v. United Airlines, Inc., 9 Cal. 5th 732 (2020), contends SkyWest is not entitled

16  to a good faith defense "after July 2018, and certainly not after June 30, 2020."  (See Pl.'s

17  Opp'n at 8:18-19.)

18      In that regard, Horowitz first points out that the district court in Bernstein granted

19  summary judgment to flight attendants who were issued wage statements that, according

20  to Horowitz, were "similar" to those issued to SkyWest's pilots.  (See Pl.'s Opp'n at 8:6-

21  7.)[9]  As SkyWest points out, however, the district court's decision was appealed to the

22  Ninth Circuit, and although the Ninth Circuit affirmed, it did not issue its opinion until

23  February 23, 2021, see Bernstein, 3 F.4th 1127, a decision that, in turn, was appealed to

24  the Supreme Court, which denied certiorari on June 30, 2022, see Virgin Am., Inc. v.

25  Bernstein, 142 S. Ct. 2903 (2022).

26      Next, turning to Ward, Horowitz argues the California Supreme Court, on June 29,

27  ─────────────

28      [9] Horowitz does not elaborate as to the nature of the asserted similarity.

United States District Court
Northern District of California

1   2020, stated therein that "if a pilot or flight attendant has a designated home-base

2   airport, section 226 would apply if that airport is in California, and not if it is elsewhere."

3   See <u>Ward</u>, 9 Cal. 5th at 760.  The California Supreme Court's statement, however, was

4   made in response to a question certified by the Ninth Circuit, which question did not

5   pertain to the dormant Commerce Clause, but to extraterritoriality, specifically, as

6   presented: "Does section 226 apply to wage statements provided by an out-of-state

7   employer to an employee who resides in California, receives pay in California, and pays

8   California income tax on his or her wages, but who does not work principally in California

9   or any other state?"  <u>See id.</u> at 743.  Any question raised by the district court's holding in

10  <u>Ward</u>, 2016 WL 3906077, namely, whether application of § 226 "would unduly burden

11  interstate commerce," <u>see id.</u> at *5, was not certified by the Ninth Circuit nor addressed

12  by the California Supreme Court in <u>Ward</u>.

13          That question was not answered by the Ninth Circuit until February 2, 2021, when

14  in <u>Oman v. Delta Air Lines, Inc.</u>, 835 F. App'x 272 (9th Cir. 2021), <u>cert. denied</u>, 142 S. Ct.

15  755 (2022), it held application of § 226 to employees "who either perform a majority of

16  their work in California or who do not perform a majority of their work in any one [s]tate

17  and are based for work purposes in California . . . does not violate the dormant

18  Commerce Clause."  <u>See id.</u> at 272-73.  Moreover, that decision, like its decision in

19  <u>Bernstein</u>, was appealed, and certiorari was not denied until January 10, 2022.  <u>See</u>

20  <u>Delta Air Lines, Inc. v. Oman</u>, 142 S. Ct. 755 (2022).

21          Given the above-discussed unsettled state of the law, district courts have found

22  airlines, including SkyWest, entitled to a good faith defense as to wage statements issued

23  even later than those issued to Horowitz.  <u>See Oman v. Delta Air Lines, Inc.</u>, 610 F.

24  Supp. 3d 1257, 1277 (N.D. Cal. 2022) (finding Delta "entitled to a good faith defense for

25  the wage statement violations which occurred on or before January 10, 2022"); <u>see also</u>

26  <u>Wilson</u>, 2021 WL 2913656, at *3 (holding SkyWest "had a good faith belief that it was not

27  violating California law based on numerous decisions that the dormant Commerce

28  Clause precluded applying California labor laws (including section 226) to interstate

10

1   airline workers" (citing <u>Ward</u>, 2016 WL 3906077, at *5-6; <u>Fitz-Gerald</u>, 155 Cal. App. 4th at

2   422)); <u>Ward v. United Airlines, Inc.</u>, 2022 WL 3155047, at *7 (N.D. Cal. Aug. 7, 2022)

3   (holding that "until the court of appeals decision [on February 2, 2021], United's violations

4   were not knowing and intentional").  The Court finds the reasoning set forth in such cases

5   persuasive, and, consequently, that SkyWest is entitled to a good faith defense as to the

6   wage statements here at issue.

7       Accordingly, to the extent Horowitz's § 226 claim is based on a failure to include

8   the total number of hours worked, the Court finds SkyWest is entitled to summary

9   judgment.[10]

10      ## 2.  § 226(a)(8) – Name and Address of Employer

11      To the extent the Sixth Cause of Action is based on a failure to include the name

12  and address of the employer, SkyWest asserts Horowitz is "mistaken."  (<u>See</u> Def.'s Mot.

13  at 6:14.)  In particular, SkyWest asserts that "[a]t all times relevant to [Horowitz's] claim

14  (and long before), SkyWest's wage statements included SkyWest's name and address"

15  (<u>see</u> Def.'s Mot. at 6:14-16), and, in support thereof, has submitted a declaration to that

16  effect (<u>see</u> Spagnolo Decl. ¶ 9).[11]

17      By "produc[ing] evidence negating an essential element of the nonmoving party's

18  claim," SkyWest has carried "its burden of production," <u>see</u> <u>Nissan Fire & Marine Ins. Co.</u>

19  <u>v. Fritz Companies, Inc.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000), and Horowitz has failed to

20  provide any evidence to the contrary, thus "fail[ing] to produce enough evidence to create

21  a genuine issue of material fact," <u>see</u> <u>id.</u> at 1103 (citing <u>Celotex</u>, 477 U.S. at 322).

22

23  _____

24      [10] In light of this finding, the Court does not address herein defendants' additional
    arguments in support of dismissal of the Sixth Cause of Action.  (<u>See</u> Def.'s Mot. at 5-6;
    <u>see also</u> SAPA's Joinder at 2.)

25
    [11] SkyWest explains that it cannot "print a historical wage statement for [Horowitz]
26  that would look identical to what [Horowitz] saw during his employment" given that in
    accordance with § 226, "[t]he information required to generate pilot wage statements
27  exists in SkyWest's databases solely in an electronic format, unless and until they are
    printed."  (<u>See</u> SkyWest's Reply Mem. of P. & A. in Supp. of Mot. for Summ. Adjudication
28  at 2:19-20, 3:3-5, Dkt. No. 57.)

United States District Court
Northern District of California

1    Accordingly, to the extent Horowitz's § 226 claim is based on a failure to include

2    SkyWest's name and address, the Court finds SkyWest is entitled to summary judgment.

3          **3.  Inaccuracies**

4    As noted, Horowitz alleges that "[b]ecause [SkyWest] failed to compensate [him]

5    for all hours worked and for any noncompliant meal or rest periods, the itemized wage

6    statements provided by [SkyWest] to [him] were inaccurate."  (See FAC ¶ 60.)

7    As also noted, SkyWest, by the instant motion, is not seeking summary judgment

8    on the First Cause of Action, namely, its alleged failure to pay wages for all hours

9    worked.  Consequently, to the extent the Sixth Cause of Action is based on the First

10   Cause of Action, SkyWest is not entitled to summary judgment.

11   To the extent the Sixth Cause of Action is derivative of the Third and Fourth

12   Causes of Action, however, namely, the MRB claims, which, as discussed above, the

13   Court has found preempted by the FAA, the Sixth Cause of Action likewise is preempted,

14   and, accordingly, SkyWest is entitled to summary judgment thereon.  See Estrada v.

15   Kaiser Found. Hosps., 678 F. App'x 494, 497 (9th Cir. 2017) (holding, "[g]iven that the

16   sections 222 and 226 claims are preempted, the derivative . . . claim also fails"); Jimenez

17   v. Young's Mkt. Co., LLC, 2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021) (holding,

18   "[b]ecause overtime pay and meal periods claims are preempted, the derivative claims of

19   failure to pay final wages and provide accurate itemized wage statements are also

20   preempted").

21   **D.  Seventh and Eighth Causes of Action – Failure to Timely Pay Wages Due at**
     **Separation; Violation of the Unfair Competition Law**

22

23   The Seventh Cause of Action is brought pursuant to two sections of the California

24   Labor Code: (1) § 201, which provides, "[i]f an employer discharges an employee, the

25   wages earned and unpaid at the time of discharge are due and payable immediately . . .

26   not to exceed 72 hours," see Cal. Lab. Code § 201, and (2) § 203, which provides, "[i]f an

27   employer willfully fails to pay . . . in accordance with [§ 201] any wages of an employee

28   who is discharged or who quits, the wages of the employee shall continue as a penalty

United States District Court
Northern District of California

12

1   from the due date thereof at the same rate until paid or until an action therefor is

2   commenced; but the wages shall not continue for more than 30 days," see § 203.

3          Horowitz bases the Seventh Cause of Action on allegations that SkyWest "had a

4   consistent and uniform policy of willfully failing to timely pay earned wages to former

5   employees" (see FAC ¶ 65) and "willfully failed to pay . . . the sum due at the time of their

6   termination or within seventy-two (72) hours of their resignation, and failed to pay those

7   sums for thirty (30) days thereafter" (see FAC ¶ 67).  The Seventh Cause of Action is

8   thus derivative of the First Cause of Action, namely, his claim alleging failure to pay

9   wages for all hours worked, as well as the Third and Fourth Causes of Action, namely,

10  his MRB claims.  See Curtis v. Irwin Indus., Inc., 913 F.3d 1146, 1150 n.3 (9th Cir. 2019)

11  (finding plaintiff's § 201 claim for "failure to pay the correct wages at termination" was

12  "derivative of [plaintiff's] . . .  meal and rest period, and . . . wage claims").

13         The Eighth Cause of Action is brought pursuant to § 17200 of the California

14  Business and Professions Code, which prohibits, inter alia, an "unlawful, unfair or

15  fraudulent business act or practice."  See Cal. Bus. & Prof. Code § 17200.  Horowitz

16  bases the Eighth Cause of Action on SkyWest's alleged violations of California Labor

17  Code § 226.7 (MRBs), § 2802 (Expenditure Reimbursement), and IWC Wage Order No.

18  9-2001 (Wages; MRBs).  The Eighth Cause of Action is thus derivative of the First, Third,

19  Fourth, and Fifth Causes of Action.

20         To the extent the Seventh and Eighth Causes of Action are derivative of the First

21  Cause of Action, as to which SkyWest, as noted, has not moved, SkyWest is not entitled

22  to summary judgment.  To the extent the Seventh and Eighth Causes of Action are

23  derivative of the Third and Fourth Causes of Action, which, as discussed above, the

24  Court has found are preempted by the FAA, the Seventh and Eighth Causes of Action

25  likewise are preempted.  To the extent the Eighth Cause of Action is derivative of the

26  Fifth Cause of Action, namely, failure to reimburse expenditures, it fails for the reasons

27  stated above with respect to the Fifth Cause of Action.

28  //

United States District Court
Northern District of California

United States District Court
Northern District of California

1    **E.  Ninth through Fourteenth Causes of Action – PAGA Claims**

2          The Ninth through Fourteenth Causes of Action are claims asserted under the

3    California Private Attorneys General Act ("PAGA"), which allows "employees [to] stand in

4    the shoes of the Labor Commissioner and recover civil penalties for Labor Code

5    violations."  See Hamilton v. Wal-Mart Stores, Inc., 39 F.4th 575, 582 (9th Cir. 2022).

6          The Ninth Cause of Action is derivative of the First Cause of Action, on which

7    SkyWest, as noted, is not seeking summary judgment.  Consequently, SkyWest is not

8    entitled to summary judgment on the Ninth Cause of Action.

9          The Tenth, Eleventh, Twelfth, and Fourteenth Causes of Action are derivative of,

10   respectively, the Third, Fourth, Fifth, and Seventh Causes of Action, as to which the

11   Court has found SkyWest is entitled to summary judgment.  Consequently, SkyWest is

12   entitled to summary judgment on these four PAGA claims as well.

13         The Thirteenth Cause of Action is derivative of the Sixth Cause of Action, namely

14   a claim under § 226 for a failure to provide accurate wage statements.  "To succeed on a

15   PAGA claim for recovery of civil penalties for a violation of Section 226, [Horowitz] need

16   only establish a violation of its provisions and need not demonstrate the two additional

17   elements of a claim for statutory penalties under Section 226(e): (1) that [he] suffered

18   injury as a result of the violation and (2) that [SkyWest's] failure to comply with Section

19   226(a) was 'knowing and intentional.'"  See Ward, 2022 WL 3155047, at *3 (citing Raines

20   v. Coastal Pac. Food Distributors, Inc., 23 Cal. App. 5th 667, 670 (2018)).  Consequently,

21   although, as discussed earlier herein, SkyWest, given its good faith defense, is entitled to

22   summary judgment on the Sixth Cause of Action to the extent based on a failure to

23   include the total number of hours worked, "[t]he grant of summary judgment based on a

24   determination that [Horowitz] cannot establish a 'knowing and intentional' violation of

25   § 226 does not entitle [SkyWest] to summary judgment on [Horowitz's] PAGA claim for

26   violation of § 226(a)(2)."  See Arroyo, 611 F. Supp. 3d at 846.

27                            **CONCLUSION**

28         For the reasons stated above, SkyWest's motion for summary adjudication is

                                          14

1    hereby GRANTED in part and DENIED in part, as follows:

2          1.   To the extent SkyWest seeks judgment in its favor on the Third, Fourth, Fifth,

3               Tenth, Eleventh, and Twelfth Causes of Action, the motion is GRANTED;

4          2.   To the extent SkyWest seeks judgment in its favor on the Sixth, Seventh,

5               Eighth, Ninth, and Fourteenth Causes of Action, except insofar as said claims

6               are based on the First Cause of Action, the motion is GRANTED;

7          3.   In all other respects, the motion is DENIED.

8

9          **IT IS SO ORDERED.**

10

11   Dated: May 22, 2023

                                          MAXINE M. CHESNEY
                                          United States District Judge
12

15